IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

_____

| | |
|---|---|
| IN THE MATTER OF                        * | |
| THE COMPLAINT OF | |
| ETERNITY SHIPPING, LTD. AND      * | |
| EUROCARRIERS, S.A. | |
| FOR EXONERATION FROM OR        * | Civil Action No.: L-01-CV-0250 |
| LIMITATION OF LIABILITY | |
|                                                            * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION TO AMEND SCHEDULING ORDER**

Limitation Plaintiffs Eternity Shipping Ltd. and Eurocarriers, S.A. ("Limitation Plaintiffs"), and Third-Party Defendant American Bureau of Shipping ("ABS"), by their undersigned counsel, hereby move the Court to amend its Scheduling Order of August 15, 2003. Limitation Plaintiffs and ABS respectfully request that the Court extend the deadline for the completion of all discovery regarding the issue of Claimant Tate & Lyle, North American Sugars, Inc. ("Tate & Lyle") business damages from November 5, 2003, to February 5, 2004.

The Court has granted several discovery deadline extensions in this case, and Limitation Plaintiffs and ABS regret having to raise this motion before the Court. Nevertheless, although the incident at the center of this case occurred in July 2000, Tate & Lyle did not produce any documents concerning its claimed business damages until 2002, and Tate & Lyle only produced four thousand pages in new documents pertaining to business damages in the last week. As further grounds for this Motion, Limitation Plaintiffs and ABS state the following:

731799

1. Limitation Plaintiffs served Requests for Production of Documents on Tate & Lyle on September 25, 2001, and on May 8, 2003.

2. Tate & Lyle produced documents in 2002 and early 2003, but not to the extent sought concerning its claimed business damages by Limitation Plaintiffs and ABS.

3. Limitation Plaintiffs served a Rule 30(b)(6) Notice of Deposition on Tate & Lyle on November 15, 2002, and though four witnesses have been deposed concerning portions of Tate & Lyle's business damages (alleged to exceed $11 million), Limitation Plaintiffs and ABS were not satisfied that Tate & Lyle had produced all relevant documents and corporate designee witnesses to substantiate its claimed damages.

4. Counsel for Limitation Plaintiffs, ABS, and Tate & Lyle discussed outstanding discovery requests at various times in 2002 and 2003. Most recently, counsel for Limitation Plaintiffs and Tate & Lyle met in person on September 30, 2003, to discuss Limitation Plaintiffs' outstanding document requests. In light of the Court's November 5, 2003, deadline, counsel for Limitation Plaintiffs requested, and counsel for Tate & Lyle gave assurances, that the outstanding responsive documents would be produced in two weeks time, and that necessary business damages witnesses would be produced as requested.

5. Tate & Lyle instead waited until October 31 and November 4, 2003, to produce to Limitation Plaintiffs and ABS two boxes of new documents pertaining to Tate & Lyle's alleged business damages, totaling 4,014 pages in all.

6. Based upon the timing of this document production, counsel for Limitation Plaintiffs requested that counsel for Tate & Lyle agree to informally extend the November 5, 2003 discovery deadline for Tate & Lyle business damages to

731799

December 15, 2003, in light of the probable need to depose additional witnesses or resume the deposition of previously deposed witnesses concerning these newly produced documents.

7. Despite giving general assurances to work in a "spirit of cooperation," counsel for Tate & Lyle has refused to agree to the requested extension to December 15, 2003, and instead advised counsel for Limitation Plaintiffs to seek an extension with the Court if need be.

8. Limitation Plaintiffs and ABS request that the deadline for discovery of Tate & Lyle's business damages be extended to February 5, 2004, rather than the December 15, 2003 date requested of Tate & Lyle counsel, to allow sufficient time to review the documents only now produced by Tate & Lyle, and to avoid problems scheduling depositions with the approaching holidays and end of the business year.

9. Extending the deadline for discovery of Tate & Lyle business damages to February 5, 2004, will make this deadline consistent with the completion of all other factual discovery on February 5, 2004, and will not adversely effect any other deadlines in the case.

731799

| | |
|---|---|
| /s/ Robert G. Clyne | /s/ M. Hamilton Whitman, Jr. |
| Robert G. Clyne, Esq.<br>James A. Saville, Esq.<br>Hill, Rivkins & Hayden, LLP<br>45 Broadway, Suite 1500<br>New York, New York 10006 | M. Hamilton Whitman, Jr., Esq.<br>Eric M. Veit, Esq.<br>Ober, Kaler, Grimes & Shriver<br>120 E. Baltimore Street<br>Baltimore, Maryland 21202 |
| and | |
| James W. Bartlett, III, Esquire<br>Semmes, Bowen & Semmes<br>250 W. Pratt Street, 16th Floor<br>Baltimore, Maryland 21201-2423 | Counsel for Limitation Plaintiffs<br>Eternity Shipping Ltd. and<br>Eurocarriers, S.A. |
| Counsel for Third-Party Defendants<br>American Bureau of Shipping | |

731799