IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | |
| OF ETERNITY SHIPPING, LTD and | | |
| EUROCARRIERS, S.A., | * | |
| *in a cause for exoneration from* | * | Civil Action No. L-01-250 |
| *or limitation of liability* | | |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
CLAIMANT-JOSEFINA GONZALES' MOTION TO
STRIKE PETITIONERS' PRAECIPE
and, in the alternative,
CLAIMANT'S MOTION FOR DETERMINATION OF FOREIGN LAW**

**Introduction**

This maritime action involves, among other things, the death of Claimant-Josefina Gonzales' son after the collapse of a ship's crane on the Domino Sugar Pier in July 2000. As discussed below, more than two years after filing the instant action, the owner and operator of the vessel ("Petitioners") filed a self-styled "Praecipe" stating their intent to rely on some as-of-yet-unidentified foreign law in these proceedings. The Petitioners have not identified which laws they seek to apply, the parties and/or claims to which such laws apply, or how the application of such laws is even relevant to this cause. Instead, the Parties have been left in the dark regarding the precise nature and purpose of the Petitioners' Praecipe.

As discussed in detail below, the Petitioners' Praecipe is inadequate as a matter of law because, first, it does not pass muster under Fed. R. Civ. P. 44.1 and, second, because it is unreasonable. Therefore, Claimant-Josefina Gonzales ("Claimant") respectfully submits that this Court should dismiss the Petitioners' Praecipe and find as a matter of law that her claims are

properly before this Court and should be adjudicated under American Admiralty law.

## **Factual Background**

On July 29, 2000, the M.V. LEON I (hereinafter, the "vessel") was berthed at the Domino's Sugar pier in Baltimore, Maryland discharging bulk raw sugar. A crew member of the vessel was operating one of the vessel's cranes to maneuver two other crew members–one of whom was Juan Gonzales, Jr. ("Claimant's deceased son")–who were in a personnel basket and engaged in the task of scraping sugar off the vessel's hatch coaming. During this operation, a cable on the vessel's crane parted, causing the boom to fall on the Domino's Sugar gantry crane which was extended over the open hatch. As a consequence, the two crew members in the personnel basket sustained fatal injuries when they were whipped against the open hatch cover and other structures (i.e., opposite the end of the open hatch they had previously been working), and the Domino's Sugar facility sustained massive damage to its shore crane and other equipment.

On or about January 29, 2001, the instant "limitation action" was filed by Eternity Shipping, Ltd. and Eurocarriers, S.A., whereby Petitioners advised of their intention to seek limitation of or exoneration from liability relative to the damages resulting from the failure of their crane.

Then, on or about May 8, 2003 (i.e., some 27 months after Petitioners filed their limitation action and nearly 3 full years following the events in question), Petitioners filed a self-styled "Praecipe" whereby Claimant was advised of Petitioners' intention to raise issues of foreign law in connection with the claims arising out of the death of Claimant's son. The so-called "Praecipe" does not identify which laws Petitioners seek to apply, the parties and/or claims to which such laws apply, or how the application of such laws is relevant to this cause

# ARGUMENT

## I.

### Petitioners' Praecipe is Inadequate as a Matter of Law Since Petitioners Have Neither Filed a Motion for Determination of Foreign Law nor Otherwise Provided The Parties Reasonable Notice of the Nature and Extent of Their Foreign Law Claims

Fed. R. Civ. P. 44.1 states that the district court's determination on the use of foreign law is a question of law. Fed. R. Civ. P. 44.1; *Fed. R. Civ. P. 44.1, Notes of Advisory Committee at ¶8*; see also, *Pittway Corp. v. U.S.*, 88 F.3d 501, 504 (7th Cir.1996). Here, the Petitioners' Praecipe does not pass muster under Fed. R. Civ. P. 44.1 of the Federal Rules of Civil Procedure. That rule states:

> A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

With respect to the form of the notice, although the relevant rule allows a party alleging the applicability of foreign law to raise the issue via a pleading **or** "other reasonable written notice," *Fed. R. Civ. P. 44.1*, the determination of whether foreign law is applicable to a given case is typically resolved via a "motion for determination of foreign law" of some other similar pleading. The preference for a motion, rather than a notice, is best understood by considering that:

