IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

_____

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| THE COMPLAINT OF | | |
| ETERNITY SHIPPING, LTD. AND | * | |
| EUROCARRIERS, S.A. | | |
| FOR EXONERATION FROM OR | * | Civil Action No.: L-01-CV-0250 |
| LIMITATION OF LIABILITY | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LIMITATION PLAINTIFFS IN OPPOSITION TO
CLAIMANT GONZALES' MOTION TO STRIKE PETITIONERS' PRAECIPE
AND IN THE ALTERNATIVE CLAIMANT'S MOTION FOR
<u>DETERMINATION OF FOREIGN LAW</u>**

Limitation Plaintiffs Eternity Shipping Ltd. and Eurocarriers, S.A., by and through M. Hamilton Whitman, Jr., Eric M. Veit, and Ober, Kaler, Grimes & Shriver, a professional corporation, their undersigned attorneys, file this memorandum in opposition to Claimant Gonzales' Motion to Strike Petitioners' Praecipe and in the Alternative Claimant's Motion for Determination of Foreign Law.

Claimant Gonzales' Motion is without merit. To the extent the motion seeks to strike the Praecipe, the motion fails to articulate a basis by which the Praecipe is not a proper Notice of Foreign Law under Federal Rule of Civil Procedure 44.1. Moreover, although styled as a Motion for Determination of Foreign Law, the filing by Gonzales actually makes no such request of the Court. Any such request would be premature, as discovery relevant to the proper application of foreign law (including the effort to depose Mrs. Gonzales concerning her son's employment contract, his financial contributions to her support, and her prior pursuit of claims in a forum in the Philippines) is still

underway (and certainly was underway in May 2003, when the Praecipe was filed). Far from attempting to take Gonzales by surprise (or to "'lay behind the log'," as suggested in Claimant's Memorandum in Support of her Motion, p.5) as to foreign law, Limitation Plaintiffs sought by filing their Praecipe to provide notice that foreign law might be relevant to the case, so that all parties could pursue factual discovery relevant to the issues that the Supreme Court has indicated will govern such an inquiry.

Argument

Federal Rule of Civil Procedure 44.1 requires in general terms that a party intending to raise an issue of foreign law give reasonable written notice to the Court and parties in a case. Contrary to Claimant Gonzales' assertions, Limitation Plaintiffs' Praecipe of May 8, 2003, complied with this simple requirement. In regards to format, Rule 44.1 can be complied with through a number of means, including filing a motion to determine the applicability of foreign law, inclusion of summaries of applicable foreign laws in a pleading, or through memoranda or affidavits of law attached as exhibits to motions. 9 Moore's Federal Practice, §44.1.03[1] (Matthew Bender, 3d ed.). The notice "may, but need not be, incorporated in the pleadings . . . . but it seems best to permit a written notice to be given outside of and later than the pleadings, provided the notice is reasonable." Fed. R. Civ. P. 44.1 advisory committee's note.

Limitation Plaintiffs' Praecipe sufficiently placed Claimant Gonzales on notice that Limitation Plaintiffs would seek to rely on Philippino law ("the nationality of Mr. Gonzales, and the law applicable to his employment and Employment Contract"), Maltese law ("the flag state of the M/V LEON I, and the nationality of Eternity Shipping Ltd."), and Greek law ("the nationality of ship Managers Eurocarriers, S.A."), as

applicable.  Claimant Gonzales has herself acknowledged that the Praecipe is "arguably appropriate for **raising** foreign law issues."  Claimant's Memorandum in Support of her Motion at pp.3-4 (emphasis in original).  Raising the possible applicability of foreign law is the precise purpose of a Rule 44.1 notice, and it has been accomplished here by Limitation Plaintiffs' Praecipe.

Ultimately determining which, if any, of these foreign legal regimes are to be applied in this case depends on facts not yet fully developed through discovery.  The Supreme Court cases *Lauritzen v. Larsen*, 345 U.S. 571 (1953), and *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970), and their progeny, are instructive in determining choice of law issues in admiralty cases.  They outline a number of factual considerations[1] which must be taken into account in this case in determining which law will apply to resolving Claimant Gonzales' damage claims.  The time for this determination, however, has not yet arrived, as discovery is still underway on factual issues that are relevant to any choice-of-law determination.  In particular, the deposition of the Claimant herself, Mrs. Gonzales, has been delayed and rescheduled numerous times on account of difficulties in attempting to bring Mrs. Gonzales to the United States.  Her deposition will be necessary before the parties can conclude discovery relating to her decedent's employment, his financial contributions to her support, and her prior pursuit of claims in a forum in the Philippines, all of which would be relevant to the Court's determination of any choice-of-law issue.

---

[1] Including, without limitation: 1. the place of the wrongful act; 2. the law of the vessel's flag; 3. the allegiance or domicile of the injured seaman; 4. the allegiance of the defendant shipowner; 5. the place where the seaman's contract of employment was made; 6. the inaccessibility of a foreign forum; 7. the law of the forum; and 8. the vessel's base of operations.  *Hellenic Lines Ltd. v. Rhoditis*, 398 U.S. 306 (1970); *Lauritzen v. Larsen*, 345 U.S. 571 (1953).

There is no required timing of a Rule 44.1 Notice. Rather, the Notice must simply be provided in reasonably timely manner. Moore's Federal Practice at §44.1.03[3]; *see Hodson v. A.H. Robins Co.*, 528 F.Supp. 809, 824 (E.D. Va. 1981), *aff'd*, 715 F.2d 142 (4th Cir. 1983) (written notice under Rule 44.1 "may come at any time sufficient to give the court and the defendants adequate notice of the need to research the foreign rules"). "To avoid risks of being denied the opportunity to establish foreign law because of a ruling that the notice is not reasonable, counsel should consider giving notice in the pleadings or before three critical points in the litigation: the Rule 26(f) discovery planning conference, the Rule 16(b) initial scheduling conference and pretrial order, or the Rule 16(d) final pretrial conference." Moore's Federal Practice at §44.1.03[4].

Limitation Plaintiffs filed their Rule 44.1 Praecipe on May 8, 2003, five months before Claimant Gonzales' currently pending Motion to Strike, nine months before the Court's current deadline for completion of factual discovery in this case, and fourteen months before the Court's deadline for filing of dispositive motions in the case. No Rule 16(d) final pretrial conference date has yet been set. Claimant Gonzales cannot claim that Limitation Plaintiffs' Notice was not timely filed.

Conclusion

For the reasons stated herein, Limitation Plaintiffs respectfully request that Claimant Gonzales' Motion to Strike Petitioners' Praecipe, and in the alternative, Motion for Determination of Foreign Law, be denied, without prejudice to the filing of an appropriate Motion for Determination of Foreign Law, once the necessary factual discovery has been concluded.

                                                        /s/
M. Hamilton Whitman, Jr.
Eric M. Veit
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120

Attorneys for Limitation Plaintiffs Eternity Shipping Ltd. and Eurocarriers, S.A.

733588.3