# HILL RIVKINS

## HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500, New York, NY 10006-3739  Tel: (212) 669-0600
Fax: (212) 669-0698/0699                e-mail: thefirm@hillrivkins.com

May 13, 2004

*Via E-Mail*

The Honorable Benson E. Legg
United States District Court Judge
United States District Court
for the District of Maryland
Third Floor, Room 340
101 W. Lombard Street
Baltimore, MD 21201

        RE: **In the Matter of the Complaint of
Eternity Shipping Ltd., *et al.*
For Exoneration from or Limitation of Liability
Civil Action No. L-01-CV-0250**

Dear Judge Legg:

    We represent defendant, American Bureau of Shipping, and write in response to Mr. Asperger's letter dated May 11, 2004 to the Court.

    We don't quarrel with Mr. Asperger's assertion that Mr. Fitzgibbon was the witness with the most knowledge regarding the Tate & Lyle's damages. However, we do note that his client is suing for over $10 million and the expenses incurred at Chesapeake Bulk Stevedores are a central element of the claim. As the attached spreadsheet produced by Tate & Lyle indicates, the raw sugar unloading and trucking element alone is $3,789,956.00. Mr. Robinson negotiated the terms of the facility's use and, to date, Tate & Lyle has never produced any contract or agreement confirming the terms of the use of that facility. In fact, as the excerpted testimony provided to the Court by Mr. Asperger confirms, Mr. Fitzgibbon was uncertain as to whether such a contract existed. Although that very same excerpt contains further testimony of Mr. Fitzgibbon to the effect that he was involved in gathering extra expenses at Chesapeake, Mr. Asperger left out the testimony in which Mr. Fitzgibbon confirmed that his review was based on Mr. Robinson's summary of expenses. Specifically, Mr. Fitzgibbon testified at page 395:

> Q.   Well, you were involved in gathering certain of the
> extra expenses associated with the discharge of
> Chesapeake, correct?

| NEW JERSEY OFFICE: | TEXAS OFFICE: | CONNECTICUT OFFICE: |
| --- | --- | --- |
| 51 Newark Street, Suite 404 | 712 Main Street, Suite 1515 | 1115 Broad Street |
| Hoboken, NJ 07030-4543 | Houston, TX 77002-3209 | Bridgeport, CT 06604 |
| Tel: (201) 222-5180  Fax: (201) 222-5182 | Tel: (713) 222-1515  Fax: (713) 222-1359 | Tel: (203) 367-5535  Fax: (203) 367-5536 |
| e-mail: thefirm@hillrivkins.com | e-mail: hillrivkinstexas@hillrivkins.com | e-mail: thefirm@hillrivkins.com |

> A.   Yes.
>
> Q.   Were there any documents that you were guided by in reviewing those expenses and approving them or whatnot?
>
> A.   There - - there was a summary of expenses that was accumulated by Jeff Robinson, and I used that.
>
> Q.   Okay.
>
> A.   In terms of - - you're talking about Chesapeake fees, right?
>
> Q.   Yes.
>
> A.   Yes.

In further testimony at page 421, not provided to the Court by Mr. Asperger, Mr. Fitzgibbon confirmed:

> Q.   Well, you were - - at least as far as you were aware, you were paying them per movement, isn't that right?
>
> A.   Well, I wasn't handling the invoices directly, I was handling the scheduling. I didn't sign off on the invoices, so - -
>
> Q.   Mr. Robinson was signing off on the invoices?
>
> A.   Yes.

The point is that the testimony confirms that Mr. Robinson is the one with knowledge of the significant expenses incurred at Chesapeake and should have additionally been designated as the 30(b)(6) representative to address questions with respect to this portion of the claim.

Following Mr. Fitzgibbon's deposition on February 10, 2004, and consistent with the course of dealing of the parties, the undersigned raised with Mr. Asperger the issue of the production of Mr. Robinson and Mr. Traven at a mutually convenient date. We subsequently wrote to Mr. Asperger (enclosed with our letter dated May 5, 2004 to the Court) but received no response from him. Only then did we serve the deposition

notices. It was Mr. Asperger that waited until the eve of the discovery cutoff to object to the depositions in order to facilitate the arguments he now makes.

As for counsel's other points, we fail to see how Mr. Asperger's client would be prejudiced by the production of Mr. Robinson. We can undertake to coordinate the availability of counsel and Mr. Asperger's local counsel can attend the deposition. Equally, we are at a loss to understand how such a deposition constricts the time for his experts to prepare expert disclosures.

As for Mr. Asperger's offer to stipulate to the details of the agreement with Chesapeake, we have no idea what the precise agreement was and, therefore, have no idea as to what such a stipulation would entail. This is precisely why Mr. Robinson's deposition is necessary.

