UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

July 26, 2004

MEMORANDUM TO COUNSEL RE:        In the Matter of the Complaint of Eternity Shipping,
Ltd., *et al*., for Exoneration from or Limitation of
Liability
Civil #L-01-250

Dear Counsel:

Pending before the Court are the following motions: (i) Third-Party Defendant American
Bureau of Shipping's ("ABS") motion to compel the attendance of Jeff Robinson for a deposition
(Docket No. 64); and (ii) consent motion to extend deadlines for delivery of expert reports by one
week (Docket No. 67).  In addition, it has come to the Court's attention that, as of May 11, 2004,
ABS had failed to respond to discovery requests served by Claimant/ Third-Party Plaintiff Tate &
Lyle North American Sugars, Inc. ("T&L") on January 6, 2004.  The Court addresses each issue in
turn.

I.        **Motion to Compel Deposition of Jeff Robinson**

In January 2003, ABS conducted a Rule 30(b)(6) deposition of T&L.  Although T&L
produced several witnesses at the 30(b)(6) deposition, the witnesses deferred to Jeff Robinson, who
was not present at the deposition, regarding the following issues:  (i) an agreement between T&L
and Chesapeake Bulk Stevedores, Inc. ("CBS"), and (ii) the substantial costs associated therewith.

In April 2004, more than a year later, ABS noticed Mr. Robinson's deposition for May 4,
2004, one day before the fact discovery deadline. Counsel for T&L objected to Mr. Robinson's
deposition, and ABS has since filed a letter motion to compel the deposition.[1]

Despite ABS's tardiness in noting Mr. Robinson's deposition, the Court will allow the
deposition, as it appears that T&L should have designated Mr. Robinson as one of its Rule 30(b)(6)
witnesses in January 2003.  In addition, it appears that the deposition will be brief and will focus
primarily on the agreement between T&L and CBS.  This issue will likely be of little interest to the
other litigants, who are primarily concerned with the cause of the accident and their own damages

---

[1]        ABS also sought to depose Robert Traven.  ABS, however, has since agreed to explore
Mr. Traven's knowledge of relevant facts at the time of his deposition as an expert witness.

claims.

Accordingly, the Court rules as follows:

(i)      the Court's GRANTS ABS's motion;

(ii)     unless otherwise agreed by Counsel, on or before August 2, 2004, T&L shall provide ABS with three dates, which shall be between August 16, 2004, and August 27, 2004, for the deposition of Jeffrey Robinson.  ABS shall then choose one of those dates for the deposition.  The date chosen by ABS will be the date on which the deposition will take place.  ABS has leave to conduct the deposition by telephone if it wishes to do so.  The other parties in this litigation may be present at the deposition or participate by telephone as they deem fit;

(iii)    prior to the deposition, Mr. Robinson shall review Stuart FitzGibbon's deposition testimony regarding the costs issue; and

(iv)    at the deposition, Mr. Robinson shall be prepared to:

    (a)    discuss the following subjects, among others:

        (1)    whether an agreement exists between T&L and CBS, and

        (2)    the substance of that agreement;

    (b)    identify any documents that are germane to the agreement;

    (c)    discuss details regarding the costs issue that Mr. FitzGibbon failed to discuss or fully explain during his January 23, 2003 and February 10, 2004 depositions.

## II.    Motion to Extend Deadline for Expert Reports

On February 20, 2004, the Court set the following deadlines for the exchange of expert reports: (i) June 7, 2004 - claimants'/third-party plaintiff's expert reports due; and (ii) July 5, 2004 - limitation plaintiffs'/third-party defendants' expert reports due.  On June 14, 2004, Counsel requested an extension of these deadlines by one week.

Because a one-week extension does not affect the other deadlines in the scheduling order, the Court hereby GRANTS the extension request NUNC PRO TUNC.

**III.    T&L's Discovery Requests**

In its May 11, 2004 letter to the Court, T&L states that ABS has failed to respond to T&L's supplemental written discovery that was served on January 6, 2004.  On or before August 2, 2004, ABS shall INFORM the Court in writing of its position regarding T&L's contention that ABS failed to timely serve discovery responses.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

Benson Everett Legg

c:    Court file