IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In the Matter of the Complaint | : | |
| of Eternity Shipping, Ltd. and | : | Civil Action No. L-01-250 |
| Eurocarriers, S.A. for Exoneration | : | |
| from or Limitation of Liability | : | |

**MEMORANDUM**

Pending before the Court in this admiralty action is Claimant Josefina Gonzales's Motion to Strike Petitioners' Praecipe and, in the alternative, for Determination of Foreign Law. No oral argument is necessary because the parties have fully briefed the issues. See Local Rule 105.6 (D. Md. 2001). For the reasons set forth below, the Court will, by separate Order, (i) GRANT Claimant's motion; and (ii) STRIKE Limitation Plaintiffs' Praecipe (hereinafter referred to as the "Rule 44.1 Notice" or "Notice").

**I.    Background**

This case arises from the collapse of a crane aboard the M/V LEON I while that vessel was discharging cargo at the Domino Sugar wharf in Baltimore on July 29, 2000. Two crew members sustained fatal injuries as a result of the crane's collapse. On January 29, 2001, Eternity Shipping, Ltd. and Eurocarriers, S.A. ("Limitation Plaintiffs") filed the instant "limitation action" seeking limitation of or exoneration from liability for damages resulting from the accident. On that same date, the Court ordered: (i) that all persons claiming damages as a result of the crane's collapse file their respective claims with the Clerk on or before April 30, 2001; and (ii) that all other lawsuits relating to the accident are stayed and restrained pending a determination of the instant limitation action.

Pursuant to the Court's Order, on April 27, 2001, Josefina Gonzales ("Claimant") filed a claim against the Limitation Plaintiffs. Ms. Gonzales's son, Juan Gonzales, Jr., was one of the crew members

who was fatally injured during the accident.  Ms. Gonzales seeks damages from the Limitation Plaintiffs in connection with her son's death.

On May 8, 2003, Limitation Plaintiffs filed a Rule 44.1 Notice in which they notified Ms. Gonzales and the other parties of their intention to raise issues concerning foreign law.  The Rule 44.1 Notice states in full:

> Eurocarriers, S.A. and Eternity Shipping, Ltd., Limitation Plaintiffs herein, hereby give notice in accordance with Federal Rule of Civil Procedure 44.1 of their intention to raise issues concerning foreign law in connection with the claim asserted by Josefina Gonzales arising out of the death of Juan Gonzales.  Limitation Plaintiffs intend to raise issues concerning the law of the Republic of the Philippines (the nationality of Mr. Gonzales, and the law applicable to his employment and Employment Contract), the Republic of Malta (the flag state of the M/V LEON I, and the nationality of Eternity Shipping Ltd.), and the Hellenic Republic (or Greece, the nationality of ship Managers Eurocarriers, S.A.).

(See Docket No. 41.)

Claimant subsequently filed the instant motion, in which she argues that the Rule 44.1 Notice is unreasonable and does not pass muster under Rule 44.1 of the Federal Rules of Civil Procedure.  She asks the Court to "strike [the Notice] and/or determine that none other than the laws of the United States apply to the claims arising out of the death of Juan Gonzales, Jr."  (See Mot. to Strike at 1 (Docket No. 49).)  Limitation Plaintiffs argue in response that Claimant's motion fails to say why the Notice is defective.  They also argue that it is premature to decide whether foreign law applies because fact discovery relevant to any choice-of-law determination is still underway.[1]

---

[1] At the request of counsel, the discovery period was extended because of the number of parties and the complexity of conducting discovery around the world.  Factual discovery has since closed, with the exception of the deposition of Jeff Robinson, whose testimony is irrelevant to Ms. Gonzales's claim.

**II.    Analysis**

Rule 44.1 of the Federal Rules of Civil Procedure states in relevant part: "A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice." Fed. R. Civ. P. 44.1. The purpose of the notice requirement is to avoid unfair surprise to opposing parties. See Fed. R. Civ. P. 44.1, Advisory Committee Notes; see also Thyssen Steel Co. v. M/V Kavo Yerakas, 911 F. Supp. 263, 266 (S.D. Tex. 1996); Hodson v. A.H. Robins Co., Inc., 528 F. Supp. 809, 824 (E.D. Va. 1981), aff'd, 715 F.2d 142 (4th Cir. 1983); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2443, at 640 (2d ed. 1994).

