IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| THE COMPLAINT OF | | |
| ETERNITY SHIPPING, LTD. AND | * | CIVIL ACTION NO. |
| EUROCARRIERS, S.A. | | |
| FOR EXONERATION FROM OR | * | L-01-CV-0250 |
| LIMITATION OF LIABILITY | | |

\* \* \* \* \* \* \* \*

**LIMITATION PLAINTIFFS' MOTION TO RECONSIDER RULING
ON PRAECIPE AS RULE 44.1 NOTICE, AND REQUEST FOR HEARING**

Limitation Plaintiffs Eternity Shipping, Ltd. and Eurocarriers, S.A., by their undersigned attorneys, move the Court for reconsideration of the Memorandum and the Order dated September 10, 2004 striking Limitation Plaintiffs' Praecipe as Rule 44.1 notice, and for cause state:

1.  The Court's Memorandum Opinion and Order on this issue were dated September 10, 2004 and entered on September 13, 2004. This Motion to Reconsider is therefore timely pursuant to Local Rule 105.10 and Rule 6(a) of the Federal Rules of Civil Procedure.

2.  As alleged by Claimant Josephina Gonzales in her Claim for Damages and in her First Amended Claim for Damages filed herein, Juan Gonzales was engaged by a contract of employment to serve as a member of the crew of the M/V LEON I. A copy of his contract of employment, entered into pursuant to terms established by the Philippine

Overseas Employment Administration, was produced by Mrs. Gonzales in discovery in this case.

3. Mrs. Gonzales has already pursued legal action in the Philippines pursuant to the employment contract and has recovered the sum of $50,000.00, plus attorneys' fees, for the death of Juan Gonzales. The existence of any such action was denied by Mrs. Gonzales in her discovery responses filed in this case, but that action and that recovery were brought to the attention of her counsel in May of 2003, while depositions in this case were being conducted in Greece.

4. Prior to those depositions, Limitation Plaintiffs had filed their Praecipe providing notice under Rule 44.1 of their intention to raise issues concerning the law of the Republic of the Philippines applicable to the employment of Juan Gonzales and to his employment contract.

5. In her Reply Memorandum in Support of her Motion to Strike, Mrs. Gonzales has, herself, raised issues of Philippine law and has argued to the Court the applicability of Philippine law to the legal proceeding which she brought in the Philippines pursuant to the employment contract entered into by Juan Gonzales.

6. The Court's Memorandum and Order of September 10, 2004 would unfairly foreclose the Limitation Plaintiffs from raising issues of Philippine law, despite the fact that Mrs. Gonzales has already raised and argued her version of that very same law to the Court. Foreclosing them from discussing Philippine law will severely prejudice the Limitation Plaintiffs, for no good cause.

7. In further support of this Motion, Limitation Plaintiffs rely upon the Memorandum and Exhibits filed herewith.

WHEREFORE, Eternity Shipping, Ltd. and Eurocarriers, S.A. move the Court to reconsider the Memorandum and the Order dated September 10, 2004 and, upon reconsideration, to deny the Motion of Claimant Gonzales to Strike the Praecipe as their Rule 44.1 notice, without prejudice to the right of any party to argue, on the merits, issues of Philippine law in connection with the employment contract of Juan Gonzales and the recovery by Mrs. Gonzales for his death in her legal proceeding in the Philippines brought pursuant to that contract.

## REQUEST FOR HEARING

Limitation Plaintiffs request that the Court hear argument on this Motion.

Respectfully submitted,

_____
M. Hamilton Whitman, Jr., Trial Bar No.: 00373
Carla N. Bailey, Trial Bar No.: 26367
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120

Attorneys for Eternity Shipping, Ltd. and
Eurocarriers, S.A.

Jeffrey J. Asperger, Esquire
Erin Walz, Esquire
Asperger Caraher, L.L.C.
Three Illinois Center
303 East Wacker Drive
Chicago, Illinois  60601

Attorneys for Claimant Robert J. Cantey,
Claimant William Langeville, and
Claimant Tate & Lyle North American Sugars, Inc.

and

Francis J. Gorman, P.C.
Gorman & Williams
Two North Charles Street
Baltimore, Maryland  21201-3754

Attorneys for Louis Dreyfus Sugar Company

and

R. Blake Brunkenhoefer, Esquire
Brunkenhoefer & Associates, P.C.
1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478

and

W. Charles Bailey, Jr., Esquire
Simms Showers LLP
Suite 702
20 South Charles Street
Baltimore, Maryland 21201

Attorneys for Claimant Josefina Gonzales

and

Robert G. Clyne, Esquire
James A. Saville, Jr., Esquire
Hill Rivkins & Hayden, LLP

5

45 Broadway, Suite 1500
New York, New York 10006

and

James W. Bartlett, III, Esquire
Semmes, Bowen & Semmes
250 W. Pratt Street, 16th Floor
Baltimore, Maryland 21201-2423

Attorneys for Third Party Defendant
American Bureau of Shipping

_____
M. Hamilton Whitman, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

_____

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| THE COMPLAINT OF | | |
| ETERNITY SHIPPING, LTD. AND | * | CIVIL ACTION NO. |
| EUROCARRIERS, S.A. | | |
| FOR EXONERATION FROM OR | * | L-01-CV-0250 |
| LIMITATION OF LIABILITY | | |

\* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of September 2004, a copy of the foregoing was served on certain counsel of record by way of the court's electronic filing system and was mailed to all other counsel of record below:

Bernard J. Sevel, Esquire
Phillip Wright, Esquire
Arnold, Sevel & Gay, P.A.
The B&O Building, Suite 560
2 North Charles Street
Baltimore, Maryland 21201

Attorneys for Claimant Robert J. Cantey
and Claimant William Langeville

and

James D. Skeen, Esquire
Skeen & Kauffman
800 North Charles Street, Suite 400
Baltimore, Maryland 21201

and