IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| THE COMPLAINT OF | | |
| ETERNITY SHIPPING, LTD. AND | * | CIVIL ACTION NO. |
| EUROCARRIERS, S.A. | | |
| FOR EXONERATION FROM OR | * | L-01-CV-0250 |
| LIMITATION OF LIABILITY | | |

\* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT**
**OF MOTION TO RECONSIDER**

Limitation Plaintiffs Eternity Shipping, Ltd. and Eurocarriers, S.A., by and through their undersigned attorneys, file this Memorandum in Support of their Motion to Reconsider.

The underlying premise of the Court's Memorandum of September 10, 2004 appears to be that Limitation Plaintiffs somehow sought to "sandbag" Claimant Josephina Gonzales by failing to specify with particularity in their Praecipe the issues to which foreign law might apply. Especially in the context of how this case has developed, nothing is further from the truth.

Limitation Plaintiffs recognize that the decision whether to permit them to rely on their Rule 44.1 notice is grounded in the reasonableness of the notice. Under the circumstances of this case, the Rule 44.1 notice provided by Limitation Plaintiffs' Praecipe was reasonable, both as to content and timing. More fundamentally, however, the Court's Memorandum and Order impose a "gag order" on Limitation Plaintiffs as to

the law of the Philippines after Mrs. Gonzales has already raised and argued the meaning of that very law.

The rules of procedure are to be applied to promote the just determination of the case. As the Fourth Circuit has recognized, "Rules of practice and procedure are devised to promote the ends of justice, not to defeat them.... Orderly rules of procedure do not require sacrifice of the rules of fundamental justice." McDougall v. Dunn, 468 F.2d 468, at 476 (4th Cir. 1972). It is difficult for Limitation Plaintiffs to accept that the ends of justice are promoted by rewarding Mrs. Gonzales for her reliance on Philippine law in her own briefing papers while she would deny use of Philippine law to her opponents.

### The Praecipe Was Reasonable Notice Under Rule 44.1

Limitation Plaintiffs served their Praecipe as their Rule 44.1 notice on May 8, 2003. At that time, little discovery on liability issues had transpired, and the parties were preparing for depositions of various Eurocarriers representatives and employees, past and present, which were scheduled to take place later that month in Greece. It was clear even then, however, that Eternity Shipping, Ltd. was a Maltese company, that Eurocarriers, S.A. was a Greek company, and that Juan Gonzales had been a citizen of the Republic of the Philippines.

Claimant Josephina Gonzales, like all claimants in limitation actions, bears the initial burden of proof to show fault on the part of the vessel owners (or owners pro hac vice). In re MARINE SULPHUR QUEEN, 460 F.2d 89, 1972 AMC 1122 (2d Cir. 1972). In the preamble to both her "Claim for Damages" and her "First Amended Claim for Damages," Mrs. Gonzales had, herself, claimed the right to proceed not only under

the Jones Act and the general maritime law but also under "any and all other state, federal or international codified or common law as governs the Decedent's and/or Claimant's rights to recover for the death" of Juan Gonzales.[1] It was not at all clear at the time the Praecipe was filed, in advance of significant depositions, whether Mrs. Gonzales actually intended to argue that Eternity Shipping or Eurocarriers had been in violation of any law or regulation of Malta or Greece applicable to them as owners and owners pro hac vice. At the time, therefore, Limitation Plaintiffs were faced with a totally open-ended invocation by Mrs. Gonzales of any law that might conceivably apply.

To provide notice in advance of the depositions in Greece, and as a protective matter in case Mrs. Gonzales might come forward with some argument at a later date, the Praecipe was filed with simple references to the laws of Malta and of Greece. As the case has since developed, there does not appear to be any allegation by Mrs. Gonzales that the Limitation Plaintiffs failed to comply with laws of Malta or of Greece, and the notice provided by the Praecipe is, to that extent, moot.

Although the Court's Memorandum of September 10 does not recognize this distinction, the Praecipe was more specific with regard to the law of the Philippines. The Praecipe noted specifically that the law of the Philippines would apply to employment of Juan Gonzales and to his employment contract. (A copy of the Contract of Employment for Juan Gonzales, as produced by counsel in this case for Mrs. Gonzales, is attached hereto as Exhibit 1.) That employment contract, of course, is the basis for the claim by

---

[1] In light of this allegation in Claimant's pleadings, her protest that it was the Limitation Plaintiffs who raised "the specter that some ephemeral and as-yet unknown foreign law may apply" reveals itself as particularly disingenuous. (Claimant's Memorandum in Support of Motion to Strike, at 5.)

Mrs. Gonzales that Juan Gonzales contracted to work as a seaman, as well as the basis for the legal proceedings which Mrs. Gonzales (as was later learned) had already pursued to a judgment in the Philippines.

