IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE COMPLAINT OF<br>ETERNITY SHIPPING, LTD. AND<br>EUROCARRIERS, S.A.<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | *<br><br>*<br><br>*<br><br>* | Civil Action No.: L01CV0250 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CLAIMANT TATE & LYLE NORTH AMERICAN SUGARS, INC.'s
## FEDERAL RULE OF CIVIL PROCEDURE 56 MOTION
## FOR SUMMARY JUDGMENT AS TO CLAIMANT JOSEFINA GONZALEZ

NOW COMES Claimant, TATE & LYLE NORTH AMERICAN SUGARS, INC., by and through its attorneys, ASPERGER CARAHER LLC, and respectfully requests that the Court grant its Federal Rule of Civil Procedure ("FRCP") 56 Motion for Summary Judgment to as to Claimant Josefina Gonzalez, Individually and as Personal Representative of the Estate and Beneficiaries of Juan Gonzalez, Jr., Deceased, as described in detail in the Memorandum in Support of this Motion, which is attached hereto and incorporated herein.

ASPERGER CARAHER LLC

_____/s/_____
Jeffrey J. Asperger

Jeffrey J. Asperger
ASPERGER CARAHER LLC
303 East Wacker Drive, Suite 1000
Chicago, Illinois 60601
(312) 856-9901

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| IN THE MATTER OF * | |
| THE COMPLAINT OF | |
| ETERNITY SHIPPING, LTD. AND * | Civil Action No.: L01CV0250 |
| EUROCARRIERS, S.A. | |
| FOR EXONERATION FROM OR * | |
| LIMITATION OF LIABILITY | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### CLAIMANT TATE & LYLE NORTH AMERICAN SUGARS, INC.'s MEMORANDUM IN SUPPORT OF ITS FRCP 56 MOTION FOR SUMMARY JUDGMENT AS TO CLAIMANT JOSEFINA GONZALEZ

NOW COMES Claimant, TATE & LYLE NORTH AMERICAN SUGARS, INC. (hereinafter, "Tate & Lyle" or "Domino"), by and through its attorneys, ASPERGER CARAHER LLC, and for its Memorandum in Support of its FRCP 56 Motion for Summary Judgment as to Claimant Josefina Gonzalez, Individually and as Personal Representative of the Estate and Beneficiaries of Juan Gonzalez, Jr., Deceased ("Gonzalez"), respectfully states as follows:

**Facts and Background**

On July 29, 2000, the vessel M/V Leon I, owned and managed by Limitation Plaintiffs Eternity Shipping, Ltd ("ESL") and Eurocarriers, S.A.("EC") (collectively "ESL/EC") was discharging bulk sugar at Tate & Lyle's Domino Sugar refinery on Baltimore's Inner Harbor. Domino's twin shoreside gantry cranes were being used for the discharge operation. As discharge was proceeding in hatch 6, the Leon I crew began using the ship's crane #4 to clean caked sugar from the aft coaming of adjacent hatch 6A. Two of the ship's crew, one of whom was Plaintiff's decedent Juan Gonzalez, Jr., were suspended over hatch 6A in a work basket chipping sugar from the portside

1

aft coaming when the luffing wire rope of crane #4 suddenly failed and parted, resulting in the collapse of the jib of crane #4 and the deaths of Juan Gonzalez and his fellow crew member. During its collapse, the #4 crane jib struck Domino's crane #2, causing its boom to collapse into hatch #6, resulting in Tate & Lyle sustaining over $12 million in property damage and business income loss.

Tate & Lyle had the Leon I arrested following this incident and filed this lawsuit in August 2000. Eternity Shipping, Ltd. and Eurocarriers, S.A. filed a limitation action in September 2000. The American Bureau of Shipping ("ABS") was joined in the case in May 2002. In April 2001, Claimant Josefina Gonzalez filed her Claim for Damages, and in May 2002 filed her First Amended Original Complaint. Fact discovery in this case closed on May 5, 2004, and expert discovery closed on September 7, 2004.

## Summary Judgment Standards Under FRCP 56

Federal Rule of Civil Procedure 56(c) provides for summary judgment of a claim when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). A motion for summary judgment requires the court to assess whether a genuine issue of material fact exists by reviewing the evidence in the light most favorable to the party opposing the motion. *Inst. for Shipboard Educ. v. Cigna Worldwide Ins. Co.*, 22 F.3d 414, 418 (2nd Cir. 1994), citing to *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986).

There can be no genuine issue of material fact unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Inst. for Shipboard Educ.*, 22 F.3d at 418. The moving party bears the initial burden of demonstrating the absence of any genuine factual

issues. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). Once the moving party meets its burden, the non-moving party is obligated to produce probative evidence supporting its view that a genuine factual dispute exists. To do so successfully, the non-moving party "must demonstrate more than some metaphysical doubt as to the material facts ... it must come forward with specific facts showing that there is a genuine issue for trial." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2nd Cir. 1993), citing to *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587, 106 S. Ct. 1348, 1356 (1986).

**There is No Evidence of Any Negligence on the Part of Tate & Lyle.  There is, in Fact, No Evidence Causally Linking Tate & Lyle in Any Way to the Casualty**

To sustain a claim for negligence against Tate & Lyle, the estate must show that Tate & Lyle owed decedent a cognizable duty of care, that Tate & Lyle breached that duty, and that Gonzalez suffered damages as a proximate result of that breach. *See Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2nd Cir. 1995).

