UNITED STATES DISTRICT COURT       FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of JOSEFINA GONZALES, *Individually, and as Personal Representative of the Estate and Beneficiaries of Juan Gonzales, Jr., Deceased,* <br><br> Plaintiff <br><br> vs. <br><br> **TATE & LYLE NORTH AMERICAN SUGARS, INC.** *d/b/a* **DOMINO SUGAR CO.; EUROCARRIERS, S.A.; BRIGHT MARITIME CORPORATION** *o/b/o Eternity Shipping, Ltd.*; **AMERICAN BUREAU OF SHIPPING;** and, the M/V LEON I, her tackle, freights, apparel, and engines, <br><br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> Civil Action No. L-01-CV-327 |

**FIRST AMENDED ORIGINAL COMPLAINT OF JOSEFINA GONZALES,**
*Individually and as Personal Representative of the Estate and Beneficiaries of Juan Gonzales, Jr., Deceased*

### Jury Trial Demanded

### The Parties, Jurisdiction and Venue

1. Plaintiff, Josefina Gonzales, is a resident and citizen of the Philippines and brings this action as Personal Representative of the Estate and Beneficiaries of Juan Gonzales, Jr., deceased. At all times relevant to this action, Decedent was employed as a crew member on board the M/V LEON I ("the Vessel").

2. Defendant Tate & Lyle Sugar Co., Inc., does business under the name Domino Sugar Company ("Domino"), and is a Delaware Corporation with a plant in Baltimore, Maryland.

Domino receives raw sugar from ocean-going vessels in Baltimore, Maryland. This Defendant has appeared and answered herein and, thus, no service is necessary at this time.

3. Defendants Eurocarriers, S.A., Bright Maritime Corporation o/b/o Eternity Shipping, Ltd. (hereby referred to collectively as "Eternity") are Greek corporations with their principal place of business in Athens, Greece, and own the M/V LEON I. These Defendants have appeared and answered herein and, thus, no service is necessary at this time.

4. Defendant American Bureau of Shipping is a domestic corporation who may be served with process at its principal office: ABS Plaza, 16855 Northchase Drive, Houston, Texas 77060.

5. Defendant M/V LEON I is a Malta-flagged ocean-going vessel traversing international and United States waters. Service upon this Defendant may be deferred at this time.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and that the matter in controversy exceeds $75,000, exclusive of interest and costs, and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over defendants Domino, Eternity, ABS and the M/V LEON I pursuant to Md. Courts & Jud. Proc. § 6-103(b)(3) because Defendants caused tortious injury in the State of Maryland by an act or omission in the State. This Court also has personal jurisdiction over Defendants Eternity, ABS and M/V LEON I under Md. Courts & Jud. Proc. Act § 6-103(b)(1) because Defendants regularly do or solicit business in, and engage in a persistent course of conduct in, Maryland. Such solicitation of business in this District includes contracting for the delivery of maritime cargo in this District. Defendants Eternity, ABS and

M/V LEON I also derived substantial revenue from deliveries of maritime cargo to Baltimore.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c), because a substantial part of the acts or omissions giving rise to the claim occurred in this District, and because at least one of the Defendants resides or transacts business in this District.

## Count I
## Negligence of the Defendants

9. On or about July 29, 2000, and at all times relevant herein, Decedent was employed as a member of the crew of the M/V LEON I in the capacity of seaman.

10. On or about July 29, 2000, while serving on board the Vessel, and in the course of his employment and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel, the Domino's pier and appurtenances, and negligence of the Defendants, a crane malfunctioned and, as a result, Decedent sustained serious internal injuries which brought about his death.

11. Decedent's injuries and death were caused by the negligence of the Defendants in that they failed to provide Decedent a safe and seaworthy vessel, failed to provide the place with a safe place to work, failed to provide the Decedent with the help and assistance that Defendants knew, or reasonably should have known, was required to safely perform the job, failed to provide the right cranes for the job, failed to adequately inspect the cranes of the vessel, improperly certified the cranes of the vessel for use, or failed to utilize the cranes owned by Defendant Domino, and through other acts and omissions, Defendants breached their obligation under the circumstances, including the obligation to provided prompt and adequate medical care and treatment.

12. At the time Decedent was employed on the Vessel, he was a strong, robust, and able-

bodied person with a substantial earning capacity and prospects for advancement in earning capacity.

13. As a consequence of the Defendants' negligence, Decedent suffered unnecessary and sever mental anguish, shock and pain before his death.

14. Plaintiff makes a claim on behalf of Decedent's estate for the economic value of his normal life expectancy.

15. Plaintiff makes claim on behalf of Decedent's estate for the burial expenses and other expenses in connection with the funeral and burial of the decedent, and for damages as a result of the pain and suffering endured by Decedent.

