EXHIBIT "4"

Republic of the Philippines
Department of Labor and Employment
**NATIONAL LABOR RELATIONS COMMISSION**
Sub-Regional Arbitration Branch VI
Iloilo City

MAR 16 200~

JOSEFINA M. GONZALES,
  *Complainant,*

-versus-                      SRAB NLRC CASE NO. 06-0?0(4)-06-03-06?

BRIGHT MARITIME CORPORATION
and ETERNITY SHIPPING LTD.,
  *Respondents.*
X- - - - - - - - - - - - - - - - - - - - - - - - -X

## COMPLAINT

COMPLAINANT, by counsel, unto the Honorable Labor Arbiter, most respectfully alleges:

### THE PARTIES

1. Complainant is of legal age, Filipino Citizen, widow and a resident of Miramar Compound, Burgos Street, Iloilo City, Philippines, where she may be served with summons and other processes issued by the Honorable Labor Arbiter;

2. Respondent Bright Maritime Company is a corporation duly created under the laws of the Republic of the Philippines, with postal address and may be served with summons at Ground Floor, Columbian International Towers, 500 Santol Street, Sta. Mesa, Manila, Philippines;

3. Respondent Eternity Shipping Ltd., per information gathered, is a Greek company with principal place of business in Athens, Greece;

### FIRST CAUSE OF ACTION

4. The complainant is the mother of Juan M. Gonzales, Jr. who died intestate on July 29, 2000, at Baltimore, Maryland, United States of America;

5. On 14 January 2000, respondent Bright Maritime Corporation, acting as agent for and in behalf of Eternity Shipping Limited, represented by its President, Desiree P.

Tenorio, entered into a contract of employment with Juan M. Gonzales, Jr., as evidenced by a Contract of Employment, a copy of which is hereto attached as Annex "A";

6. The terms and conditions of the contract of employment provides that Juan M. Gonzales, Jr. will be assigned as AB of vessel MV Leon I for the period of nine (9) months plus three (3) months, if both parties consent;

7. On July 29, 2000, while Juan M. Gonzales, Jr. was working on board the vessel MV Leon I and in the course of the performance of his functions as AB, he met an accident which caused him severe injuries, resulting to his immediate death;

8. Certificate of Death of Juan M. Gonzales, Jr. is hereto attached as Annex "B";

9. As provided in the Standard Employment Contract (SEC) for Seafarers, the compensation and benefits to be given in case of death of a seafarer which are payable to his beneficiaries are based on the following schedule:

| | |
|---|---|
| In case of Death | US $50,000.00 |
| Additional amount to each child under 21 years old but limited to only four (4) children | 7,000.00 |
| Where death is caused by warlike activity while sailing within the declared war zone or war risk areas | Double Compensation |
| For burial exchanges at the exchange rate prevailing, during the time of payment | 1,000.00; |

10. Since Juan M Gonzales, Jr. was not married and had no legitimate, legitimated or illegitimate children, the complainant, as the sole beneficiary, is entitled to compensation and benefits in the total amount of FIFTY ONE THOUSAND U.S. DOLLARS ($51,000.00), broken down as follows:

| | | |
|---|---|---|
| Death | : | U.S. $50,000.00 |
| Burial | : | 1,000.00 |
| | | U.S. $51,000.00 |

11. This entitlement to compensation and benefits by the complainant as beneficiary of Juan M. Gonzales, Jr. based on the Standard Employment Contract (SEC) is very clear under the law and is not subjected to any other terms and conditions;

12. That in fairness to the respondents, within two (2) months from the death of Juan M. Gonzales, Jr., the respondents tendered to the complainant, through the latter's representative, the amount of US $60,000.00 as compensation and benefits in connection with the death of Mr. Gonzales, however, they required the complainant to execute a general waiver and quitclaim;

13. Because the complainant does not want to waive her rights to initiate any possible action against those who might be held liable for the death of her son based on laws of foreign countries, the payment of compensation and benefits offered by the respondent was withdrawn;

14. The complainant made it very clear that she wanted to get from the respondents the amount equivalent to FIFTY ONE THOUSAND US DOLLARS ($51,000.00) since this amount represents the entitlement of the complainant to the benefits and compensation provided under the Philippine Law specifically based on the Standard Employment Contract (SEC) for Seafarers;

15. Due to the refusal of the respondents to pay the amount of FIFTY ONE THOUSAND US DOLLARS ($51,000.00) unless the complainant sign a general waiver, complainant through her counsel and attorney-in-fact demanded from the respondents payment of the stated amount but despite several letters made and received by the respondents, the latter still refused to pay the amount demanded;

16. The complainant has the absolute and legal right to demand for the payment of said amount because Juan M. Gonzales died intestate and was single at the time of his death;

17. The affidavit of the complainant properly witnessed by her children is hereto attached as Annex "C";

REPUBLIC OF THE PHILIPPINES)
CITY      OF    ILOILO    S.S.
X-----------------------------X

## VERIFICATION AND CERTIFICATION

I, JOSEFINA M. GONZALES, of legal age, Filipino Citizen, widow and a resident of Miramar Compound, Burgos Street, Iloilo City, Philippines, under oath hereby depose and state:

That I am the complainant in the above-entitled case; I have caused the preparation of the foregoing complaint; and I have read and understood the contents thereof, and all allegations contained therein are true and correct to the best of my personal knowledge;

I further certify that no complaint, petition or any other action or proceeding involving the same issue has been commenced in the Supreme Court, Court of Appeals, the different divisions thereof or any tribunal or agency, and to the best of my knowledge, no such action or proceeding has been filed or is pending before the above-mentioned courts. Should there be one, I hereby undertake to inform the Honorable Labor Arbiter within five (5) days from knowledge of such information.

