

EXHIBIT "5"

Republic of the Philippines
NATIONAL LABOR RELATIONS COMMISSION
FOURTH DIVISION
Cebu City

JOSEFINA M. GONZALES,
    Complainant-appellee,

          - versus -

NLRC Case No. V-000036-2001
SRAB Case No. OFW(M)01-03-0014

BRIGHT MARITIME CORPORATION
AND ETERNITY SHIPPING, LTD,
    Respondent-appellant.
x------------------------------------x

PROMULGATED: MAR 14 2002

## DECISION

Respondents appealed from the decision[1] of then Executive Labor Arbiter (now Commissioner) Oscar S. Uy dated august 30, 2001, the dispositive portion of which reads as follows:

> *"WHEREFORE, respondents are hereby ordered to pay complainant the compensation benefits due her in the amount of US $50,000.00 plus ten (10) percent of the total amount as attorneys fee, within ten (10) days from receipt hereof.*
> *All other claims are hereby dismissed for lack of merit.*
> *SO ORDERED."*

Briefly, the pertinent facts follow:

On January 14, 2000, respondents entered into a contract of employment with the late seafarer, Juan M. Gonzales, Jr. The deceased was assigned as AB on MV Leon I for a period of nine (9) months, plus three (3) months if both parties consent. On July 29, 2000, while working on board the vessel at Baltimore, Maryland, USA, he met an accident which caused him severe injuries that resulted to his death. Since the deceased was not married, his mother as the sole beneficiary and complainant herein, is entitled to death benefits of US $50,000.00 and burial expenses of US $1,000.00, or a total of US $51,000.00 per contract. Respondents offered to complainant US $60,000.00 on condition that complainant execute a general waiver and quitclaim in their favor. Since complainant did not want to waive her right to initiate legal action against persons who may be liable for the

---

[1] Pp. 231-250, Rollo

...

DECISION
V-000036-2001
Page 2

death of her son based on foreign law, she refused the offer. The burial benefits has already been paid. Subsequently, complainant initiated a separate legal action against respondents in Maryland, USA based on tort.

From the respective arguments and counter-arguments of the parties, the following issues are presented for consideration:

a) Is complainant entitled to her claims? If so, does it bar her from instituting another action based on tort in a foreign country?
b) Is the jurisdiction of the NLRC over the present case pursuant to RA 8042, otherwise known as the Migrant Workers and Overseas Filipinos Act of 1995, exclusive in the sense that the foreign court is already excluded from taking cognizance thereof, in light of our law against double recovery?

Since the two (2) issues are closely intertwined, we discuss jointly.

At the outset, there is no quarrel that complainant is entitled only to the death benefits of US $50,000.00 (as the US $1,000.00 for burial expenses was already paid). This is so provided under the Standard Employment Contract for Seafarers. The entitlement thereto is dependent only upon the death of the worker and not subject to any other condition. Hence, we hold that respondents are legally bound to give complainant the amount of US $50,000.00 without requiring her to execute a waiver and quitclaim. A mere receipt thereof duly notarized or satisfaction of judgment would suffice. Their offer therefore of a bigger amount but conditioned on a general waiver, is without any legal basis.

Assuming that complainant would receive the amount of US $50,000.00 necessarily she is barred from instituting a separate legal action here in our country based on the same incident because of our law against double recourse from a single wrong (Art. 2177, Civil Code). If however, the separate legal action is instituted in the foreign country as it is now, we are not in a position to hold that complainant is barred thereby. To institute is one thing, for the action to prosper is another. The

EC002657

DECISION
V-000036-2001
Page 3
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

foreign forum has the jurisdiction to determine whether the second suit before it will prosper or not given the fact that a suit is pending here before us. It is not for us to preempt the ruling of that foreign court.

We agree that under RA 8042, the NLRC has original and exclusive jurisdiction over claims arising out of employer-employee relationship or contract involving overseas Filipino workers. However, as in any other Philippine laws, the conferment of jurisdiction to a particular court, body or tribunal is in relation to the other courts, bodies or tribunals in the Philippines. To say that the same is intended to bind foreign courts is, to our mind, an act of interference or usurpation. Hence, we are also not in a position to say that the foreign court is barred from taking cognizance of the second suit.

WHEREFORE, the assailed decision is AFFIRMED as discussed, with the clarification that respondents are directed to pay complainant the death benefits of her deceased son in the amount of US $50,000.00 without requiring her to execute general waiver.

The award for attorney's fees of ten percent (10%) thereof is also AFFIRMED as complainant was forced to litigate to enforce her right under the contract.

SO ORDERED.

Cebu City, Philippines.

IRENEA E. CENIZA
Presiding Commissioner

WE CONCUR:

EDGARDO M. ENERLAN
Commissioner

OSCAR S. UY
Commissioner

(Took No Part)

DECISION
V-000036-2001
Page 4
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATION

Pursuant to Article 213 of the Labor Code, as amended by R.A. 6715, it is hereby certified that the conclusions in the above DECISION were reached in consultation before the case was assigned to the writer of the opinion of the Commission.

IRENEA E. CENIZA
Presiding Commissioner

fn: 036-01/BCV
dk: #8/mlivt