IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| IN THE MATTER OF  \*  <br>THE COMPLAINT OF  <br>ETERNITY SHIPPING, LTD. AND   \* <br>EUROCARRIERS, S.A  <br>FOR EXONERATION FROM OR   \* <br>LIMITATION OF LIABILITY  <br> \* | Civil Action No.: L-01-CV-0250 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## LIMITATION PLAINTIFFS' ANSWERS TO CLAIMANT TATE & LYLE NORTH AMERICAN SUGARS INC.'S FIRST SET OF INTERROGATORIES

Limitation Plaintiffs Eternity Shipping, Ltd. and Eurocarriers, S.A., pursuant to Federal Rule of Civil Procedure 33, hereby answer the Interrogatories served upon them by Claimant Tate & Lyle North American Sugars Inc. ("Tate & Lyle").

### GENERAL OBJECTIONS

The following general objections apply to the instructions and definitions contained in Claimant's Interrogatories and to each individual Interrogatory.

A. Limitation Plaintiffs object to Claimant's Interrogatories to the extent that they seek information which is protected from discovery by the attorney-client privilege.

B. Limitation Plaintiffs object to Claimant's Interrogatories to the extent that they seek information which is protected from discovery by the attorney-work product doctrine or seek information which was prepared in anticipation of litigation or for trial.

Road, Baltimore, MD 21227. Documents pertaining to this testing have been produced in response to Claimant Tate & Lyle's Request for Production of Documents. No other crew members were tested for drugs or alcohol.

**INTERROGATORY NO. 13:**

Identify any and all investigations that were conducted as a result of this occurrence. In this regard, state the name and address of the individual, company or government entity responsible for initiating the investigation; the name and address of the individual, company or government entity that conducted the investigation; the date the investigation was conducted; the names and address of all individuals involved in the investigation; a description of each individual's role in the investigation; the results of any investigation; and identify any reports or documentation outlining or discussing the investigation and its results.

**ANSWER TO INTERROGATORY NO. 13:**

Limitation Plaintiffs object to this interrogatory as unduly broad and calling for information protected by the attorney-client privilege and/or the work product doctrine. Without waiving this or any other objection, Limitation Plaintiffs are aware that U.S. Coast Guard Activities Baltimore conducted an investigation, lead by Lieutenant Commander John Nadeau, into the circumstances of the incident in the days following the incident, which lead ultimately to the writing of a "Marine Casualty Investigation Report" on April 16, 2001.

Limitation Plaintiffs retained their own marine surveyor, Captain Heiner Popp, to investigate this incident on their behalf, and Captain Popp attended on board and began his investigation within hours of the incident on the morning of July 29, 2000. At the present time, Limitation Plaintiffs assert that Captain Popp's reports are not subject to discovery due to attorney-client privilege and attorney-work product protection.

Limitation Plaintiffs have also retained the firm of Chesapeake Engineering and Design, Inc. of Annapolis, Maryland, to conduct engineering analysis of various aspects of the incident, and this work is being performed by Mr. Ray Carlson. Mr. Clyde Richard and Mr. Clifford Dean

12

of that firm have also performed some engineering analysis resulting from this incident. Any and all reports by this firm are also not subject to discovery at this time due to attorney-client privilege and attorney-work product protection.

Limitation Plaintiffs are also aware that Captain Bob Oehrlein, representing Malta as the vessel's flag state, and Mr. Clive Owen, Baltimore area surveyor for ABS, attended on board on or about the day of the occurrence. Additionally, IHI dispatched representatives (Jim Forde, Esq. of Thacher, Proffitt & Wood, New York; John Lillie of the Salvage Association; Bill Peters, a naval architect) to Baltimore to investigate the incident and deck cranes on August 4, 2000. Limitation Plaintiffs are not in possession of any investigative reports that may have been prepared by any of these individuals or entities.

Marine surveyor Carl A. Cederstav of Independent Maritime Consulting Ltd., 10 Spruce Street, Southport, Connecticut  06490, and project engineer Carlos Litke of Callenburg Engineering, Inc., 570 N.E. 185th St., Miami, Florida 33179-4513, attended on board the M/V LEON I in February 2004 on behalf of Limitation Plaintiffs during a joint survey conducted with experts retained by claimant Tate & Lyle North American Sugars, Inc., and Third-Party Defendant American Bureau of Shipping. At the present time, Limitation Plaintiffs assert that Mr. Cederstav's and Mr. Litke's observations and opinions are not subject to discovery due to attorney-client privilege and attorney-work product protection.

**INTERROGATORY NO. 14:**

State the name, address and employer of the individual who gave the orders or instructions to have the hatch combing [sic] #6A cleaned by means of crew members scraping the sugar from the side of the hatch while being hoisted in a work basket that was suspended by crane

13

**AS TO ANSWERS:**

I solemnly affirm under the penalties of perjury under the laws of the United States that the contents of the foregoing Answers to Interrogatories are true to the best of my knowledge, information and belief.

_[signature]_

Dated: MAY 3RD 2004

**AS TO OBJECTIONS:**

_[signature: Eric M. Veit]_

M. Hamilton Whitman, Jr.
Eric M. Veit
Ober, Kaler, Grimes & Shriver
A Professional Corporation
120 E. Baltimore Street
Baltimore, Maryland 21202
(410) 685-1120

Attorneys for Limitation Plaintiffs Eternity Shipping, Ltd. and Eurocarriers, S.A.