IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF ETERNITY SHIPPING, LTD and<br>EUROCARRIERS, S.A., | *<br><br>* | |
| *in a cause for exoneration from<br>or limitation of liability* | * | Civil Action No. L-01-CV-250 |

* * * * * * * * * * * * * * * * * * * * * * *

**CLAIMANT-JOSEFINA GONZALES' RESPONSE TO LIMITATION PLAINTIFFS'
"MOTION TO RECONSIDER RULING ON PRAECIPE AS RULE 44.1 NOTICE"**

TO THE HONORABLE JUDGE OF SAID COURT:

Claimant-Josefina Gonzales (hereinafter, "Claimant"), appearing by and through her attorneys-of-record, R. Blake Brunkenhoefer of Brunkenhoefer & Associates, P.C. and W. Charles Bailey, Jr. of Simms Showers, L.L.P., makes and files this her "Response to Limitation Plaintiffs' (Eternity Shipping, Ltd. and Eurocarriers, S.A.) Motion to Reconsider" this Court's September 13, 2004 Memorandum Opinion and Order granting Claimant's "Motion to Strike Petitioners' Praecipe," which was "Motion to Strike" was made a part of Claimant's "Motion to Strike Petitioners' Praecipe and, in the alternative, Claimant's Motion for Determination of Foreign Law".

**Factual Background**

In the interest of brevity, efficiency and economy, Claimant respectfully incorporates by reference the recitation of facts provided in her original motion to strike, her related memorandum, and her related reply to Limitation Plaintiffs' response. To this end, Claimant respectfully requests that the Court take judicial notice of its file and the pleadings contained therein.

**Argument**

In the interest of brevity, efficiency and economy, Claimant respectfully incorporates by reference the arguments provided in her original motion to strike, her related memorandum, and her related reply to Limitation Plaintiffs' response. To this end, Claimant respectfully requests that the Court take judicial notice of its file and the pleadings contained therein.

Additionally, Claimant would offer the following:

Limitation Plaintiffs' Motion to Reconsider this Court's Memorandum Opinion and Order of September 13, 2004 adds nothing to the equation. In essence, Limitation Plaintiffs argue that, because Claimant prepared and filed a carefully considered and detailed motion, memorandum and reply (i.e., with respect to moving this Honorable Court to strike the deficient Praecipe filed by Limitation Plaintiffs), Claimant has somehow satisfied Limitation Plaintiffs' obligations with respect to Rule 44.1 of the Federal Rules of Civil Procedure. In other words, it appears that Limitation Plaintiffs are advancing the untenable argument that, by her attempt to timely and efficiently advise the Court of the deficiencies of Limitation Plaintiffs' Praecipe, Claimant has somehow waived her right to complain about the self-same Praecipe. This argument is neither supported by the law nor the equities of this case.

To the extent that the instant Motion to Reconsider can be said to request a second analysis of Limitation Plaintiffs' substantive arguments (i.e., contained in Limitation Plaintiffs' Response to Claimant's Motion to Strike), the language and length of the Court's Opinion makes it clear that this Court carefully considered the arguments and authorities of all Parties concerned prior to rendering its Opinion and Order. The Court did not pass lightly upon the issue the first time, and Limitation Plaintiffs' Motion to Reconsider provides no reason for the Court to second-guess itself.

As a motion for reconsideration bears upon arguments and authorities previously advanced

by the Parties and addressed by the Court, and as the Limitation Plaintiffs have provided no new evidence for a reversal of this Court's considered Opinion (if, indeed, advancing new arguments or authorities was ever appropriate in a motion for "reconsideration," which Claimant-Gonzales clearly denies), this Court should deny the Limitation Plaintiffs' Motion for Reconsideration of the Court's September 13, 2004 Opinion and Order.

## Conclusion

Limitation Plaintiffs' Praecipe is deficient and unreasonable in its failure to properly apprise this Court and the Claimant of the bases for the application of foreign law, and, as a consequence, said Praecipe should be stricken in its entirety. The Court has done this and there is no reason, under the relevant provisions of the Federal Rules of Civil Procedure, the case law, or the equities of this case, for the Court to reconsider and reverse its Order and Opinion of September 13, 2004.

## Prayer

WHEREFORE, Claimant-Gonzales respectfully requests that the Court deny the relief requested by Limitation Plaintiffs herein, and deny reconsideration of the Court's Opinion and Order of September 13, 2004.

Respectfully submitted,

/s/
R. Blake Brunkenhoefer (S.D.Tex. #15559)*
BRUNKENHOEFER & ASSOCIATES, P.C.
1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
(361) 888-6655
Fax (361) 888-5855
bbrunk@gulfattorneys.com
(* Admitted Pro Hac Vice)

                /s/
W. Charles Bailey, Jr. (#23580)
SIMMS SHOWERS, LLP
Suite 702
20 South Charles Street
Baltimore, Maryland 21201
(410) 783-5795
Fax (410) 783-1368
wcbailey@simmsshowers.com

**CERTIFICATE OF SERVICE**

I, R. Blake Brunkenhoefer, do hereby certify that a true and correct copy of the above and foregoing document was served via e-mail notification from the District Court and in the manner indicated, upon:

| | |
|---|---|
| M. Hamilton Whitman, Jr. <br> OBER, KALER, GRIMES <br> & SHRIVER, P.C. <br> 120 E. Baltimore Street <br> Baltimore, MD 21202 <br> **(VIA FAX (410) 547-0699)** | James D. Skeen <br> WRIGHT, CONSTABLE <br> & SKEEN, L.L.P. <br> 1 Charles Center, 16th Floor <br> 100 N. Charles Street <br> Baltimore, MD 21201 <br> **(VIA FAX (410) 659-1350)** |
| Jeffrey J. Asperger <br> Erin Walz <br> ASPERGER CARAHER, L.L.C. <br> Three Illinois Center <br> 303 East Wacker Drive, Suite 1000 <br> Chicago, Illinois 60601 <br> **(VIA FAX (312) 856-9905)** | Bernard J. Sevel <br> ARNOLD, SEVEL & GAY, P.A. <br> Two N. Charles Street, Suite 560 <br> Baltimore, MD 21201 <br> **(VIA FAX (410) 837-7820)** |
| Robert G. Clyne <br> HILL, RIVKINS & HAYDEN, L.L.P. <br> 45 Broadway, Suite 1500 <br> New York, NY 10006-3739 <br> **(VIA FAX (212) 669-0698)** | James W. Bartlett, III <br> SEMMES, BOWEN & SEMMES <br> 250 W. Pratt Street, 16th Floor <br> Baltimore, MD 21201-2423 <br> **(VIA FAX (410) 539-5223)** |
| Francis J. Gorman <br> GORMAN & WILLIAMS <br> Two N. Charles Street, Suite 750 <br> Baltimore, MD 21201 <br> **(VIA FAX (410) 528-0602)** | W. Charles Bailey, Jr. <br> SIMMS SHOWERS, L.L.P. <br> 20 S. Charles St., Suite 702 <br> Baltimore, MD 21201-3291 <br> **(VIA FAX (410) 783-1368)** |

in accordance with all applicable provisions of the Federal Rules of Civil Procedure, on this the 14th day of October, 2004.

/s/
R. Blake Brunkenhoefer