UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**JAMES K. BREDAR**
**U.S. MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

October 26, 2004

Marland Hamilton Whiteman, Jr., Esquire
Eric M. Veit, Esquire
Ober Kaler Grimes and Shriver
120 East Baltimore Street
Baltimore, Maryland  21202-1643

John Walter Sippel, Jr., AUSA
Office of the U.S. Attorney
Sixth Floor, U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland  21201

Bernard J. Sevel, Esquire
Arnold Sevel and Gay PA
B&O Bldg, Suite 540
Two North Charles Street
Baltimore, Maryland  21201

W. Charles Bailey, Jr., Esquire
Simms Showers LLP
20 South Charles Street, Suite 702
Baltimore, Maryland  21201-3754

James D. Skeen, Esquire
Skeen and Kauffman LLP
800 North Charles Street, Suite 400
Baltimore, Maryland  21201

Jeffrey J. Asperger, Esquire
Asperger Caraher LLC
Three Illinois Center
303 East Wacker Drive
Chicago, Illinois  60601

Francis Joseph Gorman, Esquire
Gorman and Williams PC
Two North Charles Street, Suite 750
Baltimore, Maryland  21201

James W. Bartlett, III, Esquire
Alexander M. Giles, Esquire
250 West Pratt Street
Baltimore, Maryland  2101

James A. Saville, Esquire
Robert G. Clyne, Esquire
Hill Rivkins and Hayden LLP
45 Broadway Suite 1500
New York, New York  10006-3739

Subject:  *In the Matter of the Complaint of Eternity Shipping, Ltd. and Eurocarriers, S.A. for Exoneration from or Limitation of Liability v American Bureau of Shipping*
Civil No. BEL-01-250

Dear Counsel:

Letter to Counsel - *Eternity Shipping v Am Bureau of Shipping*
Page 2
October 26, 2004

     Please be advised that a mediation and settlement conference in the above-captioned matter has been scheduled for **Wednesday, January 26, 2005, at 10:00 a.m.** to be held in my chambers (Room 8C, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland).  It is required that the parties, or in the case of the government, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is <u>not</u> sufficient.  *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

     No later than **Wednesday, January 19, 2005**, I would like to receive by regular mail, <u>not</u> electronically, from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

     The letters may be submitted *ex parte* and will be soley for my use in preparing for the settlement conference.  I also will review the pleadings in the court file.  Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify.  If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

     The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d).

     Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                                                Very truly yours,

                                                       /s/

                                              James K. Bredar

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.

Letter to Counsel - *Eternity Shipping v Am Bureau of Shipping*
Page 3
October 26, 2004

                                                    United States Magistrate Judge

JKB/cw
cc: The Hon. Benson E. Legg
    Court file
    Chambers file