IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF ETERNITY SHIPPING, LTD. AND EUROCARRIERS, S.A., FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * | CIVIL ACTION NO. L01CV0250 |
| * * * * * * * * | * | |
| TATE & LYLE NORTH AMERICAN SUGARS, INC., | * | |
| Claimant and Third-Party Plaintiff | * | |
| v. | * | |
| AMERICAN BUREAU OF SHIPPING | * | |
| Third-Party Defendant | * | |
| * * * * * * * * | * | |

**MEMORANDUM IN PARTIAL OPPOSITION TO LIMITATION PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THE FIRST AMENDED CLAIM FOR DAMAGES OF JOSEPHINA GONZALES AND IN FURTHER SUPPORT OF <u>AMERICAN BUREAU OF SHIPPING'S MOTION FOR SUMMARY JUDGMENT</u>**

Third-Party Defendant, American Bureau of Shipping ("ABS"), by its attorneys, Robert G. Clyne and James A. Saville, Jr. of Hill Rivkins & Hayden LLP, and James M. Bartlett, III of Semmes Bowen & Semmes, P.C., submits this Memorandum in Opposition to Eternity Shipping Ltd. and Eurocarriers S.A.'s (collectively "Limitation Plaintiffs") Motion for Summary Judgment against Third-Party Plaintiff Josephina Gonzales ("Gonzales") only to the extent that Limitation Plaintiffs' motion seeks the dismissal of ABS' claim for contribution and indemnity and states as follows:

**PRELIMINARY STATEMENT**

Limitation Plaintiffs' motion for summary judgment seeks dismissal of the claims of Claimant Josephina Gonzales ("Gonzales") and, in the alternative, argues that should the Court not dismiss her claims, Gonzales would not be entitled to recover non-pecuniary losses from either the Limitation Plaintiffs or third parties such as ABS. ABS agrees. As set forth in Point I, Limitation Plaintiffs correctly argue that irrespective of whether Gonzales' claims are couched as a Jones Act negligence claim or a claim under the general maritime law, to the extent she seeks recovery of non-pecuniary losses, Gonzales is not entitled to recover them from either Limitation Plaintiffs or ABS.

Limitation Plaintiffs' motion for summary judgment also seeks dismissal of ABS' claims for indemnity and contribution. However, as set forth in Point II, as ABS' claims for indemnity and contribution arise not from obligations owed by Limitation Plaintiffs to Claimants Gonzales and Tate & Lyle North American Sugars, Inc. (Tate & Lyle"), but rather from an independent agreement between ABS and Limitation Plaintiffs, ABS' claims are not barred. Therefore, only to the extent Limitation Plaintiffs' motion for summary judgment seeks dismissal of ABS' claims, it should be denied.

In the interests of brevity, ABS will not recite the undisputed facts set forth in its motion for summary judgment and incorporates them herein by reference.[1]

---

[1] ABS' has already moved for summary judgment with respect to Gonzales' claims. Consequently, should the Court grant ABS' motion, then the issue of whether Gonzales is entitled to recover non-pecuniary damages from ABS is moot. However, should the Court deny ABS' motion for summary judgment, ABS submits that Gonzales damages, if any, should be limited to her pecuniary losses as set forth herein.

# POINT I

## LIMTITATION PLAINTIFFS CORRECTLY ASSERT THAT GONZALES' NON-PECUNIARY DAMAGE CLAIMS ARE NOT RECOVERABLE FROM THIRD PARTIES SUCH AS ABS AND, THEREFORE, MUST BE DISMISSED

Although Gonzales appears to be claiming only economic and financial loss based upon her discovery responses in this action, her third-party complaint seeks to recover damages in the amount of $1,500,000.00. However, to the extent Gonzales' third-party complaint against ABS includes claims for non-pecuniary losses, those damages are not recoverable from ABS under the general maritime law and, therefore, must be dismissed.

