UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

December 15, 2004

MEMORANDUM TO COUNSEL RE:   In the Matter of the Complaint of Eternity Shipping, Ltd., *et al*., for Exoneration from or Limitation of Liability
Civil #L-01-250

Dear Counsel:

On November 8, 2004, M. Hamilton Whitman, Jr., Esquire, counsel for Limitation Plaintiffs, advised the Court in writing of a problem that had arisen while the parties were briefing dispositive motions. Specifically, Mr. Whitman stated that:

(i)   in its Motion for Sanctions, Claimant Tate & Lyle North American Sugar, Inc. ("T&L") quoted from, and attached portions of, the United States Coast Guard Marine Casualty Investigation Report ("the Report") on the accident that gave rise to this lawsuit. According to Mr. Whitman, 46 U.S.C. § 6308 provides that no part of that report is admissible as evidence in this case. In order to avoid review of the Report by the undersigned, who will be the finder of fact in this case, Mr. Whitman requested that the Court refer the Motion for Sanctions to a magistrate judge for a ruling; and

(ii)   T&L included the Report or similar materials in its motion for summary judgment as to claimant Josefina Gonzales' claim. Mr. Whitman stated that he was communicating with other counsel to fashion a remedy so that the undersigned would not consider these materials. Mr. Whitman suggested that, in the meantime, the Court and its law clerks should refrain from reading or considering T&L's motion and Ms. Gonzales' response.

By letter dated November 19, 2004, James D. Skeen, Esquire, counsel for T&L, told the Court that the parties had reached an agreement as to how to resolve the above issues. The parties proposed the following for the Court's approval:

(i)   T&L and Ms. Gonzales will file an Amended Response to American Bureau of Shipping's ("ABS") Motion for Summary Judgment;

    (ii)    T&L's Motion for Sanctions will be referred to a magistrate judge upon the filing of T&L's reply memorandum; and

    (iii)    all reply briefs in support of pending motions will be due two weeks from the date on which T&L and Gonzales file their Amended Response to ABS's Motion for Summary Judgment.

The Court notes an inconsistency in the letters submitted by Mr. Whitman and Mr. Skeen. In his November 8th letter, Mr. Whitman states that T&L included portions of the Report in its motion for summary judgment. Mr. Skeen's letter, however, does not mention T&L's summary judgment motion. Rather, it proposes that T&L and Ms. Gonzales file an Amended Response to ABS's summary judgment motion. The Court is unclear as to how the Amended Response to ABS's motion will cure the problem with T&L's motion for summary judgment.

Accordingly, on or before December 22, 2004, Counsel shall CLARIFY for the Court, in writing,

    (i)    which motions and opposition briefs quote, refer to, or attach portions of the Report. Counsel shall state the title and docket number of each such motion and brief;

    (ii)    whether T&L quoted, or included portions of, the Report in its motion for summary judgment and, if so, why Counsel have not proposed that T&L file an amended motion; and

    (iii)    whether T&L only included portions of the Report in its response to ABS's motion, and not in its own summary judgment motion.

After the Court receives Counsel's response, it will rule on Counsel's proposal. In the meantime, the Court and its law clerks will continue to refrain from reviewing any of the pending summary judgment briefs and T&L's Motion for Sanctions.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

    Very truly yours,

    /s/

    Benson Everett Legg

c:	Court file