REPUBLIC OF THR PHILIPPINES)
MAKATI CITY                                ) S.S.

## SUPPLEMENTAL AFFIDAVIT

I, RUBEN T. DEL ROSARIO, of legal age, married and with office address at 15th Floor, Pacific Star Building, Makati, Avenue corner Sen. Gil Puyat Avenue, 1200 Makati City, Philipplines after being duly sworn to in accordance with law, hereby depose and say:

1. I am a practicing lawyer in the Philippines and the managing partner of the law firm of Del Rossario and Del Rossario, a law firm specializing in maritime and admiralty law. A copy of my Curriculum Vitae stating the licenses I hold, my experience and qualifications are annexed to my Affidavit of October 5, 2004 (Exhibit F to Motion for Summary Judgment) as Exhibit 1, which I fully incorporate herein by reference. I am competent to testify regarding the matters stated in this Supplemental Affidavit.

2. To further my Affidavit of October 5, 2005, provided in this case to advise generally of the jurisdiction and scope of the Philippine National Labor Relations Commission, I have been requested to specifically comment on the import of two cases from the Supreme Court of the Philippines, <u>Tolosa v. National Labor Relations Commission, et al</u>, G.R. No. 149578, Apr. 10, 2003 and <u>Ocheda v. Court of Appeals</u>, G.R. No. 85517, Oct., 16, 1992. Complete and true copies of these cases are attached respectively as Exhibits A and B.

3. The decision in Tolosa was made based on the peculiar facts of that case. Evelyn Tolosa, wife of the deceased Captain Tolosa, sued the Chief Mate and Second Mate in the National Labor Relations Commission for gross negligence resulting in the death of Captain Tolosa while serving on board the vessel "LADY DONA". Evelyn alleged that the inaction of the two said officers in providing adequate medical attention to the sick Captain Tolosa led to the deterioration and eventual death of the latter. The main issue was whether Evelyn's claim was cognizable by the NLRC or by the regular courts.

4. Based on the Complaint and the pleadings filed by Evelyn Tolosa, the Supreme Court observed: "It is evident that she sued Pedro Garate and Mario Asis for gross negligence. Petitioner's complaint/position paper refers to and extensively discusses the negligent acts of shipmates Garate and Asis, who had no employer-employee relation with Captain Tolosa." (p. 298).

5. Proceeding from this set of facts, the Supreme Court held that:



> "The jurisdiction of labor tribunals is limited to disputes arising from employer-employee relations . . . While it is true that the <u>labor arbiters and the NLRC have jurisdiction to award not only reliefs provided by labor laws, but also damages governed by the Civil Code</u>, these reliefs must still be based on an action that has a reasonable causal connection with the Labor Code, other labor statutes, or collective bargaining agreements."

(pp. 299 - 300) (underscoring supplied).

6. Thus, the Supreme Court in the <u>Tolosa</u> case actually acknowledged that the jurisdiction of the Labor Arbiters extends to giving awards for damages governed by the Civil Code, such as tort, as long as the same has a reasonable causal connection with employer-employee relations.

7. The case of <u>Ocheda vs. Court of Appeals</u> refers to a claim for tort for the negligent operation of a building elevator which resulted in the death of Eduardo Santos, a painter who was employed by petitioner Ocheda, a subcontractor for a painting job. Eduardo had died accidentally while painting the wall of the shaft of the building elevator when the elevator boy, an employee of the contractor, mistakenly brought the elevator up the sixth floor instead of bringing it down to the first floor, as instructed.

8. The regular court assumed jurisdiction over the case for tort and after due hearing, rendered a decision finding petitioner jointly liable with the contractor for the burial expenses, moral damages, attorney's fees and costs of suit. On appeal before the Court of Appeals, the award of damages was reduced and the award of attorney's fees was vacated.

9. Petitioner elevated the matter to the Supreme Court, where he belatedly sought to nullify the court's judgment by arguing that the regular court had no jurisdiction over the case because the claim for tort arises out of the employer-employee relations between petitioner and the deceased Eduardo Santos, and hence, is within the exclusive jurisdiction of the NLRC.

10. In dismissing the petition, the Supreme Court principally relied, not on the substance of the argument, but on the matter of estoppel. The Court explained that once a party voluntarily submits to a case and then encounters an adverse decision on the merits, it would be improper and too late, to say the least, for the loser to question the jurisdiction or power of the court.

11. The Supreme Court's decision to uphold the regular court's jurisdiction was only a secondary reason for the dismissal of the petition. Even then, the Supreme Court never declared that the Labor Arbiters are without jurisdiction over tort claims. Instead, the Supreme Court was careful to explain that the Labor Arbiter in the case before it had no jurisdiction over the case because the particular claim (negligent

2

operation of the elevator by the contractor's employee) had no causal connection with the employer-employee relationship between petitioner (subcontractor) and Eduardo.

I attest to the truth of the above facts.

Makati City, __ February 2005.