IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| IN THE MATTER OF<br>THE COMPLAINT OF<br>ETERNITY SHIPPING, LTD. AND<br>EUROCARRIERS, S.A.<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | *<br>*   Civil Action No.: L01CV0250<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION OF CLAIMANT TATE & LYLE NORTH AMERICAN SUGARS. INC. FOR MODIFICATION OF DISCOVERY SCHEDULE

NOW COMES Claimant, TATE & LYLE NORTH AMERICAN SUGARS, INC. (hereinafter referred to as "Tate & Lyle"), by and through its attorneys, ASPERGER ASSOCIATES LLC, and respectfully requests that this Court enter an order allowing for a modification of the discovery schedule pursuant to Magistrate Judge Bredar's February 24, 2005 Memorandum and Order.

    1.    This matter involves the July 29, 2000 failure of ship's crane #4 which was used by the crew of the M/V Leon I to clean caked sugar from the portside aft coaming of hatch 6A of the vessel. The incident occurred while Tate & Lyle was using shore cranes to discharge sugar at Tate & Lyle's refinery. The crew members were suspended over hatch 6A in a work basket chipping sugar when the luffing wire rope of crane #4 suddenly failed and parted, resulting in the collapse of the jib of crane #4 onto the shore crane of Tate & Lyle and the deaths of two Leon I crew members.

    2.    Following the investigations of the incident, the luffing wire from crane #4 was released to and has been in the possession and control of Limitation Plaintiffs Eternity Shipping, Ltd. and Eurocarriers, S.A. (hereinafter referred to as "ESL/EC").

3.   ESL/EC notified Tate & Lyle that they would preserve the wire rope at the premises of one of their consultants, Chesapeake Engineering and Design in Annapolis.

4.   In October 2003, ESL/EC inspected the wire rope without notifying Tate & Lyle and without providing an inspection procedure or protocol.

5.   During the inspection a strand of the wire rope was physically cut and removed from the critical break area. No records were made to precisely document where lubricant had been removed, measurements taken or other alterations of the physical condition and appearance had occurred.

6.   Tate & Lyle learned of the inspection while conducting depositions of ESL/EC and ABS' disclosed experts, Willem Schoonmade and Don Sayenga, in late August 2004.

7.   ESL/EC also failed to disclose the reports of Captain Heiner Popp who had been aboard the M/V Leon I on the date of the occurrence and who attended the October 2003 wire rope inspection.

8.   Tate & Lyle filed a motion for sanctions regarding the failure to disclose the inspection and alteration of the wire rope as well as the failure to disclose Captain Popp as a fact witness.

9.   Magistrate Judge Bredar denied Tate & Lyle's request for sanctions, however in his February 24, 2005 Memorandum and Order he found:

> "The only prejudice identified by Claimant in regard to the purported failure to timely release Captain Popp's reports is the inability to have taken his deposition prior to the close of fact discovery. This is easily cured, and the Court disagrees that reopening discovery for this purpose would not adequately address such issue as there is."

He further found:

"[E]xclusion of expert testimony in this case would be a draconian measure and, again, a reopening of discovery to allow Claimant to establish its own expert evidence clearly will be sufficient."

"The parties are hereby directed to immediately confer and resolve their discovery issues consistent with this Memorandum and Order. On the assumption that a modification to the discovery schedule order will be required, the parties' joint motion for such modification shall be presented to Chief Judge Legg on or before March 10, 2005."

10. Tate & Lyle has attempted to confer with the parties pursuant to Local Rule 104.7 to arrange the depositions of both Captain Popp and its disclosed rebuttal expert, Mike Parnell, in order to present a joint motion to the court. However, Third Party Defendant American Bureau of Shipping (hereinafter referred to as "ABS") has refused to proceed with any additional discovery until further order of the Court.

11. This additional discovery is necessary in order for the Court to have a complete record when reviewing the parties' briefs on ABS' motion for summary judgment which asserts that it is entitled to summary judgment as a matter of law because it was merely a surveyor of the M/V Leon I and therefore had no duty to Tate & Lyle.

Tate & Lyle sets forth its reasons why a modification of the discovery schedule is necessary in its Memorandum in Support of this Motion, which is attached hereto and incorporated herein.

ASPERGER ASSOCIATES LLC

_____/s/_____
Jeffrey J. Asperger

Jeffrey J. Asperger
ASPERGER ASSOCIATES LLC
303 East Wacker Drive, Suite 1000
Chicago, Illinois 60601
(312) 856-9901

3