## James A. Saville

| | |
|---|---|
| **From:** | Jeff Asperger [JAsperger@aspcar.com] |
| **Sent:** | Tuesday, September 07, 2004 12:12 PM |
| **To:** | 'Whitman, M. Hamilton Jr.' |
| **Cc:** | Erin Walz; Robert G. Clyne; James A. Saville; jskeen@skaufflaw.com; jbartlett@mail.semmes.com; bbrunk@gulfattorneys.com; wcbailey@simmsshowers.com; berniesevel@aol.com; wzphl@aol.com; FJGorman@GandWlaw.com; Veit, Eric; Lee, Peggie; Palmere, Paula K |

**Subject:** RE: M/V LEON I Limitation Proceeding

Dear Tony,

We provided notice and a protocol in advance of our inspection advising the parties of what we intended to do. There were no objections. We simply removed lubrication in order to examine the wires, a standard procedure as shown in the literature. We documented what we did photographically, and all parties had experts and counsel present. When we were leaving CED, I spoke with Cliff Dean and he assured me the rope would be returned to the warehouse and preserved. Expert witness Don Sayenga testified that he was concerned that lack of lubrication may permit corrosion to occur. EC and Eternity have already permitted alteration of the evidence without notice to T&L. This shall serve as notice that failure to preserve the wire rope and, in particular, the break site through proper storage methods, including replacement of lubrication, is the sole responsibility of EC and Eternity as custodians. I am available this week to discuss scheduling matters. I must note, however, that although we have been in contact with the court in Miami, they do not yet know when the trial will be rescheduled. It could be within the next three weeks. I suggest we discuss dates subject to this caveat. How about this afternoon at 3 pm EDT?

As for Parnell and Hislop, we were shocked to learn that an inspection of the wire rope was conducted a year ago and that the condition was altered with the permission and assent of EC and Eternity, all without any notice to T&L in advance, or before the close of fact discovery. We are evaluating all options.

Jeff

> -----Original Message-----
> **From:** Whitman, M. Hamilton Jr. [mailto:mhwhitman@ober.com]
> **Sent:** Sunday, September 05, 2004 12:46 PM
> **To:** jasperger@aspcar.com
> **Cc:** ewalz@aspcar.com; RClyne@hillrivkins.com; JSaville@hillrivkins.com; jskeen@skaufflaw.com; jbartlett@mail.semmes.com; bbrunk@gulfattorneys.com; wcbailey@simmsshowers.com; berniesevel@aol.com; wzphl@aol.com; FJGorman@GandWlaw.com; Veit, Eric; Lee, Peggie; Palmere, Paula K
> **Subject:** M/V LEON I Limitation Proceeding
>
> Dear Jeff:
>
> I have today seen your fax of Friday afternoon, 3 September concerning the wire rope. We have no intention or desire to engage in gamesmanship over the condition of the wire rope at trial, and we trust that the same is true of the other parties.
>
> The storage and condition of the wire rope are a matter of record in the case and will continue to be so. If Mr. Parnell's inspection "altered" the condition of the wire rope, as appears to have occurred, it is not possible for Mr. Dean or anyone else to restore the wire rope exactly to its previous condition. Similarly, any relubrication cannot precisely replicate the condition of the wire rope lubrication before Mr. Parnell's inspection. Reasonable expert testimony on both sides at trial, however, can be expected to take all that into account, and to render any such "alteration" immaterial to the case.

If you have any further concerns, I ask that they be conveyed to me promptly.  I also ask that you provide me with your response to my fax of Thursday morning, 2 September, concerning your intentions with regard to Mr. Parnell and Mr. Hislop.

Regards,

Tony Whitman

**M. Hamilton Whitman, Jr.**
410-347-7354
mhwhitman@ober.com

O B E R | K A L E R

*Attorneys at Law*

www.ober.com
410-547-0699 -- Fax
120 East Baltimore Street
Baltimore, Maryland 21202