UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

September 21, 2005

MEMORANDUM TO COUNSEL RE:   In the Matter of the Complaint of Eternity Shipping, Ltd., *et al.*, for Exoneration from or Limitation of Liability
Civil #L-01-250

Dear Counsel:

In anticipation of today's telephone hearing, I have prepared the following list of questions raised by my review of the papers. Please be prepared to address them orally during the telephone conference.

**A. Rule 44.1 Notice**

1) Did Mrs. Gonzales file a suit in the Philippines, recovering $50,000?

2) What is the effect of the suit on the instant action?

3) Under Admiralty Law, what must Mrs. Gonzales prove in order to recover against (a) the ship, and/or (b) Domino Sugar?

4) Is Mrs. Gonzales's claim governed by her late husband's contract of employment with Eternity?

5) Is Mrs. Gonzales relying on any body of law other than the Admiralty Law of the United States?

6) Is any party relying for a claim or a defense on the law of the Philippines, Malta, Greece or any country other than the United States?

**B. The Accident**

1) The accident occurred on July 29, 2000. Bosun Balita of the M/V Leon I was operating the ship's crane #4. Two crew members were suspended over hatch 6A in a work basket chipping sugar when the crane's luffing wire rope suddenly parted. The jib of crane #4 collapsed, resulting in the sad death of two crew members. Were these the men who were in the work basket? The

jib also fell onto a shore crane that Domino was using to offload sugar causing property damage.

2) One issue is whether it was a violation of the work rules for (a) Bosun Balita to be operating the crane, and (b) the men who were killed to be in the work basket. Please explain.

3) It appears that the M/V Leon's crane was in the exclusive control of the ship's crew, meaning that Domino was not implicated in the accident. Is this correct?

4) What is the standard for determining liability? If the standard is negligence, what was the proximate cause of the accident? Do the claimants contend that Bosun Balita made a false move or that the wire cable was defective?

5) If the accident was caused by a defect in the cable, what is the test for determining liability? Must the claimants establish that the ship was using a cable that was (a) frayed, or (b) past its useful life?

6) What is the effect of the survey that ABS conducted seven months prior to the accident?

7) It appears that after the accident all sides surveyed the accident site and inspected the wire cable.

- Domino's inspections were conducted by Capt. C.G. Ross (July 29, 2000); Reading Crane and Engineering, which, I believe, inspected the ship's crane; Mike Parnell (August 24, 2004), a wire rope consultant; and Kevin Hilsop (August 24, 2004), a liability expert. Did anyone else conduct inspections?

- Eurocarriers hired Heiner Popp to inspect.

- ABS hired Donald Sayenga, who inspected the wire rope in October 2003.

8) Were any other consultants hired to inspect? My understanding is that all expert discovery is complete except for the depositions of Messrs. Popp and Parnell. Is this correct? Do counsel now agree on the scope of permissible discovery as to both men?

9) Is there an issue as to spoilation of the wire cable? I noticed two issues in the papers: (i) whether the cable should be greased to prevent rusting, and (ii) whether the cable was subjected to a destructive test.

10) Apart from the depositions of Bosun Balita and Heiner Popp, is there any other discovery that any party wishes to conduct?

11) Have all experts (save Popp and Parnell) submitted reports and been deposed?

12) If I re-open discovery, how long will it take for the new discovery to be completed? Because of the age of this case, I am eager to address the dispositive motions.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

Benson Everett Legg

c:   Court file