UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

September 22, 2005

MEMORANDUM TO COUNSEL RE:   In the Matter of the Complaint of Eternity
Shipping, Ltd., *et al*., for Exoneration from or
Limitation of Liability
Civil #L-01-250

Dear Counsel:

On September 21, 2005, the Court held a telephone conference regarding the pending motions. Before the conference, the Court sent to Counsel a list of issues to be addressed during the conference. All Counsel who wished to be heard on the issues were invited to participate in the telephone conference.

As discussed during the tape-recorded teleconference, the Court RULES as follows:

(i)   The Court DENIES AS MOOT the Limitation Plaintiffs' Motion to Reconsider Ruling on Praecipe as Rule 44.1 Notice (Docket No. 72). A Rule 44.1 Notice is not necessary because all parties have been aware since the beginning of the case that the Court will need to decide the effect that Ms. Gonzales's case in the Philippines has on the instant lawsuit.

(ii)   The Court GRANTS Tate & Lyle North American Sugars, Inc.'s ("Tate & Lyle") Motion for Modification of Discovery Schedule (Docket No. 129). Tate & Lyle may depose Captain Heiner Popp (as a fact witness) and expert Mike Parnell.

(iii)  Because the Court is allowing additional discovery, it ADMINISTRATIVELY CLOSES the pending summary judgment motions (Docket Nos. 73, 74, and 76). The parties may move to re-open the motions after discovery is complete and may file supplemental briefs based on the deposition testimony of Captain Popp and Mr. Parnell. To re-open a summary judgment motion, a party simply needs to state that it is moving to re-open its previously filed motion and is filing a supplemental brief.

(iv)  On or before September 28, 2005, counsel shall FILE a joint letter stating:

(a)   either (i) that the depositions of Captain Popp and Mr. Parnell will take place no later than a specified date, or (ii) the specific date on which

    each deposition will take place;

(b)  an agreed upon schedule for moving to re-open the summary judgment motions after the close of discovery and for filing supplemental briefs based on the deposition testimony of Captain Popp and Mr. Parnell. The parties may agree to file their supplemental briefs simultaneously; and

(c)  a two-week period in the month of November 2005 during which counsel will be available for an all-day hearing on the summary judgment motions.

  Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

           Very truly yours,

             /s/

           Benson Everett Legg

c:  Court file