

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**M. Hamilton Whitman, Jr.**
mhwhitman@ober.com
410-347-7354

**Offices In**
Maryland
Washington, D.C.
Virginia

October 28, 2005

**VIA ELECTRONIC FILING**

The Honorable Benson E. Legg
United States District Court
 for the District of Maryland
Third Floor, Room 340
101 W. Lombard Street
Baltimore, MD 21201

      Re:   In the Matter of the Complaint of Eternity Shipping Ltd., et al.
              for Exoneration from or Limitation of Liability
              Civil Action No.: L-01-CV-0250

Dear Judge Legg:

      I write to draw the Court's attention to a development this week which significantly affects the supplemental briefs scheduled to be filed with the Court on Monday, October 31, 2005. I respectfully request an immediate telephone conference in order to prevent abuse of the discovery process and a violation by Claimant Tate & Lyle North American Sugars, Inc. of the Court's recent Orders in connection with the pending motions for summary judgment

      Your Honor will recall that the Court's Memorandum to Counsel of September 22, 2005 permitted the parties to take the deposition of Tate & Lyle's rebuttal expert, Mike Parnell, and provided that the parties could file supplemental briefs "based on the deposition testimony of ... Mr. Parnell." That Memorandum also provided for the reopening of the motions for summary judgment, which the parties have accomplished. The Court's subsequent Memorandum Order dated October 4, 2005 provides that October 31, 2005 is the deadline for supplemental briefs "based on the deposition testimony of ... Mr. Mike Parnell" and provides for an all-day motions hearing on November 21, 2005.

      Mr. Parnell, who had been put forward and had submitted a report as a rebuttal expert for Tate & Lyle, was deposed on October 7, 2005. After 7:00 p.m. on this



The Honorable Benson E. Legg
October 28, 2005
Page 2

Wednesday, October 26, 2005, we received from counsel for Tate & Lyle, by e-mail, what Tate & Lyle's counsel describes as "the one-page supplement to Mr. Parnell's opinions in which he responds to the questions raised by Mr. Clyne during Mr. Clyne's interrogation during Parnell's deposition." Upon reading the "supplement," we learned that Mr. Parnell has generated additional opinions in the case and, in order to do so, has sought consultation with another purported expert, who has apparently testified in the past in other cases concerning wire rope related corrosion and pitting. A three-page report of that purported expert, apparently based upon his review of photographs in this case, was attached to the "supplement" report of Mr. Parnell.

The Court's Memorandum Orders of September 22 and October 4 have established that supplemental briefing would be "based upon the deposition testimony" of Mr. Parnell. The Court's Orders have not permitted Tate & Lyle to seek additional expert opinions and testimony beyond the scope of Mr. Parnell's original report and deposition testimony.

As counsel for Limitation Plaintiffs, we are concerned that Tate & Lyle intends to submit "supplement" materials with its briefing on Monday, October 31. The Court should preclude any such submission. Mr. Parnell's "supplement" report is woefully out-of-time and violates the limits imposed by the Court in its recent Memorandum Orders. As a practical matter, also, none of the other parties will have had the opportunity to take discovery of his new opinions, or of the expert upon whose report he bases those new opinions.

We ask that the Court convene counsel in a conference call this afternoon, if possible, to address this issue and to direct Tate & Lyle that the new opinions of Mr. Parnell contained in his "supplement" report, and the additional expert report upon which it was based, may not be included in any papers filed with the Court in connection with the pending motions for summary judgment.

We appreciate the Court's attention and consideration. In the event that your Honor is not available this afternoon, we would appreciate the referral of the matter to another judge for resolution today, if at all possible.

Respectfully yours,

M. Hamilton Whitman, Jr.

MHWjr/pkp
cc:    All Counsel Via E-Mail Only