**ASPERGER ASSOCIATES** LLC

*ATTORNEYS AT LAW*
Jeffrey J. Asperger
Direct: 312/240-0795
Email: jasperger@asplaw.net

November 18, 2005

**Via Electronic Filing and U.S. Mail**
The Honorable Benson E. Legg
United States District Court
for the District of Maryland
Third Floor, Room 340
101 W. Lombard Street
Baltimore, MD 21201

        RE:    In the Matter of the Complaint of Eternity Shipping, Ltd., et al,
                  For Exoneration from or Limitation of Liability
                  Civil Action No.: L-01-CV-0250

Dear Judge Legg:

       This is a follow up to the letter of November 16, 2005, submitted by Attorney Whitman.

       Pursuant to the Court's request, we have confirmed the availability of Mr. Parnell and Mr. Pellow by telephone on November 21, 2005, from 10 a.m. through noon, EDT. We will provide the Court with telephone numbers at the hearing.

       Contrary to Mr. Whitman's (and ABS') assertions, ABS Surveyor Roy Graham's September 25, 2000 recorded statement is not inadmissible pursuant to 46 U.S.C. §6308. Mr. Graham's statement was voluntarily given while he was acting in his representative capacity, in the presence of ABS counsel, and does not include findings of fact, opinions, recommendations, deliberations or conclusions made by the Coast Guard or any of its officers or employees. The point was made in *In re Danos & Curole Marine Contractors, Inc.*, in which the District Court admitted photographs taken by the Coast Guard because they "are [not] the type of conclusory items which the statute seeks to exclude." 278 F. Supp. 2d 783, 785 (E.D. La. 2003).

       There is more. The statement was not simply lifted by Tate & Lyle from the Coast Guard report as Mr. Whitman's letter might imply. Mr. Graham authenticated the statement when it was introduced, without objection from ABS, by Mr. Whitman in his questioning during Graham's deposition of June 25, 2003:

              Q. In connection with the Coast Guard investigation into this accident, do you recall being interviewed over the telephone?

              A. Yes.

**ASPERGER ASSOCIATES LLC**

ATTORNEYS AT LAW

The Honorable Benson E. Legg
United States District Court
November 18, 2005
Page Two

> Q. Have you since that time, in preparation for the deposition today, had an opportunity to review a transcript of that interview?
>
> A. Yes.
>
> > MR. WHITMAN: Let's have that marked please.
> > (Exhibit No. Graham - 13 is received and marked for identification by the Reporter.)
>
> Q. Mr. Graham, let me show you what's been marked as Graham Exhibit 13. Does that appear to you to be a copy of the transcript that you have now had an opportunity to review in preparation for this deposition?
>
> A. Yes.
>
> Graham dep., pp. 65-67.

Graham's prior statement is an admission against ABS, made by its Surveyor assigned to supervise the retrofit of the scrapped cranes to the Leon I, in the presence of counsel. It is offered for impeachment because it is inconsistent with Mr. Graham's later testimony given under oath at his deposition. Fed.R.Evid. 801(d). The statute cited contains no such specific prohibition to the admission of a voluntary statement by an independent witness, introduced by the party now seeking to exclude it, for the purpose of impeachment. See, *Royal Insurance Company of America v. Laurelton Welding Service, Inc., et al.*, 2004 WL 1336324 (E.D. Pa.), *In re Danos & Curole,* supra.

Respectfully,

Jeffrey J. Asperger

JJA:dmw

cc: All Counsel via E-mail only