UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

November 22, 2005

MEMORANDUM TO COUNSEL RE:  In the Matter of the Complaint of Eternity Shipping, Ltd., *et al*., for Exoneration from or Limitation of Liability
Civil #L-01-250

Dear Counsel:

The Court writes to discuss certain issues raised during the November 21st hearing and to set a schedule.

**I.    Issues Raised During November 21st Hearing**

**A.    Condition of the Vessel**

At yesterday's hearing, Mr. Brunkenhoefer argued that service as a "sugar ship" is the last phase of a vessel's life before it is broken up for scrap. There is no evidence supporting this proposition, however. Accordingly, the Court will not consider the "sugar ship" argument.

Mr. Asperger commented that the M/V LEON I was in poor condition when he visited the vessel. Mr. Asperger cannot offer evidence regarding his observations without making himself a witness and subjecting himself to discovery. Accordingly, his comments are outside the record.

**B.    Section 20(g) Argument**

At yesterday's hearing, Mr. Brunkenhoefer offered a time line (Hearing Exhibit 1) for the proposition that § 20(g) was not a part of seaman Gonzales's contract. Mr. Brunkenhoefer, however, has not offered the underlying documents mentioned in the time line or a brief demonstrating that his legal conclusions are correct. If Mr. Brunkenhoefer wishes to support his position, he shall FILE a brief and the underlying documents on or before December 5, 2005. If he does not file anything by that date, the Court will assume that he has abandoned this point. If Mr. Whitman wishes to FILE an opposition brief, he shall do so no later than December 12th.

On or before December 5, 2005, Counsel shall PROVIDE the following documents to the Court, which shall be clearly labeled as to their date and nature: (i) the contract that Mr. Gonzales signed with the applicable terms and conditions then in effect; and (ii) in chronological order, any subsequent changes to the contract through the date of Mr.

Gonzales's death, assuming that the date of his death is the operative date for measuring his available remedies.

### C. Limitation Actions

Mr. Brunkenhoefer argued that, as a practical reality, limitation actions are rarely, if ever, successful. Shipowners file such actions, but they are routinely stayed while claimants pursue their claims in other jurisdictions. Mr. Brunkenhoefer, however, has offered no case law, legal treatises, or other authority to support this proposition.

The docket reflects that the parties have not filed a demand for a jury trial. Accordingly, the discussion about the division of labor between judge and jury appears largely theoretical.

## II. Continued Hearing

The Court has the following dates available for the continued hearing: December 12th, 13th, and 14th. On or before December 2nd, Counsel shall confer, select one of the three dates, and NOTIFY the Court which date they have chosen.

Mr. Brunkenhoefer is at liberty to participated in the continued hearing by telephone.

## III. Summary of Deadlines/Schedule

| | |
|---|---|
| December 2, 2005: | Deadline for Counsel to notify the Court of the date they have chosen for the continued hearing |
| December 5, 2005: | Deadline for Counsel to file documents relating to Mr. Gonzales's contract |
| December 5, 2005: | Deadline for Mr. Brunkenhoefer's brief regarding § 20(g) |
| December 12, 2005: | Deadline for Mr. Whitman's opposition brief regarding § 20(g) |
| December 12, 13, or 14: | Continued hearing |

Despite the informal nature of this memorandum, it shall constitute an Order of the

Court and the Clerk is directed to docket it accordingly.

                                              Very truly yours,

                                                          /s/

                                              Benson Everett Legg

c:      Court file