

Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

M. Hamilton Whitman, Jr.
mhwhitman@ober.com
410-347-7354

Offices In
Maryland
Washington, D.C.
Virginia

December 7, 2005

BY ELECTRONIC FILING

The Honorable Benson E. Legg
United States District Court
for the District of Maryland
Third Floor, Room 340
101 W. Lombard Street
Baltimore, MD 21201

    Re:    In the Matter of the Complaint of Eternity Shipping Ltd., et al.
             for Exoneration from or Limitation of Liability
             Civil Action No.: L-01-CV-0250

Dear Judge Legg:

    It has just come to my attention that my letter of yesterday afternoon to your Honor contained a typographical error in the citation for the Limitation of Liability Act, 46 U.S.C. § 181 et seq. Enclosed is a corrected version of that letter.

                                   Respectfully yours,

                                   M. Hamilton Whitman, Jr.

MHWJr/pkp

cc:    All Counsel (by electronic filing)



Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

M. Hamilton Whitman, Jr.
mhwhitman@ober.com
410-347-7354

Offices In
Maryland
Washington, D.C.
Virginia

December 7, 2005

BY ELECTRONIC FILING

The Honorable Benson E. Legg
United States District Court
for the District of Maryland
Third Floor, Room 340
101 W. Lombard Street
Baltimore, MD 21201

## CORRECTED

Re: In the Matter of the Complaint of Eternity Shipping Ltd., et al.
for Exoneration from or Limitation of Liability
Civil Action No.: L-01-CV-0250

Dear Judge Legg:

This responds to Mr. Brunkenhoefer's two filings of early this morning on behalf of Claimant Mrs. Gonzales.

1. The Section 20(G) Filing

On the issue of Juan Gonzales's employment contract and Section 20(G) of the Standard Terms and Conditions, your Honor also has the letter of December 1 from Mr. Bailey on behalf of Mrs. Gonzales, requesting an extension of the time for briefing of the Section 20(G) issue and requesting that the Court consider additional, later dates for the resumed summary judgment hearing.

The Court's Memorandum Order of November 22, 2005 required counsel for Mrs. Gonzales to file a brief and the underlying documents on the Section 20(G) issue on or before December 5, 2005 or be deemed to have abandoned that point. Counsel's filing of



The Honorable Benson E. Legg
December 7, 2005
Page 2

this morning provides certain documents, without any affidavit or other support for their authenticity, but again requests an extension of time to brief the Section 20(G) issue until December 12, 2005.

If the Court agrees to the request on behalf of Mrs. Gonzales that the time for her briefing on the Section 20(G) issue be extended to December 12, Limitation Plaintiffs will be placed at an extreme disadvantage in attempting to respond in time for a hearing on December 12, 13, or 14, the dates proposed by the Court.

In the event that the Court extends the time for Mrs. Gonzales to brief the Section 20(G) issue until December 12, 2005, we ask that Limitation Plaintiffs be accorded seven days to respond, until December 19, 2005, and that the date for the resumed hearing be postponed accordingly.

2.   The Limitation Procedures Filing

The Court's Memorandum Order of November 22, 2005 observed that Mr. Brunkenhoefer had made certain arguments concerning the procedures applicable to the prosecution of limitation actions, and Mr. Brunkenhoefer has now filed a Memorandum Regarding the Prosecution of Limitation Actions (the "Gonzales Limitation Memorandum").

The Gonzales Limitation Memorandum makes certain arguments concerning procedures for cases under the Limitation of Liability Act, 46 U.S.C. § 181 et seq., and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Proceedings. It also, improperly, contains argument on the merits of the Limitation Plaintiffs' entitlement to limit their liability, a matter which was not raised in any summary judgment motion. The "examples" and other argument on the merits contained in Section I of the Gonzales Limitation Memorandum should be disregarded by the Court.

The procedural arguments raised in the Gonzales Limitation Memorandum barely scratch the surface of limitation trial procedure, but consideration of even those arguments is unnecessary at this time. The Court need not address, at the resumed summary judgment hearing, either the specific procedural issues raised in the Gonzales Limitation Memorandum or the other procedural issues that are likely to arise if the case goes forward to trial. Once the pending motions for summary judgment have been decided, if the overall case cannot be resolved in a settlement conference before a



The Honorable Benson E. Legg
December 7, 2005
Page 3

magistrate judge, the Court can then consider the appropriate procedure for trial, including those issues raised by the Gonzales Limitation Memorandum.

If the Court prefers to consider at this time the procedural issues raised (without benefit of motion) by Mrs. Gonzales, an orderly briefing schedule should be established. We respectfully request that the Court: (a) allow the Limitation Plaintiffs fourteen days in which to brief the overall procedural issues for this limitation action, including but not limited to those issues raised in the Gonzales Limitation Memorandum; (b) order that the arguments raised in the Gonzales Limitation Memorandum concerning the Limitation Plaintiff's entitlement to limit their liability will not be considered by the Court in ruling on the pending motions for summary judgment, as the deadline for filing motions for summary judgment has long passed and no motion was timely filed raising these issues, and (c) order that any party wishing to respond to the Limitation Plaintiffs' brief on limitation procedural issues may do so within a time to be set by the Court.

We look forward to hearing from your Honor, particularly with regard to a date for the resumed summary judgment motions hearing.

Respectfully yours,

M. Hamilton Whitman, Jr.

MHWJr./bak

cc:   All Counsel (by electronic filing)