IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| THE COMPLAINT OF | | |
| ETERNITY SHIPPING, LTD. AND | * | Civil Action No.: L01CV0250 |
| EUROCARRIERS, S.A. | | |
| FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CLAIMANT-JOSEFINA GONZALES' RESPONSE TO LIMITATION PLAINTIFFS' MEMORANDUM REGARDING LIMITATION PROCEDURES

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW JOSEFINA GONZALES ("Claimant"), in accordance with this Court's governing Orders, and files this her Response to "Limitation Plaintiff's Memorandum Regarding Limitation Procedures" (which, in itself, is a response to Claimant-Gonzales' "Memorandum Regarding the Prosecution of Limitation Actions"):

## I.
## RESPONSE

Limitation Plaintiffs have done a credible job of explaining how it is they are able to *file* the instant limitation action, and they cite some choice authority for the notion that they are not *certain* to lose their case, but, by focusing on what is *possible* rather than what is *likely* or *efficient*, Limitation Plaintiffs fail to address what Claimant-Gonzales perceives to be this Court's essential concerns: Namely, "Why is the case proceeding as it is?" and "What does the law say about how this Court should most efficiently manage this more-than-four-year-old litigation?" In her "Memorandum Regarding the Prosecution of Limitation Actions," Claimant-Gonzales has attempted to supply this Court with the legal and practical answers to its queries. Limitation Plaintiffs respond

by saying Claimant-Gonzales has, in essence, gone too far (i.e., in illustrating the inefficiency of Limitation Plaintiffs' chosen path). This is the "that hurt my case" objection, in its classic form. Claimant-Gonzales respectfully submits that, whether Limitation Plaintiffs like it or not, she has accurately foretold the *likely* course of this litigation and, rather than waiting until Limitation Plaintiffs have "run this thing into the ground," Claimant-Gonzales has simply and accurately explained to the Honorable Court not only why limitation actions typically do not prevail, but also why *this* limitation action will ultimately fail. From the lack of any substantive response, it appears she is not unduly bold in her assertions.

## II.
## MISCELLANEOUS MATTERS

In the section entitled "This Is Not A Case That Can Be Pursued Outside This Court,"[1] Limitation Plaintiffs are mistaken on a couple of accounts:

First, in their title and in the body of the argument which follows, Limitation Plaintiffs intimate that their rights under the Limitation Act cannot be protected outside of this federal court. This is inaccurate. While it is true that the shipowner's limitation action in itself cannot *proceed* in state court, the defense of state court maritime actions (i.e., where limitation may be an available defense) usually include pleadings which reserve the shipowner's right to adjudicate the limitation issues prior to the execution of any judgment rendered in the state court action. When the state court case is concluded, *if* there is any point to proceeding with the limitation action, *then* the limitation action begins in earnest.

Second, with respect to this particular case, Limitation Plaintiffs state:

---

[1] Limitation Plaintiff's *Memorandum*, Section II(C).

> "Counsel for Mrs. Gonzales has intimated that limitation actions are 'routinely stayed' while claimants pursue their claims in other venues. As a practical matter, however, such an approach is not applicable in this case, in which *no claimant has ever filed any independent action in any other forum*." [emphasis added]

See, *Limitation Plaintiff's Memo,* p. 7.

This is either a gross misstatement of the facts of this litigation, or it is yet another attempt by Counsel for Limitation Plaintiffs to oversimplify the case to avoid addressing contrary facts or law.

If Limitation Plaintiffs mean that no other independent action has been filed in connection with the incident, deaths and damages in question, well, that would be false: Claimant-Gonzales filed a separate, tort lawsuit in the Baltimore Federal Court and it was assigned Civil Action No. 01-327. Claimant-Tate & Lyle filed a separate lawsuit as well. Said actions, in deference to which the "limitation court" could have stayed the limitation proceedings upon a proper stipulation by the parties, never became an issue because *Claimants did not choose* to waste the time of the sister courts. However, by agreeing to have their claims adjudicated by the "limitation court," none of the Claimants were agreeing that limitation issues would necessarily be resolved prior to adjudication of the merits of the claims. Claimants simply accepted this forum, rather than "costing" the Parties and the Courts the time and expense which would have been incurred in preparing a Stipulation which would protect the shipowner's rights in the limitation action, presenting the Stipulation and a Motion to Lift Stay to this Court, and then having one or more of the other Baltimore Federal Courts "get up to speed" on the case.

