IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| THE COMPLAINT OF | | |
| ETERNITY SHIPPING, LTD. AND | * | Civil Action No.: L01CV0250 |
| EUROCARRIERS, S.A. | | |
| FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE OF CLAIMANT TATE & LYLE NORTH AMERICAN SUGARS. INC. TO LIMITATION PLAINTIFFS' MEMORANDUM REGARDING LIMITATION PROCEDURES AND CASE MANGAEMENT

NOW COMES Claimant, TATE & LYLE NORTH AMERICAN SUGARS, INC., by and through its attorneys, ASPERGER ASSOCIATES LLC, and submits the following response to Limitation Plaintiffs' Memorandum Regarding Limitation Procedures and Case Management. Preliminarily, it is inappropriate for Limitation Plaintiffs to submit additional argument on the pending motions under the guise of a "Submission on Case Management." Tate & Lyle will briefly address these improper additional arguments to set the record straight.

**Limitation Plaintiffs' Urging Summary Judgment in Favor of ABS in Order to**

**Streamline the Case Is Inappropriate**

Limitation Plaintiff asserts that granting ABS' Motion for Summary Judgment insofar as it relates to claims against ABS would streamline the case. Although granting motions for summary judgment often streamlines cases, this alone is not a basis for granting such a motion. Limitation plaintiffs have supported Summary Judgment in favor of ABS for one simple reason: they have an indemnity agreement with ABS which requires Limitation Plaintiffs to indemnify ABS for any damages in this lawsuit. Thus, even if Limitation Plaintiffs could prove limitation,

which is a burden they cannot overcome given the facts of this case, they will be fully exposed through any liability on the part of ABS, which is why the two parties have been collaborating throughout this litigation.

### Tate & Lyle's Operation of its Shore Crane Neither Caused nor Contributed to the Scope of the Casualty

The undisputed facts establish that the Leon I was berthed at Tate & Lyle's pier for bulk sugar discharge operations. Tate & Lyle's shoreside gantry crane was where it was supposed to be doing what it was supposed to do---discharging from Hatch 6. The ship's officers, with complete privity and knowledge of the owners, commenced maintenance and cleaning operations in the next hatch aft, Hatch 6A. They utilized a retrofitted crane for which the ship was never designed. The luffing wire of ship's crane #4 parted causing the crane to collapse **onto** the Tate & Lyle crane causing its collapse and related damages, as well as the deaths of the two Leon I crewmembers. (Exhibit A, Hislop at 229, Cantey Dep. at 26-28). Limitation Plaintiffs' continual reference to both cranes working in the same hold is misleading. This common hold was accessed through two separate and distinct hatches, and the ship's personnel were suspended **above** the hold, at the aft coaming of Hatch 6A, more than fifty feet from the aft edge of Hatch 6, chipping sugar from the coaming, which is the bulwark around the hatch opening. Cranes properly fitted to a ship designed to accommodate them would have had sufficient clearance so that the boom could not have come into contact with Tate & Lyle's properly positioned crane, more than an entire hatch opening away..

Cranes do not collapse absent negligence or unseaworthiness, and Limitation Plaintiffs have admitted as much in their Memorandum: "there is no evidence that Tate & Lyle's negligence in any way caused the ship's crane to collapse…" It is therefore indisputable that the

very collapse of ship's crane #4 shifts the burden to Limitation Plaintiffs to prove there was no design, neglect, privity or knowledge on their part such that they would be entitled to limit their liability. *Lewis v. Lewis & Clark Marine, Inc.* 531 U.S. 438, 2001 A.M.C. (2001). As Limitation Plaintiffs' Memorandum further notes: "The shipowner is chargeable with knowledge of acts or events or conditions of unseaworthiness that could have been discovered through reasonable diligence." *Empressa Lineas Maritimas Argentinas, S.A. v United States*, 1984 A.M.C. 1698, 1700, 730 F.2d 153, 155 (4th Cir. 1984).