(A)  Rule 44.1 was "added by amendment to furnish Federal courts with a uniform and effective procedure for raising and determining an issue concerning the law of a foreign country." *Fed. R. Civ. P. 44.1, Notes of Advisory Committee at ¶1*; and,

(B)  If a party wishes to rely on foreign law, the party is obligated to present the district court with clear proof of the relevant foreign legal principles. See, e.g., *Banque Libanaise pour le Commerce v. Khreich*, 915 F.2d 1000, 1006 (5th Cir.1990).

The Petitioners' self-styled Praecipe, while arguably appropriate for **raising** foreign law

issues, is wholly inadequate in light of the requirements of the Federal Rules of Civil Procedure. At this point, Claimant is left to guess as to **whether** foreign law applies, **which** foreign law applies (if any), **which claims** foreign law will affect (if any), and the **proposed import or impact** upon such claims as are affected by foreign law (if any). In short, the Petitioners' Praecipe is a wholly inadequate and ineffective mechanism for timely **resolving** questions concerning the possible applicability of foreign law to any aspect of Claimant's case (i.e., a "notice" does not urge a "decision").

There can be doubt but that the Petitioners knew this when they filed their self-styled "Praecipe." Indeed, when we consider the sophistication of Petitioners and their able representatives, it appears clear that the Petitioners wanted to but hint of foreign law and hope that no one, not even the Court, would seek to resolve these issues until it was so late in the proceedings that the prospect of painstaking analysis of thorny issues would, at that point, prove so distasteful that the Court might simply "throw its hands in the air" and rule in Petitioners favor.

Claimant does not earnestly believe this Court would ever decide these or any other issues based upon human frailty or frustration. However, the point is well-made that these issues must be resolved now and not hidden until later. Thus, Claimant is caused to put Petitioners to their proof which, because of the peculiar order of pleadings, will no doubt be in the form of or akin to a Response to Claimant's Motion for Determination of Foreign Law.

## II.

### The Petitioners' Praecipe Is Unreasonable and Should Be Dismissed

The "reasonableness" of the notice provided (i.e., by pleading or other writing) is to be determined on a case-by-case basis. *Fed. R. Civ. P. 44.1, 1966 Notes of Advisory Committee at ¶2-3.*

Here, Petitioners' Rule 44.1 "Praecipe" was filed more than two years after the Petitioners filed their limitation of liability action. In the intervening period, Claimant litigated this case based upon the (wholly reasonable) proposition that American law applies to the facts of this case. Now, more than two years after they initiated this litigation, Petitioners seek to "switch horses in mid stream" by raising the specter that some ephemeral and as-yet-unknown foreign law may apply to Claimant's wrongful death lawsuit.

Petitioners' actions are neither proper nor fair. In the first place, it is clearly unreasonable to expect a potential plaintiff to prosecute a case when the underlying law is unknown. In the second instance, it is improper for the shipowner to "hang back" and not reveal the law which it believes applies to the facts.

The so-called Praecipe provides no notice of the precise nature or extent of the Petitioners' foreign law claims. At a minimum, a reasonable Rule 44.1 notice should contain a declaration as to what laws are to replace American law for the resolution of this case, including Claimant's claims, and the legal and factual bases for this declaration.

Though Claimant very much doubts she is error, if she is wrong to assume that the facts of this case do not support the application of any foreign law, then it is unreasonable for Petitioners to "lay behind the log" and have her prosecute her case, at substantial mental and emotional cost to her and great time and monetary cost to her attorneys, when her recovery is either limited or precluded by foreign law.

Moreover, the efficient trial of this case requires the resolution of any lingering foreign law questions prior to trial. In the first instance, **if** foreign law will be applied to the Claimant and/or her claims, then the Court and the Parties need sufficient time in which to investigate and be prepared

to address any foreign law. On the other hand, if Claimant is correct in stating that no foreign law should be applied to her claims, then the Petitioners should be advised that this aspect of their "defense" is not viable and should not cloud their judgment with respect to evaluating and, perhaps, amicably and timely resolving the Claimant's claims.