As for counsel's concern about reasonable notice, we are prepared to take the deposition at any time during this month. As Mr. Robinson's deposition will not impact the scheduling deadlines and he is conveniently located in the Baltimore facility, there is no prejudice to plaintiff.

Regarding Mr. Asperger's "notice to ABS" that it failed to respond to Tate & Lyle's supplemental written discovery, it is regrettable that he chose to raise the issue in this manner rather than contact us directly as per his obligation under the Federal Rules of Civil Procedure. In any case, we have already served the responsive discovery.

We respectfully request that the Court order the deposition of Mr. Robinson go forward on a date to be agreed between the parties. As mentioned, we are willing to accommodate the schedules of all concerned in order to facilitate the deposition. Additionally, we are willing to defer the deposition of Mr. Traven until the expert phase of discovery.

We thank the Court for its attention to this matter and stand ready to further address same as necessary.

Respectfully yours,

HILL RIVKINS & HAYDEN LLP



Robert G. Clyne

28005049-judge-legg



Page 4 of 4
May 13, 2004
The Honorable Benson E. Legg

cc:  *Via Telecopier 410-547-0699*     *Via Telecopier: 410-528-0602*
    *M. Hamilton Whitman, Jr., Esq.*     *Francis J. Gorman, Esq.*
    Ober, Kaler, Grimes & Shriver     Gorman & Williams

    *Via Telecopier 410-659-1350*     *Via Telecopier 410-783-1368*
    *James D. Skeen, Esq.*     *W. Charles Bailey, Jr., Esq.*
    Wright, Constable & Skeen, LLP     Simms Showers

    *Via Telecopier 312-856-9905*     *Via Telecopier: 361-888-5855*
    *Jeffrey J. Asperger, Esq.*     *R. Blake Brunkenhoefer, Esq.*
    *Michelle Meklir, Esq.*     Brunkenhoefer & Associates
    Asperger Carather, L.L.C.

    *Via Telecopier 410-837-7820*     *Via Telecopier 410-539-5223*
    *Bernard J. Sevel, Esq.*     *James W. Bartlett, III, Esq.*
    Arnold, Sevel & Gay, P.A.     Semmes, Bowen & Semmes

HILL RIVKINS

Claim Summary
Tate & Lyle N.A. - Domino Sugar
Baltimore, MD
Loss of July 29, 2000

Summary

| Description | Amount | | Schedule Reference | Documentation Tab |
|---|---|---|---|---|
| **Crane Demolition and Reconstruction Costs** | | | | |
| Crane #2 - Demolition | | $ 104,907 | Schedule A | 1 |
| Crane #2 - Engineering Services | | 299,276 | Schedule B | 2 |
| Crane #2 - Repair Costs | | 2,842,351 | Schedule C | 3a-3i |
| Total Crane Demolition and Reconstruction Costs | | $ 3,246,535 | | |
| | | | | |
| **Extra Expenses** | | | | |
| Additional Entrance to Raw Sugar Shed | $ 48,134 | | Schedule D | 4 |
| Raw Sugar Unloading and Trucking - Chesapeake | 3,789,956 | | Schedule E | 5 |
| Excess Weighing/Testing - Straight Time | 692,821 | | Schedule F | 6 |
| Excess Weighing/Testing - Overtime | 320,918 | | Schedule G | 7 |
| Excess Stevedoring Overtime | 1,286,513 | | Schedule H | 8 |
| Domino Dock Hourly Employees | 221,565 | | Schedule I | 9 |
| Supervisory Overtime on Dock | 66,600 | | Schedule J | 10 |
| Extra Security - Traffic Flow | 11,975 | | Schedule K | 11 |
| Rental of Additional Dozers | 91,314 | | Schedule L | 12 |
| Excess / (Saved) Demurrage Costs | | | | |
|   Excess - Pre-Chesapeake | 286,749 | | Schedule M | 13 |
|   Saved - Post-Chesapeake | (714,479) | | Schedule M | 13 |
| Other Costs | 8,937 | | Schedule N | 14 |
| Opportunity Loss - Savings Associated with CO2 Flue Gas Compressor | 99,700 | | Estimate | 15 |
| Incremental Freight Costs | 65,500 | | Schedule O | 16 |
| Incremental Plant Overtime Costs | 428,136 | | | 17 |
| Increased Workman's Compensation Costs | 70,075 | | | 18 |
| Total Extra Expenses | | $ 6,774,413 | | |
| Subtotal | | $ 10,020,948 | | |
| Pre-Judgment Interest | | 1,745,268 | Schedule P | |
| Total | | $ 11,766,216 | | |

TL011841

F:\Public\91108\Damage Summary\Damage_Summary    Meaden & Moore    Print Date 10/27/2003