**A.  *Reasonable* Written Notice**

The Rule 44.1 notice must be reasonable.[2] There are two components to the reasonableness inquiry: (i) the timeliness of the notice; and (ii) the content of the notice. See 9 Wright, supra, § 2443, at 641 (stating that a written notice subsequent to the pleadings is sufficient, "provided the notice is reasonable in content and timing"); John R. Brown, 44.1 Ways to Prove Foreign Law, 9 Mar. Law. 179, 186 (1985) (stating that the notice "must include a reasonable amount of information and should be given within a reasonable time"). A district court must exercise its discretion in determining whether a Rule 44.1 notice is reasonable. See DP Aviation v. Smiths Indus. Aerospace and Defense Sys. Ltd., 268 F.3d 829, 846 (9th Cir. 2001).

---

[2] There is a paucity of case law discussing the concept of reasonableness in the context of a Rule 44.1 notice. Accordingly, the Court relies on law journals and other persuasive authority in assessing the reasonableness of the Limitation Plaintiffs' Notice.

Despite the Limitation Plaintiffs' argument to the contrary, the Court finds that Claimant has alleged a basis for attacking the reasonableness of the Rule 44.1 Notice. Claimant has attacked both the timeliness and content of the notice. (See Mem. Supp. Mot. to Strike at 5 (Docket No. 50) (complaining that the Notice was filed more than two years after the Limitation Plaintiffs filed this action); id. at 2 (stating that the Notice "does not identify which laws [Limitation Plaintiffs] seek to apply, the parties and/or claims to which such laws apply, or how the application of such laws is relevant to this cause").) Because the Court finds that the content of the Rule 44.1 Notice is insufficient, the Court need not address the Notice's timeliness.

### B. Content of the Notice

"The function of the [Rule 44.1] notice is not to spell out the precise contents of foreign law but rather to inform the court and the litigants that it is relevant to the lawsuit." 9 Wright, supra, § 2443, at 641. Although a high degree of specificity is not required, the "spirit of the 'reasonable written notice' standard requires the notice giver to specify the segment of the controversy he believes is governed by foreign law and to identify the country whose law is thought to control." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1253, at 360 (2d ed. 1990); see also Brown, supra, at 187 ("At a minimum, a statement at an early state of the litigation should include the country whose law is believed to apply, and the issues to which it is applicable.").

The Notice lists several countries whose laws might apply. The Notice does not identify the issues that are governed by foreign law.[3] It also does not state which issues are governed by which

---

[3] Although the Notice need not state the substance of the foreign law, it must, at the least, identify the issues to which the foreign law arguably applies.

4

country's laws (*i.e.*, it does not match each issue with the relevant country).  Essentially, the Limitation Plaintiffs have advised Claimant nothing more than that the laws of three foreign countries may apply to some, or all, of the issues in this litigation.[4]  Exercising its discretion in this matter, the Court finds that the Notice is too vague to satisfy the Rule 44.1 reasonableness standard.[5]  See 5 Wright, supra, § 1253, at 360 ("A notice merely announcing that 'counsel intends to raise an issue concerning the law of a foreign country' obviously would be insufficient.").

## III.   Conclusion

Accordingly, the Court will, by separate Order, (i) GRANT Claimant's Motion; and (ii) STRIKE Limitation Plaintiffs' Rule 44.1 Notice.[6]

---

[4] Even in their opposition brief, Limitation Plaintiffs are vague about the issues to which the foreign laws arguably apply.  (See Opp'n to Mot. to Strike (Docket No. 51) at 2-3 (stating that Limitation Plaintiffs put Claimant on notice that they would seek to rely on Filipino law, Maltese law, and Greek law, *as applicable* (emphasis added)).)

[5] Rule 44.1's advisory committee notes state that a court should consider the following factors in considering the reasonableness of a Rule 44.1 notice: (i) the stage at which the case had reached at the time of the notice; (ii) the reason for the failure to give earlier notice; and (iii) the importance to the case as a whole of the issue of foreign law sought to be raised.  Fed. R. Civ. P. 44.1, Advisory Committee Notes.  To the extent that these factors apply to an inquiry regarding the content, and not just the timing, of a notice, the Court finds that they weigh against Limitation Plaintiffs.  As to the first factor, regardless of the fact the parties were still engaged in discovery at the time the Notice was filed, Limitation Plaintiffs should still have identified the issues to which the foreign law potentially applies.  See Brown, supra, at 187 ("At a minimum, a statement at an *early state of the litigation* should include the country whose law is believed to apply, and the issues to which it is applicable." (emphasis added)). The second factor concerns the timing of the Notice, which the Court is not addressing in this Memorandum.  As to the third factor, Limitation Plaintiffs have not told the Court or Claimant the issues to which the foreign law arguably applies.  The Court, therefore, cannot evaluate their importance to the case as a whole.

[6] The Court expresses no opinion as to whether a more detailed Rule 44.1 notice filed at this stage of the litigation would satisfy the timeliness component of the reasonableness standard.

Dated this 10th day of September, 2004.

_____/s/_____
Benson Everett Legg
Chief Judge