In discovery responses filed in this case on November 19, 2001 (and never supplemented or corrected), Mrs. Gonzales stated that "she has not sought or obtained compensation for the death of her son by any means other than the litigation now pending" in this Court. Shortly after the filing of the Praecipe, however, during the depositions which were conducted in Greece in late May of 2003, documents came to light to show that Mrs. Gonzales had instituted a legal proceeding in the Philippines arising out of the accident in Baltimore and had recovered the sum of $50,000.00 (plus attorneys' fees) in that Philippine legal proceeding. A copy of the Philippine National Labor Relations Commission Order dated August 21, 2002, which was produced at the time of the depositions and which recites satisfaction of the $50,000.00 judgment entered in that proceeding, is attached hereto as Exhibit 2.

The legal proceeding in the Philippines, which was filed by Mrs. Gonzales on March 16, 2001, sought recovery of amounts to which she contended she was entitled under his employment contract the Standard Employment Contract for Filipino seafarers. (Claimant's Reply Memorandum in Support of Motion to Strike, at 6.) Despite that fact, in her discovery responses filed some eight months later Mrs. Gonzales continued to maintain that she was not seeking compensation in any other proceeding. Similarly, the judgment of $50,000.00 in that proceeding was satisfied as of August 21, 2002, so Mrs. Gonzales has surely been aware for more than two years that she has recovered a

substantial amount in the Philippines pursuant to her decedent's Philippine employment contract. Even if Mrs. Gonzales or her counsel in the Philippines failed to advise her counsel in this case of that fact, her counsel in this case learned of that fact in May of 2003, at the time that documents were produced during the Eurocarriers depositions in Greece.

There simply can be no valid argument that Mrs. Gonzales and her counsel were not made aware, at a reasonable time and to a reasonable degree of particularity, that the Limitation Plaintiffs might raise issues of Philippine law in connection with matters arising out of the employment contract, including her recovery in her Philippine action, which she herself maintains was brought pursuant to that contract.

**Mrs. Gonzales Herself Has Raised And Argued Issues Of Philippine Law**

It should be noted that in her Reply Memorandum in Support of her Motion to Strike, Mrs. Gonzales went to great lengths to argue the application of Philippine law in the legal proceeding which she brought in the Philippines. She recited to this Court portions of the opinions in that proceeding which discuss the substantive Philippine law applicable to her Philippine litigation, and she argued to this Court the meaning of those opinions and that law. (Claimant's Reply Memorandum, at 5–13.)[2]

It is hard to accept that Mrs. Gonzales should be permitted to argue the meaning and application of Philippine law to this Court, but that Limitation Plaintiffs should be foreclosed from doing the very same thing, or even from responding to her arguments.

---

[2] It is to be noted that this is simply argument of her U.S. counsel, without apparent benefit of any support by Philippine sources or Philippine counsel.

Unfortunately, that is precisely the result of the Court's September 10 Memorandum and Order.

Limitation Plaintiffs intend to argue, in a Motion to be timely filed within the October 6, 2004 deadline set for filing of dispositive motions, that the recovery which Mrs. Gonzales has obtained in her action in the Philippines pursuant to the Phillipine contract of employment and Philippine law is all that she is entitled to recover from Limitation Plaintiffs for the death of Juan Gonzales, and that her foreign judgment should be recognized by this Court as a matter of comity. To the extent that the Limitation Plaintiffs' Motion will raise any issues of Phillipine law relating to the employment contract and recovery pursuant to the employment contract in the Philippines, the Court's Memorandum and Order of September 10, 2004, would foreclose Limitation Plaintiffs from raising such issues, and would prejudice Limitation Plaintiffs severely for no good cause.

It certainly cannot be argued that Mrs. Gonzales should be entitled to deny the fact of her recovery in the Philippines, and to later argue the meaning of Philippine law to the Court (as she has done), but that the Limitation Plaintiffs should be foreclosed from raising or arguing any issue of that same law. To the extent that any discussion of Philippine law is necessary, the Court should want to be educated on that law, both by Mrs. Gonzales and by the Limitation Plaintiffs. The Court's Memorandum and Order would, improvidently, preclude the Limitation Plaintiffs from engaging in that discussion or education.

## Conclusion

For all of the above reasons, Limitation Plaintiffs ask that the Court reconsider its Memorandum and Order of September 10, 2004 and that the Court further order, upon reconsideration, that the Motion of Claimant Gonzales to strike the Rule 44.1 Praecipe be denied, without prejudice to the right of all parties to argue, on the merits, issues of Philippine law arising out of the employment contract of Juan Gonzales and the recovery by Mrs. Gonzales in her legal proceeding in the Philippines brought pursuant to that contract.[3]

M. Hamilton Whitman, Jr., Trial Bar No.: 00373
Carla N. Bailey, Trial Bar No.: 26367
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120

Attorneys for Eternity Shipping, Ltd. and Eurocarriers, S.A.

---

[3] If the Court should conclude that any further formality is necessary on the part of the Limitation Plaintiffs in providing Rule 44.1 notice, the Limitation Plaintiffs request that this Memorandum be deemed their further Rule 44.1 notice.