There is no dispute that the death of decedent was precipitated by failure of the crane #4 luffing wire rope during the vessel's hatch cleaning operation. The estate has not and cannot produce evidence that Tate & Lyle had any cognizable duty to Gonzalez. Moreover, no causal connection between Tate & Lyle and the failure of the luffing wire on crane #4 has been or can be shown. The undisputed facts establish that Gonzalez was neither employed by Tate & Lyle, nor was performing work on its behalf or under its direction at the time of his death. Gonzales was on board the Leon I when the crane #4 luffing wire failed. Tate & Lyle neither owned nor controlled the vessel or its crane. Tate & Lyle was not responsible for the maintenance of the vessel or its cargo gear. Tate & Lyle had no authority or control over the vessel's onboard operations, including the work the crew

3

was performing at the time of the incident. There is no conduct on the part of Tate & Lyle which in any way proximately caused or contributed to the failure of the luffing wire on crane #4. At all pertinent times, the environment and the actions surrounding the death of Mr. Gonzalez were solely within his control and the control of the Limitation Plaintiffs— not Tate & Lyle.

The United States Coast Guard ("USCG") undertook an extensive formal investigation into the cause of the crane collapse and deaths and concluded that the proximate cause was the failure of the luffing wire on crane #4. The USCG identified the following unsafe conditions as contributing to the casualty:

   a. The luffing wire on crane #4 has was (sic) damaged and weakened prior to the casualty.

   b. The design of the crane does not allow the crane operator to monitor the jib at higher angles of operation.

   c. At the time of the casualty, the vessel's operating procedures gave the master no guidance to help define the circumstances that justify the risk of sending crew members aloft.

The USCG also concluded the "most probable place for additional human error was in the shipyard during the installation, inspection, and testing of the cranes." (Excerpt of U.S. Coast Guard Report, attached hereto as Exhibit B, Conclusions 1-5.) None of these unsafe conditions involving crane #4 or its operation can be attributed to Tate & Lyle.

Gonzalez has not offered any evidence from any source to contradict the findings of the Coast Guard. Gonzales has not identified any facts or evidence which could in any way causally link Tate & Lyle with the failure of the luffing wire on crane #4. Gonzalez did not disclose any expert witnesses to offer any opinions that might somehow causally connect the casualty to Tate & Lyle.

Summary judgment is appropriate when the non-moving party has failed to set forth any facts that go to an essential element of the claim. *King v. Crossland Savings Bank*, 111 F.3d 251, 259 (2nd Cir. 1997). Gonzalez cannot produce any evidence to establish the existence of a duty or a breach, and cannot produce of causation which might be attributable to Tate & Lyle. Therefore, essential elements of the claim cannot be met.

## Conclusion

While questions of negligence are generally reserved for the factfinder, summary judgment is proper where the facts are undisputed and only one conclusion may reasonably be drawn from them; negligence then becomes a matter of law. *Flying Diamond Corp. v. Pennaluna & Co., Inc.*, 586 F.2d 707, 713 (9th Cir. 1978). The only conclusion that can be drawn from the evidence of the case is that Juan Gonzalez, Jr. died as a result of the negligence of the other Defendants, not Tate & Lyle. Therefore, this Court can and should decide as a matter of law that Gonzalez does not have a claim for negligence against Tate & Lyle.

WHEREFORE, Tate & Lyle respectfully requests that this Court grant its Motion for Summary Judgment and dismiss with prejudice the claim of Josefina Gonzalez, Individually and as Personal Representative of the Estate and Beneficiaries of Juan Gonzalez, Jr., Deceased, against Tate & Lyle.

Respectfully submitted,

/s/
Jeffrey J. Asperger

Jeffrey J. Asperger
ASPERGER CARAHER LLC
303 East Wacker Drive, Suite 1000
Chicago, Illinois 60601
(312) 856-9901

## CERTIFICATE OF SERVICE

I, Jeffrey J. Asperger, do hereby certify that a true and correct copy of the above and foregoing document was served via e-mail notification from the District Court and in the manner indicated upon:

Bernard S. Sevel, Esq.
ARNOLD, SEVEL & GAY, P.A.
The B&O Building, Suite 560
2 N. Charles Street
Baltimore, Maryland 21201
*Attorneys for Claimant Robert J. Cantey
and Claimant William Langeville*

James D. Skeen, Esq.
WRIGHT, CONSTABLE & SKEEN, L.L.P.
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland 21201
*Attorneys for Claimant Robert J. Cantey,
William Langeville and
Tate & Lyle North American Sugars, Inc.*

Francis J. Gorman, P.C.
GORMAN & WILLIAMS
2 North Charles Street
Baltimore, Maryland 21201-3754
*Attorneys for
Louis Dreyfus Sugar Company*

R. Blake Brunkenhoefer, Esq.
BRUNKENHOFER & REYNA, P.C.
1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
*Attorneys for Claimant Josefina Gonzales*

James W. Bartlett, III, Esq.
Alexander M. Giles
SEMMES, BOWEN, & SEMMES, P.C.
250 West Pratt Street, 16th Floor
Baltimore, MD 21201-2423
*Attorneys for American Bureau of Shipping*

Robert G. Clyne, Esq.
James A. Saville
HILL, RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
*Attorneys for American Bureau of Shipping*

M. Hamilton Whitman, Jr.
Eric M. Veit
OBER, KALER, GRIMES & SHRIVER
120 East Baltimore Street
Baltimore, MD 21202-1643
*Attorneys for Eternity Shipping*

W. Charles Bailey, Jr., Esq.
SIMMS SHOWERS LLP
20 South Charles Street, Suite 702
Baltimore, Maryland 21201
*Attorneys for Claimant Josefina Gonzales*

in accordance with all applicable provisions of the Federal Rules of Civil Procedure, on this 5th day of October, 2004.

                                               /s/
                                     Jeffrey J. Asperger