16. The Decedent left surviving his heirs and next of kin, who were financially dependant upon the Decedent and who have suffered pecuniary loss by reason of his death for which claim is made

17. Plaintiff, as Personal Representative of Decedent's estate and beneficiaries, also makes claim for the pecuniary value of the loss of companionship, love, affection, and services of the Decedent.

WHEREFORE, Plaintiff demands judgment against Defendants, both jointly and severally, in the amount of at least $500,000, plus prejudgment interest, costs, and other damages to be proved at trial.

## COUNT II
## UNSEAWORTHINESS

18. Plaintiff incorporates by reference each of the allegations of paragraphs 1 - 16 above as if fully set forth herein.

19. As a result of the matters and facts set forth in paragraphs 1 - 16 above, the Vessel

upon which the Decedent was working when he was killed was rendered unseaworthy in that, among other things, Defendants failed to provide Decedent with a safe and seaworthy vessel; failed to provide the Decedent with a safe place to work; failed to assign and provide Decedent with sufficient assistance to perform his assigned tasks in a reasonably safe manner; failed to instruct Decedent in the proper manner, if any, of working on or near cranes; and failed to warn Decedent of the dangers posed by the cranes.

20. Plaintiff makes a claim on behalf of Decedent's estate for the economic value of his normal life expectancy.

21. Plaintiff makes claim on behalf of Decedent's estate for the burial expenses and other expenses in connection with the funeral and burial of the decedent, and for damages as a result of the pain and suffering endured by Decedent.

22. The Decedent left surviving his heirs and next of kin, who were financially dependant upon the Decedent and who have suffered pecuniary loss by reason of his death for which claim is made

23. Plaintiff, as Personal Representative of Decedent's estate and beneficiaries, also makes claim for the pecuniary value of the loss of companionship, love, affection, and services of the decedent.

WHEREFORE, Plaintiff demands judgment against Defendants, both jointly and severally, in the amount of at least $500,000, plus prejudgment interest, costs, and other damages to be proved at trial.

### Demand for Jury Trial

Plaintiff demands a jury trial on all of his claims herein as well as on each defense which may be raised and which is triable to a jury.

Dated: 05/09/02

Respectfully submitted,

BRUNKENHOEFER & HALL, P.C.
1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
Tel: (361) 888-6655
Fax: (361) 888-5855

_____
R. Blake Brunkenhoefer
State Bar No. 00783739
Southern District of Texas I.D. #15559
Christopher H. Hall
State Bar No. 00793881
Southern District of Texas I.D. #19536


GREBER & SIMMS
Suite 702
20 South Charles Street
Baltimore, Maryland 21201
Tel:    (410) 783-5795
Fax:    (410) 783-1368

_____
W. Charles Bailey, Jr.
District of Maryland Fed. I.D. #23580
J. Stephen Simms
District of Maryland Fed. I.D. #4269

## CERTIFICATE OF SERVICE

I, R. Blake Brunkenhoefer, do hereby certify that a true and correct copy of the foregoing document was duly served, in the form and manner indicated, upon:

| | |
|---|---|
| M. Hamilton Whitman, Jr.<br>OBER, KALER, GRIMES<br>& SHRIVER, P.C.<br>120 E. Baltimore Street<br>Baltimore, Maryland 21202 | **C.M./R.R.R. #7001 2510 0001 2180 5182** |
| James D. Skeen<br>WRIGHT, CONSTABLE<br>& SKEEN, L.L.P.<br>1 Charles Center, 16th Floor<br>100 N. Charles Street<br>Baltimore, Maryland 21201 | **C.M./R.R.R. #7001 2510 0001 2180 5175** |
| Jeffrey J. Asperger<br>ASPERGER CARAHER, L.L.C.<br>Three Illinois Center<br>303 East Wacker Drive, Suite 1000<br>Chicago, Illinois 60601 | **C.M./R.R.R. #7001 2510 0001 2180 5168** |
| Bernard J. Sevel<br>ARNOLD, SEVEL & GAY, P.A.<br>Two N. Charles Street, Suite 560<br>Baltimore, Maryland 21201 | **C.M./R.R.R. #7001 2510 0001 2180 5151** |
| Francis J. Gorman<br>GORMAN & WILLIAMS<br>Two N. Charles Street, Suite 750<br>Baltimore, Maryland 21201 | **C.M./R.R.R. #7001 2510 0001 2180 5144** |
| W. Charles Bailey, Jr.<br>GREBER & SIMMS<br>20 S. Charles St., Suite 702<br>Baltimore, MD 21201-3291 | **FIRST CLASS MAIL** |

in accordance with all applicable provisions of the Federal Rules of Civil Procedure, on this the ___ day of May, 2002.

R. Blake Brunkenhoefer