IN WITNESS WHEREOF, I have hereunto set my hand on this ___ day of March, 2001, at Iloilo City, Philippines.

*Josefina Gonzales*
JOSEFINA M. GONZALES
Affiant

SUBSCRIBED AND SWORN to before me on this ___ day of March, 20001 at Iloilo City, Philippines. Affiant is a senior citizen.

VON LOVEL D. BEBONA
Notary Public
Until December 31, 2001
P.T.R. No. 0237979
Iloilo City/January 3, 2001

Doc. No. ___;
Page No. ___;
Book No. ___;
Series of 2001.

APPENDIX 3

Republic of the Philippines
Department of Labor and Employment
PHILIPPINE OVERSEAS EMPLOYMENT ADMINISTRATION

## CONTRACT OF EMPLOYMENT

KNOW ALL MEN BY THESE PRESENTS:

This contract, entered into voluntarily by and between:

Name of Seafarer: __GONZALES JR., JUAN M.__

Address: __MIRAMAR COMPD. BURGOS ST. ILOILO CITY__

SIRB No. __A455155__   SRC No.: __0383544-99__

License No. ____

hereinafter referred to as the Employee.

and

Name of Agent: __BRIGHT MARITIME CORPORATION__

For and in behalf of __ETERNITY SHIPPING LTD__
(Principal/Country)

or the following vessel:

Name of Vessel: __MV LEON I__

Official Number: ____   Gross Registered Tonnage (GRT) __19872__

Flag: __MALTA__   Year Built: __1982__   Classification Society: __ABS__

hereinafter referred to as the Employer.

WITNESSETH

1. That the Employee shall be employed on board under the following terms and conditions:
    1.1 Duration of Contract: __9 MONTHS + 3 MONTHS BOTH PARTIES CONSENT__
    1.2 Position: __AB__
    1.3 Basic Monthly Salary: __380 USD + 38 USD ALLOW__
    1.4 Hours of Work: __48 HOURS/WEEK__
    1.5 Overtime: __114 USD ( 90 HOURS/MONTH )__
    1.6 Vacation Leave with Pay: __38 USD/MONTH__
    1.7 Point of Hire: __MANILA, PHILIPPINES__

2. The terms and conditions of the revised Employment Contract for seafarers governing the employment of all Filipino seafarers approved per Department Order No. 33 and Memorandum Circular No. 55 series of 1996 shall be strictly and faithfully deserved.

3. Any alterations of changes, in any part of this Contract shall be evaluated, verified, processed and approved by the Philippine Overseas Employment Administration (POEA). Upon approval, the same shall be deemed an integral part of the Standard Employment Contract (SEC) for seafarers.

4. All claims, complaints or controversies relative to the implementation of the overseas employment contract shall be resolved through the established Grievance Machinery in the Revised Employment Contract for Seafarers. If result of the procedures is unsatisfactory to any of the parties, it may be appealed to the management of the company or with the Philippine Labor Attache or Consular officer overseas. This procedure shall be without prejudice to any action that the parties may take before the appropriate authority.

5. Violations of the terms and conditions of this Contract with its approved addendum shall be a ground for disciplinary action against the erring party.

IN WITNESS WHEREOF the parties have hereto set their hands this __14TH__ day of __JAN.__ 19 __2000__ at __MANILA__ Philippines.

__GONZALES JR., JUAN__   __DESIREE P. _____/PRES.__
Seafarer   For the Employer

__19 JAN 2000__   Verified and approved by the POEA

Date   Signature of POEA Official

Municipal Form No. 103
(Revised January 1993)

Republic of the Philippines
OFFICE OF THE CIVIL REGISTRAR GENERAL
**CERTIFICATE OF DEATH**

(To be accomplished in quadruplicate)

(Fill out completely, accurately and legibly. Use ink or typewriter.
Place X before the appropriate answer in items 2, 9, 13, 15, 16, 18, 19, 21 and 23.)