**A.     Under the General Maritime Law, Non-Pecuniary Damages Are Not Recoverable Against ABS**

Gonzales has correctly invoked the admiralty jurisdiction of this Court, as it is well established that the services provided by classification societies are uniquely maritime in nature and, therefore, within the realm of the admiralty jurisdiction of the federal courts. *See Sundance Cruise Corp. v. American Bureau of Shipping*, 7 F.3d 1077 (2d Cir. 1993). Accordingly, whether or not Gonzales is entitled to recover non-pecuniary losses from ABS is a question of law to be decided by the Court within the well established parameters of the general maritime law.[2] *Tucker v. Fearn*, 333 F.3d 1216 (11th Cir. 2003). Although neither the United States Supreme Court nor the Court of Appeals for the Fourth Circuit has had occasion to address the issue of whether a Jones Act seaman, such as Gonzales, is entitled to recover non-pecuniary damages from a non-employer third-party under the general maritime law, the overwhelming majority of district courts which have considered this issue have held that non-pecuniary

---

[2] Non-pecuniary damages include, among others, grief, bereavement, mental anguish, loss of society and loss of consortium. *In re Complaint of Stone Energy Corp.*, 2003 WL 21730621 (E.D. La. 2003).

damages are not recoverable by Jones Act seaman irrespective of whether such damages are sought from their employer or third-parties.

As Limitation Plaintiffs correctly note, in *Miles v. Apex Marine Corporation*, the United States Supreme Court held that the parents of a deceased Jones Act seaman could not recover non-pecuniary damages regardless of whether the claim was couched as one for unseaworthiness under the general maritime law or one for negligence under the Jones Act. *Miles v. Apex Marine Corporation*, 498 U.S. 19, 33 (1990). Importantly, although Miles had sued the vessel owner, the operator and the charterer, only one of which could be considered the Jones Act employer, the holding that non-pecuniary losses were not recoverable was not limited to any one particular defendant. *Id*. at 37.

Recognizing that the holding in *Miles* did not turn on the identity of the defendant, and, therefore, was not limited to Jones Act employers, but on the importance of uniformity in the general maritime law, the majority of courts have correctly held that a Jones Act seaman cannot recover non-pecuniary damages from a non-employer third party. *See e.g., In re Complaint of Stone Energy Corporation*, 2003 WL 21730621 (E.D. La. 2003); *In re Goose Creek Trawlers, Inc.*, 972 F. Supp. 946, 950 (E.D.N.C. 1997); *Trident Marine, Inc. v. M/V ATTOCIS*, 876 F. Supp. 832 (E.D. La. 1994); *Carnival Cruise Lines v. Red Fox Industries, Inc.,* 813 F. Supp. 1185, 1187 (E.D. La. 1993)("The uniformity sought by the Court in *Miles* is best served by a rule that denies loss of society damages as against a third-party manufacturer when they would be similarly denied against an employer.") *aff'd* 18 F.3d 935 (5th Cir. 1994). Indeed, to make a distinction between employer and non-employer would result in the kind of inconsistency that

the Supreme Court sought to avoid in *Miles*. *See Williams v. Chemoil Corporation*, 2002 WL 662958 (E.D. La. 2002).[3]

Moreover, in its analysis the Supreme Court in *Miles* relied upon the Death on the High Seas Act ("DOHSA") in finding that non-pecuniary damages were not recoverable by Jones Act seaman. Importantly, DOHSA draws no distinction between employers and non-employers in stating that non-pecuniary damages are not recoverable. *Trident Marine*, 876 F. Supp. at 827. This Court should, likewise, not draw such a distinction as it would be discordant to the uniform vindication of maritime policies if this Court were to hold that non-pecuniary damages were not recoverable by a seaman or his estate when suing a Jones Act employer but were available when they are suing a non-employer defendant.