If, however, Limitation Plaintiffs believe their assertion is accurate because of the "in this forum" caveat, then Limitation Plaintiffs are simply trying to be clever and play word games. Whether Claimants had filed in state court *or* in another federal court (even in the same district and

3

division), the analysis would still be the same: If Claimants want to go the "other" court, they are entitled to do so under the Savings to Suitors clause and the governing case law. [citations omitted as they are contained in the prior submissions]

In short, Claimants have attempted to cooperate with the Limitation Plaintiffs and increase the efficiency of this litigation by not exercising their rights to do otherwise. Instead of appreciating the courtesy, Limitation Plaintiffs would have this Court believe that the Claimants have now assented to *all* of Limitation Plaintiffs' suggestions for the conduct of this litigation. This is wrong, and it is clearly in the best interests of the Court and (most of) the Parties that Claimant-Gonzales stand up and say so.

In this regard, Claimant-Gonzales also opposes Limitation Plaintiffs' case management proposals for the following reasons:

(1) Though Limitation Plaintiffs clearly regard this as nothing more than big property claim, it is much more than that and this Court should not be tempted to "streamline" this case by summarily dismissing Claimant-Gonzales from the litigation. Her attorney may be a "thorn in the side" of Limitation Plaintiffs, but it is only because Claimant-Gonzales has been treated by the Limitation Plaintiffs as nothing more than an unfortunate casualty of doing business. For that reason, and based upon the evidence submitted by Claimant-Gonzales in opposition to summary judgment, Claimant-Gonzales anticipates the Court will yet keep her "in the mix" as the "big claims" mediate and/or try their cases.

(2) Since the procedure proposed by Limitation Plaintiffs is starting to look more and more like a normal jury trial, see, *Limitation Plaintiff's Memo*, p. 12-14, a jury should be impaneled from the beginning. Though Limitation Plaintiffs would no doubt like to keep the facts of

this case away from the jury deciding damages, that is simply not how it is done. If Claimant-Gonzales is entitled to a jury trial, the Limitation Plaintiffs well know that the right is not limited to damages only. The suggestion made by Limitation Plaintiffs is telling: Limitation Plaintiffs *really* want the Court to dismiss Claimant-Gonzales from this litigation precisely because a jury *will* get to hear what happened here . . . not because they actually believe it is just, right or legal to remove her claims from this case.

## PRAYER

WHEREFORE, Claimant-Gonzales respectfully requests that the Court deny the relief requested by Limitation Plaintiffs herein, and in all respects deny summary judgment.

Respectfully submitted,

/s/
R. Blake Brunkenhoefer (S.D.Tex. #15559)*
BRUNKENHOEFER & ASSOCIATES, P.C.
1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
(361) 888-6655
Fax (361) 888-5855
bbrunk@gulfattorneys.com
(* Admitted Pro Hac Vice)

/s/
W. Charles Bailey, Jr. (#23580)
SIMMS SHOWERS, LLP
Suite 702
20 South Charles Street
Baltimore, Maryland 21201
(410) 783-5795
Fax (410) 783-1368
wcbailey@simmsshowers.com

## **CERTIFICATE OF SERVICE**

I, R. Blake Brunkenhoefer, do hereby certify that a true and correct copy of the above and foregoing document was served via e-mail notification from the District Court upon:

M. Hamilton Whitman, Jr.
OBER, KALER, GRIMES
& SHRIVER, P.C.
120 E. Baltimore Street
Baltimore, MD 21202
**(VIA E-MAIL &/OR FAX)**

James D. Skeen
SKEEN & KAUFFMAN
& SKEEN, L.L.P.
800 N. Charles Street
Baltimore, MD 21201
**(VIA E-MAIL &/OR FAX)**

Jeffrey J. Asperger
Erin Walz
ASPERGER CARAHER, L.L.C.
Three Illinois Center
303 East Wacker Drive, Suite 1000
Chicago, Illinois 60601
**(VIA E-MAIL &/OR FAX)**

Bernard J. Sevel
ARNOLD, SEVEL & GAY, P.A.
Two N. Charles Street, Suite 560
Baltimore, MD 21201
**(VIA E-MAIL &/OR FAX)**

Robert G. Clyne
HILL, RIVKINS & HAYDEN, L.L.P.
45 Broadway, Suite 1500
New York, NY 10006-3739
**(VIA E-MAIL &/OR FAX)**

James W. Bartlett, III
SEMMES, BOWEN & SEMMES
250 W. Pratt Street, 16th Floor
Baltimore, MD 21201-2423
**(VIA E-MAIL &/OR FAX)**

Francis J. Gorman
GORMAN & WILLIAMS
Two N. Charles Street, Suite 750
Baltimore, MD 21201
**(VIA E-MAIL &/OR FAX)**

W. Charles Bailey, Jr.
SIMMS SHOWERS, L.L.P.
20 S. Charles St., Suite 702
Baltimore, MD 21201-3291
**(VIA E-MAIL &/OR FAX)**

in accordance with all applicable provisions of the Federal Rules of Civil Procedure, on this the 4th day of January, 2006.

                                                    /s/
                                          R. Blake Brunkenhoefer