In their Memorandum, Limitation Plaintiffs argue that operation of T&L's crane in Hatch 6 was somehow improper and negligent. They have it backwards. The ship was alongside **for cargo discharge operations, not for ship's maintenance,** and Limitation Plaintiffs have not offered and cannot offer any evidence that the cargo discharge operations did not take precedence over and were paramount to the ship's maintenance and cleaning operations. Tate & Lyle's crane was where it was supposed to be, the ship's crane was not. The duty to establish otherwise, and the shifted burden of proving that the Limitation Plaintiffs did not have privity and knowledge, is solely and squarely on Limitation Plaintiffs. The unrefuted evidence and the records establish that the Leon I was not designed to accommodate the ill-maintained, 29-year old, retrofitted cranes. The owners supplied the cranes and the workbasket to perform the maintenance and cleaning operations which were being conducted under the direction and supervision of the ship's officers and the Master at the time of the incident. The Master and ship's officers were the agents of the owners for purposes of privity and knowledge.

Limitation Plaintiff's Palsgrafian attempt to establish a duty and contributory fault on the part of T&L is akin to arguing that a roadside utility pole is contributorily at fault when it is

3

struck by a negligently operated vehicle which leaves the roadway. Limitation Plaintiffs cannot establish such a duty or burden.

### Order of Proof

Limitation Plaintiffs' tactics are a transparent attempt to distract the Court from the clear issues before it. Indeed, Limitation Plaintiffs' Memorandum supports what Tate & Lyle and Gonzales have been representing to this Court---Limitation actions are very difficult to sustain, and Limitation Plaintiffs have no facts or evidence sufficient to overcome their substantial burden. Tate & Lyle has no objection to proceeding with its proof first, even though the burden has already shifted to Limitation Plaintiffs to establish lack of privity and knowledge. The case can be streamlined because Limitation Plaintiffs have not established that Tate & Lyle owed any legal duty, under the circumstances, to Limitation Plaintiffs, and as a matter of law, there is no viable claim for comparative fault. That issue can be summarily removed by the Court at this stage, rather than go through the time and expense of further argument, if the Court sees fit. Tate & Lyle is prepared to respond to any additional issues the Court may raise.

ASPERGER ASSOCIATES LLC

_____/s/_____

Jeffrey J. Asperger

Jeffrey J. Asperger
ASPERGER ASSOCIATES LLC
303 East Wacker Drive, Suite 1000
Chicago, Illinois 60601
(312) 856-9901

4

## CERTIFICATE OF SERVICE

I, Jeffrey J. Asperger, do hereby certify that a true and correct copy of the above and foregoing document was served via e-mail notification from the District Court and in the manner indicated upon:

Bernard S. Sevel, Esq.
ARNOLD, SEVEL & GAY, P.A.
The B&O Building, Suite 560
2 N. Charles Street
Baltimore, Maryland 21201
*Attorneys for Claimant Robert J. Cantey*
*and Claimant William Langeville*

James D. Skeen, Esq.
WRIGHT, CONSTABLE & SKEEN, L.L.P.
One Charles Center, 16th Floor
100 North Charles Street
Baltimore, Maryland 21201
*Attorneys for Claimant Robert J. Cantey,*
*William Langeville and*
*Tate & Lyle North American Sugars, Inc.*

Francis J. Gorman, P.C.
GORMAN & WILLIAMS
2 North Charles Street
Baltimore, Maryland 21201-3754
*Attorneys for*
*Louis Dreyfus Sugar Company*

R. Blake Brunkenhoefer, Esq.
BRUNKENHOFER & REYNA, P.C.
1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
*Attorneys for Claimant Josefina Gonzales*

W. Charles Bailey, Jr., Esq.
SIMMS SHOWERS LLP
20 South Charles Street, Suite 702
Baltimore, Maryland 21201
*Attorneys for Claimant Josefina Gonzales*

M. Hamilton Whitman, Jr.
Eric M. Veit
Charles Diorio
OBER, KALER, GRIMES & SHRIVER
120 East Baltimore Street
Baltimore, MD 21202-1643
*Attorneys for Eternity Shipping*

James W. Bartlett, III, Esq.
Alexander M. Giles
SEMMES, BOWEN, & SEMMES, P.C.
250 West Pratt Street, 16th Floor
Baltimore, MD 21201-2423
*Attorneys for American Bureau of Shipping*

Robert G. Clyne, Esq.
James A. Saville
HILL, RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
*Attorneys for American Bureau of Shipping*

in accordance with all applicable provisions of the Federal Rules of Civil Procedure, on this 5th day of January, 2006.

_____/s/_____
Jeffrey J. Asperger