All relevant factors are available for consideration and the facts to be evaluated by the criteria in question are not subject to change. Therefore, the foreign law issues can and should be evaluated now.

In addition, as this case is one proceeding "in admiralty," there is nothing to be gained by having the Claimant and her attorneys proceed to put this case together for trial, as they have, only to be told at the last minute that her causes of action are either barred, must be adjudicated beyond the borders of the United States, or will be adjudged under laws and remedies of countries which do not prize human life as does the United States.

For these reasons, Claimant respectfully requests the Court's present consideration and, in due order, rejection of any present or potential claim or defense that would deny Claimant the ability to proceed under American law in the Courts of these United States.

## **CONCLUSION**

In light of the foregoing , Claimant respectfully requests that this Court dismiss the "Praecipe" filed by Petitioners herein and, thereafter, find that the personal injury and death claims resulting form the death of Juan Gonzales, Jr. are properly brought within the Courts and adjudicated under the laws of these United States of America, rather than the laws of Greece, the Philippines, Malta or any other nation.

Respectfully submitted,

_____/s/_____
R. Blake Brunkenhoefer (S.D.Tex. #15559)*
BRUNKENHOEFER & ASSOCIATES, P.C.
1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
(361) 888-6655
Fax (361) 888-5855
bbrunk@gulfattorneys.com
(* Admitted Pro Hac Vice)


_____/s/_____
W. Charles Bailey, Jr. (#23580)
SIMMS SHOWERS, LLP
Suite 702
20 South Charles Street
Baltimore, Maryland 21201
(410) 783-5795
Fax (410) 783-1368
wcbailey@simmsshowers.com

## CERTIFICATE OF SERVICE

I, R. Blake Brunkenhoefer, do hereby certify that a true and correct copy of the above and foregoing document was served via e-mail notification from the District Court and in the manner indicated, upon:

| | |
|---|---|
| M. Hamilton Whitman, Jr.<br>OBER, KALER, GRIMES<br>& SHRIVER, P.C.<br>120 E. Baltimore Street<br>Baltimore, MD 21202<br>**(VIA FAX (410) 547-0699)** | James D. Skeen<br>WRIGHT, CONSTABLE<br>& SKEEN, L.L.P.<br>1 Charles Center, 16th Floor<br>100 N. Charles Street<br>Baltimore, MD 21201<br>**(VIA FAX (410) 659-1350)** |
| Jeffrey J. Asperger<br>Michelle E. Meklir<br>ASPERGER CARAHER, L.L.C.<br>Three Illinois Center<br>303 East Wacker Drive, Suite 1000<br>Chicago, Illinois 60601<br>**(VIA FAX (312) 856-9905)** | Bernard J. Sevel<br>ARNOLD, SEVEL & GAY, P.A.<br>Two N. Charles Street, Suite 560<br>Baltimore, MD 21201<br>**(VIA FAX (410) 837-7820)** |
| Robert G. Clyne<br>HILL, RIVKINS & HAYDEN, L.L.P.<br>45 Broadway, Suite 1500<br>New York, NY 10006-3739<br>**(VIA FAX (212) 669-0698)** | James W. Bartlett, III<br>SEMMES, BOWEN & SEMMES<br>250 W. Pratt Street, 16th Floor<br>Baltimore, MD 21201-2423<br>**(VIA FAX (410) 539-5223)** |
| Francis J. Gorman<br>GORMAN & WILLIAMS<br>Two N. Charles Street, Suite 750<br>Baltimore, MD 21201<br>**(VIA FAX (410) 528-0602)** | W. Charles Bailey, Jr.<br>SIMMS SHOWERS, L.L.P.<br>20 S. Charles St., Suite 702<br>Baltimore, MD 21201-3291<br>**(VIA FAX (410) 783-1368)** |

in accordance with all applicable provisions of the Federal Rules of Civil Procedure, on this the 26th day of November, 2003.

/s/
R. Blake Brunkenhoefer