REMARKS/ANNOTATION

A CERTIFIED TRANSCRIPTION COPY:

[signature]
TERESITA U. JACOMILLE
CITY CIVIL REGISTRAR

Province: Iloilo
City/Municipality: Iloilo City
Registry No. 17 a-75

1. NAME: (First) JUAN  (Middle) IZADA  (Last) GONZALES
2. SEX: X MALE  __ FEMALE
3. RELIGION: 
4. AGE: a. 1 YEAR OR ABOVE — Completed years: 2 | b. UNDER 1 YEAR — Months: 1, Days: 0 | c. UNDER 1 DAY — Hrs/Min/Sec:
5. PLACE OF DEATH: Iloilo Doctor's Hospital
6. DATE OF DEATH: (day) 30 (month) Dec. (year) 1974
7. CITIZENSHIP: Fil.
8. RESIDENCE: Rizal St., Iloilo City
9. CIVIL STATUS: __ 1 Single  X 2 Married  __ 3 Widowed  __ 4 Others  __ 5 Unknown
10. OCCUPATION:

**MEDICAL CERTIFICATE**
(For ages 0 to 7 days, accomplish items 11-17 at the back)

17. CAUSES OF DEATH | Interval Between Onset and Death
I. Immediate cause: a. PTB, Bilateral Pneumothorax (Prior to admission
Antecedent cause: b. Plueral adhesions
Underlying cause: c.

II. Other significant conditions contributing to death:

18. DEATH BY NON-NATURAL CAUSES
a. Manner of Death: __ 1 Homicide  __ 2 Suicide  __ 3 Accident  __ 4 Others (Specify)
b. Place of Occurrence (e.g. home, farm, factory, street, sea, etc.):

19. ATTENDANT: __ 1 Private Physician  __ 2 Public Health Officer  __ 3 Hospital Authority  __ 4 None  __ 5 Others (Specify)
If attended, state duration: From ___ To ___

20. CERTIFICATION OF DEATH
I hereby certify that the foregoing particulars are correct as near as same can be ascertained and I further certify that I
__ have not attended the deceased
__ have attended the deceased and that death occurred at 6:00 AM/PM on the date indicated above.

Signature: SGD.
Name in Print: BENJAMIN MOMBAY M.D.
Title or Position:
Address: St. Elizabeth Center, Valeria St., Iloilo
Date: Dec. 30, 1974

REVIEWED BY: [stamp]

21. CORPSE DISPOSAL: __ 1 __ 2 __ 3 Others (Specify)
22. BURIAL/CREMATION PERMIT: Number 6271021  Date Issued 12-31-74
23. AUTOPSY: __ 1 Yes  __ 2 No

24. NAME OF CEMETERY OR CREMATORY: Cem. Tanza, Iloilo City

25. INFORMANT
Signature: SGD.
Name in Print: JANE GONZALES
Relationship to the deceased: daughter
Address: Rizal St., Iloilo
Date:

26. PREPARED BY
Signature:
Name in Print:
Title or Position:
Date:

27. RECEIVED AT THE OFFICE OF THE CIVIL REGISTRAR
Signature: SGD.
Name in Print: D. A. DIANALA
Title or Position:
Date: 1-2-75

"ANNEX-C"

Republic of the Philippines  )
City of Iloilo               ) S.S.
X- - - - - - - - - - - - - - X

### AFFIDAVIT OF SETTLEMENT OF ESTATE

JOSEFINA M. GONZALES, after first being sworn according to law, deposeth and sayeth:

1. That she is of legal age, Filipino Citizen, widow, with residence and postal address at Miramar Compound, Burgos Street, Iloilo City, Philippines;

2. That JUAN M. GONZALES, JR., her son, died intestate in Baltimore, Maryland, United States of America on July 29, 2000 leaving only personal properties which at present time still subject of inventory;

3. That due to the death of Juan M. Gonzales, Jr., his heir/beneficiary is legally entitled to the amount of FIFTY ONE THOUSAND U. S. DOLLARS ($51,000.00) for the following:

    Compensation/privilege for death:   $ 50,000.00
    For burial                              1,000.00
                                         -----------
                                         $ 51,000.00

4. That the decedent has left no known debts or obligation that have remained unpaid or unsettled; neither has he left any ascendants or descendants or any other heirs entitled to succeed to her estate, except the herein affiant who is his mother;

WHEREFORE, invoking the provision of Section 1, Rule 74 of the Rules of Court, the herein affiant does hereby adjudicate unto herself the entire estate hereinabove described, subject only to contingent liabilities to the creditors, heirs and other persons who might have been deprived of lawful participation therein for a period of two (2) years from and after the settlement and distribution of said estate, in accordance with Section 4, Rule 74 of the Rules of Court.

Further, affiant sayeth naught.

Done in the City of Iloilo, Philippines, on this 5th day of March, 2001.

                                    JOSEFINA M. GONZALES
                                          Affiant

Signed in the presence of:

_____    &    _____

-Page 2-

BEFORE ME, notary public for and in the city and province of Iloilo, Philippines, on this 5th day of March, 2001, personally appeared Josefina M. Gonzales, senior citizen, known to me to be the same person who executed the foregoing instrument and she acknowledged to me that the same is her free and voluntary act and deed.

This instrument consisting of two (2) pages including this page whereon the acknowledgment is written, signed by the affiant and her instrumental witnesses, refers to Affidavit of Settlement of Estate.

WITNESS MY HAND AND SEAL.

VON LOYEL D. BEDONA
Notary Public
Until December 31, 2001
P.T.R. No. 0237979
Issued at Iloilo City
Issued on January 31, 2001

Doc. No. 229;
Page No. 49;
Book No. XVI;
Series of 2001.