Furthermore, to hold that non-pecuniary damages were recoverable would ignore the Supreme Court's holding in *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 19 (1996). In *Yamaha*, a twelve year old girl was killed when the jet ski she was operating collided with an anchored vessel. *Id*. at 201-202. Her parents sued, among others, the manufacturer of the jet ski, contending that the jet ski had been defectively designed or manufactured. *Id*. The Court found that the girl could not be considered a "seafarer," that is a "seaman, longshoreman, or other person engaged in a maritime trade," and, therefore, held that her parents could allege claims based on both state law and the general maritime law. *Id*. at 200. Though the Court did not limit

---

[3] The minority of cases which hold that non-pecuniary damages are recoverable from third-parties by Jones Act seaman or their estates either rely on case law which pre-dates the Court's decision in *Miles*, *see, e.g., Rebstock v. Sonat Offshore Drilling*, 764 F. Supp. 75, 76 (E.D. La. 1991), or have been called into question by later decisions. *Sugden v. Puget Sound Tug & Barge Co.*, 796 F. Supp. 455 (W.D. Wash. 1992); *Davis v. Bender Shipbuilding and Repair Co.*, 27 F.3d 426, 430 (9th Cir. 1994)("There is nothing in *Miles* to suggest that the decision turned on the identity of the defendant.").

the Calhouns under the general maritime law, it is clear from this decision that had her parents been limited to general maritime law remedies – unsupplemented by state wrongful death law – they would not have been entitled to non-pecuniary damages. Id. at 211 ("If *Moragne's* wrongful death action did not extend to nonseafarers like Natalie, one could hardly argue that *Morange* displaced state-law remedies the Calhouns seek.)

In sum, though no evidence has been offered during the course of discovery to support such a claim, to the extent that Gonzales is indeed seeking to recover non-pecuniary damages from ABS, in view of the considerable case law and as correctly argued by Limitation Plaintiffs, ABS submits that Gonzales is not entitled to recover non-pecuniary losses from ABS as a matter of law.

## POINT II

### ABS' CLAIM AGAINST LIMITATION PLAINTIFFS FOR INDEMNITY AND CONTRIBUTION SHOULD NOT BE DISMISSED

As set forth in Point I, in a claim brought by a Jones Act seaman or his estate, neither a Jones Act employer, such as Eurocarriers S.A., nor a third party, such as ABS, can be held liable for non-pecuniary damages. However, to the extent that a third-party such as ABS could be held liable for non-pecuniary as well as pecuniary losses of a Jones Act seaman, contrary to the arguments of Limitation Plaintiffs in the present case, ABS would not be barred from recovering these sums by way of indemnity or contribution from the Limitation Plaintiffs.[4]

---

[4] We note that Limitation Plaintiffs' argument is directed solely to the issue of whether ABS can recover in contribution and/or indemnity the non-pecuniary losses of Gonzales. Limitation Plaintiffs do not make the argument that ABS would not be entitled to contribution or indemnity in connection with the claims of Tate & Lyle nor have

As Gonzales' claim is maritime in nature, it is well settled that ABS' claim for indemnity or contribution against Limitation Plaintiffs for amounts paid to Gonzales, if any, would be governed by the general maritime law. *Vaughn v. Farrell Lines, Inc.*, 937 F.2d 953, 956 (4th Cir. 1991); *Van Ommeren Bulk Shipping B.V. v. Copper T. Smith Stevedoring Co., Inc.*, 35 F. Supp. 2d. 469, 472 (D. Md. 1999). Under the general maritime law, Limitation Plaintiffs argue, that ABS would not be entitled to either contribution or indemnity from them. *See Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1434 (5th Cir. 1988); *see also* Restatement (Second) of Torts §886A, comment g. Limitations Plaintiffs are incorrect.

In *Simeon,* plaintiffs, an injured deckhand and his wife, filed suit against his Jones Act employer, T. Smith & Son, Inc. ("Smith") alleging Jones Act negligence and unseaworthiness, and the vessel owner, Lumar Marine, Inc. ("Lumar"), alleging general maritime negligence. *Id*. at 1423. Following a jury verdict in favor of plaintiffs, both parties appealed various findings of the court. Among other issues, Smith argued that as a Jones Act employer it could not be held jointly liable with Lumar, a maritime defendant. The Court flatly rejected Smith's argument, ruling that there was no prohibition under the general maritime law for holding a Jones Act employer and maritime defendant jointly and severally liable. *Id*. at 1431. Therefore, the Court held Lumar had a valid claim for contribution against Smith for the pecuniary losses awarded plaintiff subject to the Court's allocation of fault.[5] *Id*. at 1432. The Court, however, held that Lumar was not entitled to contribution from Smith in respect to Lumar's liability for loss of

---

they argued that ABS would not be entitled to indemnity or contribution in connection with Gonzales' claims for pecuniary loss. As such, they are not subject to Limitation Plaintiffs' motion to dismiss and are not addressed here.
[5] Limitation Plaintiffs admit that there is no evidence of negligence on the part of ABS, a conclusion which is supported by the undisputed evidence that demonstrates that the crew's actions in overriding the limit switch and "two blocking" the crane cause the luffing wire to part and the crane to collapse. *See* Limitation Plaintiffs Brief at 17; ABS Brief at 16.

consortium, opining that under the "traditional view" there can be "no contribution between concurrent tortfeasors unless they share a common legal liability to plaintiff. *Id*. at 1434. As the court noted:

> If there was never such a liability, as where the contribution defendant has the defense of family immunity, assumption of risk, or the application of an automobile guest statute or the substitution of workers' compensation for common law liability, then there is no liability for contribution.
> *Id*.

Based on this holding, Limitation Plaintiffs' suggest to this Court that they can not be held liable to ABS for contribution and/or indemnity on any basis. This however, is incorrect. The court in *Simeon*, made clear, a claim for contribution is not barred if the "concurrent" tortfeasor:

> who is immune from plaintiff's direct action and thus immune from a traditional contribution claim, owes the other concurrent tortfeasor some independent duty, or has made some express or implied promise to that tort-feasor so that a "contribution" action is permissible. This type of "contribution" does not arise because of an obligation running from the contributing tort-feasor to the plaintiff; it rather arises because of the relationship directly between the tort-feasors themselves.

In *Simeon* no party sought to prove the existence of any such obligation running between the tortfeasors. *Simeon*, 852 F.2d at 1435. However, in the present case, ABS has submitted evidence that the agreement between Eurocarriers and ABS required Eurocarriers to indemnify and hold ABS harmless. *See* Affirmation of Joseph Fortin dated October 6, 2004, Ex. 1. Therefore, ABS submits that an action for indemnity and contribution by ABS would be permissible as the obligation which gives rise to the ABS' claim does not arise from a duty which Limitation Plaintiffs may have owed the Claimants, but rather arises from the agreement between ABS and Limitation Plaintiffs. This contractual basis for ABS' claims against

Limitation Plaintiffs would not be prohibited and does not limit the type of damages which may be recovered from Limitation Plaintiffs.[6]  In addition, Limitation Plaintiffs have not argued that ABS is not entitled to indemnity and contribution with respect to Gonzales' pecuniary damages, if any.

As a result, ABS submits that only to the extent that Limitation Plaintiffs' motion for summary judgment seeks dismissal of ABS' claims for indemnity and contribution, it should be denied.

## CONCLUSION

For the reasons set forth herein, ABS respectfully submits that Limitation Plaintiffs are correctly argue that Gonzales is not entitled to recover non-pecuniary damages from either Limitation Plaintiffs or third parties such as ABS.  However, to the extent that Limitation Plaintiffs' motion for summary judgment seeks dismissal of ABS' claims for indemnity and contribution, it should be denied.

Dated:  New York, New York
         November 8, 2004

                                                     /s/
                                       Robert G. Clyne
                                       Federal Bar No. 81037

                                                     /s/
                                         James A. Saville
                                         Federal Bar No. 81036

---

[6] Clearly, Limitation Plaintiffs reliance on *Mahone v. McGraw-Edison Company*, 281 F. Supp. 582 (E.D. Va. 1968), is misplaced as the case is inapposite on is facts and law (as it was decided under Virginia law) and would not, in any event, be applicable in circumstances where the parties had a separate agreement, as here.

        Hill Rivkins & Hayden LLP
        45 Broadway, Suite 1500
        New York, New York 10006
        (212) 669-0600 Telephone
        (212) 669-0698 Facsimile

        and

        James W. Bartlett, III
        Federal Bar No. 00017
        Semmes, Bowen & Semmes, P.C.
        250 West Pratt Street
        Baltimore, Maryland  21201-2423
        (410) 539-5040  Telephone
        (410) 539-5223  Facsimile


        Attorneys for American Bureau of Shipping