Republic of the Philippines )
City of Iloilo ) S. S.
X - - - - - - - - - - - - - - - - - - - X

# AFFIDAVIT

I, **VON LOVEL D. BEDONA**, of legal age, Filipino Citizen and a resident of Bankers Village VI, Dungon B, Jaro, Iloilo City, Philippines after having been duly sworn in accordance with law, depose and state:

1. That I am a lawyer by profession and the Managing Partner of BEDONA BEDONA CABADO ALIM AND ENDONILA LAW OFFICES based in Iloilo City, Philippines, and I am qualified to make the statements herein;

2. That our firm is engaged in the general practice of law in the Philippines and for several times in the past its services were engaged to act as counsel of the seafarers or members of their families for cases filed with the Regional Arbitration Branches of the National Labor Relations Commission (NLRC);



3. That I personally handled the cases involving the claims of seafarers or members of their families referred to our firm and filed with the Regional Arbitration Branches of the National Labor Relations Commission and I have the direct supervision of similar cases handled by my partners and associates;

4. That one of the cases our law firm successfully handled is the case entitled "JOSEFINA M. GONZALES, complainant, versus BRIGHT MARITIME CORPORATION and ETERNITY SHIPPING LTD., respondents" filed with Sub-Regional Arbitration Branch VI of the National Labor Relations Commission in Iloilo City, Philippines on March 16, 2001 and docketed as SRAB NLRC CASE NO. OFW (M) 01-03-0014;

5. That the above-described case was decided by Executive Labor Arbiter Oscar S. Uy of the NLRC on August 30, 2001 and the dispositive portion of the decision reads:

2

> "WHEREFORE, respondents are hereby ordered to pay complainant the compensation benefits due her in the amount of US$50,000.00 plus ten (10) percent of the total amount as attorneys fee, within ten (10) days from receipt hereof. All other claims are hereby dismissed for lack of merit."

6. That BRIGHT MARITIME CORPORATION and ETERNITY SHIPPING LTD. appealed the decision of the Labor Arbiter to the National Labor Relations Commission (NLRC) – Fourth Division and on March 14, 2002 the NLRC rendered a decision and the dispositive portion reads:



> "WHEREFORE, the assailed decision is AFFIRMED as discussed, with the clarification that respondents are directed to pay complainant the death benefits of her deceased son in the amount of US$50,000.00 without requiring her to execute general waiver.

> "The award for attorney's fees of ten percent (10%) thereof is also AFFIRMED as complainant was forced to litigate to enforce her right under the contract."

7. That BRIGHT MARITIME CORPORATION and ETERNITY SHIPPING LTD. did not elevate the above-stated case to the Court of Appeals or to the Supreme Court of the Philippines and, after the decision of the National Labor Relations Commission became final and excutory, they paid our client the total amount of US$55,000.00;

8. That because the decision of the NLRC clearly states that BRIGHT MARITIME CORPORATION and ETERNITY SHIPPING LTD. should pay Josefina Gonzales the death benefits of her son without requiring her to execute general waiver, there had been no general or specific waiver of her rights executed or signed by our client, Josefina Gonzales, in the Philippines in favor of BRIGHT MARITIME CORPORATION and ETERNITY SHIPPING LTD. or any of their agents and representatives because of the expressed desire of our client to file a civil action in United States of America based on tort;

3

9. That based on my personal knowledge and information, the decision of Executive Labor Arbiter Oscar S. Uy rendered on August 30, 2001 and the decision of the NLRC rendered on March 14, 2002 came after Mrs. Josefina Gonzales filed a civil action in United States of America based on tort;

10. That for my preparation and research to successfully secure favorable decision in the above-described case, I was able to secure and read several Department Orders issued by the Department of Labor and Employment in the Philippines as well as the Memorandum Circulars issued by the Philippine Overseas Employment Administration in the Philippines;

11. That one of the important Department Orders issued by the Department of Labor and Employment in the Philippines which I have read is the Department Order No. 33, Series of 1996 and a true copy duly certified by the authorized personnel of the Regional Office of the Department of Labor and Employment in Iloilo City, Philippines is attached to my affidavit as Annex "A";



12. That I have read POEA Memorandum Circular No. 55 Series of 1996 addressed to "ALL LICENSED MANNING AGENCIES AND FILIPINO SEAFARERS" and the subject is "REVISED STANDARD EMPLOYMENT TERMS AND CONDITIONS GOVERNING THE EMPLOYMENT OF FILIPINO SEAFARERS ON BOARD OCEAN-GOING VESSELS" and Paragraph No. (1.) of the memorandum Circular No. 55 Series of 1996 states:

5

17. That a certified true copy of the Department Order No. 04-00 which was issued by the Regional Office of the Department of Labor and Employment in Iloilo City, Philippines is attached in this affidavit as Annex "C";

18. That as clearly stated in Department Order No. 04-00, the "REVISED STANDARD TERMS AND CONDITIONS GOVERNING THE EMPLOYMENT OF FILIPINO SEAFARERS ON-BOARD OCEAN-GOING VESSELS" being referred by the Department of Labor and Employment Department Order No. 33, Series of 1996 and POEA Memorandum Circular No. 55, Series of 1996 was amended and to show the specific amendment, Section 20 of Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels now provides the two (2) additional paragraphs (F and G) which state:



"F. When requested, the principal shall furnish the seafarer a copy of all pertinent medical reports or any records at no cost to the seafarer.

"G. The seafarer or his successor in interest, acknowledges that payment for injury, illness, incapacity, disability or death of the seafarer under this contract shall cover all claims arising from or in relation with or in the course of the seafarer's employment, including but not limited to damages arising from the contract, tort, fault or negligence under the laws of the Philippines or any other country."

19. That paragraph "G" of Section 20 of Amended Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels has reference to the coverage of the payment for injury, illness, incapacity, disability or death of the Filipino seafarers as provided in number one (1), of Section 20(A) which reads:

"A.    COMPENSATION AND BENEFITS FOR DEATH
1. In case of death of the seafarer during the term of his contract, the employer shall pay his beneficiaries the Philippine Currency equivalent to the amount of Fifty Thousand US

*dollars (US$50,000) and an additional amount of Seven Thousand US dollars (US$7,000) to each child under the age of twenty-one (21) but not exceeding four (4) children, at the exchange rate prevailing during the time of payment."*

20. That Section 20(G) appears to include the claims of the seafarer's successor in interest based on *tort, fault or negligence under the laws of the Philippines or any other country* in the payment of Fifty Thousand US dollars (US$50,000.00) as provided in the Section 20(A), the effect of which is a limitation to the right of seafarer's successors in interest to claim any amount of money exceeding US$50,000.00;

21. That the insertion of Section 20(G) in the Amended Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels was basically intended to peg, confine and limit all the claims of the seafarer's successors in interest as well as the liability of the shipping companies and their manning agents to only US$50,000.00 in case of death of seafarer regardless of the cause of death, and this limitation of money claim and liability to US$50,000.00 in case of death of Filipino seafarer was not provided in the Revised Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels that was clearly specified in Philippine Department of Labor and Employment Order No. 33 Series of 1996 and Philippine Overseas Employment Administration Memorandum Circular No. 55, Series of 1996 that took effect on January 1, 1997;



22. That my continuing research pertaining to the employment of Filipino seafarers and specific provisions of the law on their privileges and benefits has led me to the discovery of the existence of POEA Memorandum Circular No. 11, Series of 2000 dated September 12, 2000 with the following subject:

*"Temporary Restraining Order on Certain Amendments of the Revised Terms and Conditions Governing the Employment of Filipino Seafarers on board Ocean-Going Vessels"*

7

23. That Paragraphs Numbers (1) and (2) of POEA Memorandum

7

23. That Paragraphs Numbers (1.) and (2.) of POEA Memorandum Circular No. 11, Series of 2000 provide:

   *"Section 20, Paragraphs (A), (B) and (D) of the former Standard Terms and Conditions Governing the Employment of Filipino Seafarers on board Ocean-Going Vessels, as provided in DOLE Department Order No. 33, and POEA Memorandum Circular No. 55, both Series of 1996 shall apply in lieu of Section 20 (A), (B) and (D) of the Revised version; 2. The implementation of Section 20 (E) and (G) of the Revised Terms and Conditions is hereby suspended."*

24. That a copy of POEA Memorandum Circular No. 11, Series of 2000 which was certified as a true copy by Rhea Glynda D. Calantas, OIC, POEA REU 6, Iloilo City, Philippines is attached to this affidavit as Annex "D";

25. That if Section 20(G) of the Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels was not a major amendment with respect to the rights of Filipino seafarers or their successors in interest the same would not have been subjected to a temporary restraining order issued by the Supreme Court and spelled out in POEA Memorandum Circular No. 11, Series of 2000;

26. That my office file for "JOSEFINA M. GONZALES versus BRIGHT MARITIME CORPORATION and ETERNITY SHIPPING LTD." shows that Juan M. Gonzales, Jr. executed an employment contract with Bright Maritime Corporation and Eternity Shipping Ltd. on January 14, 2000 and Juan M. Gonzales, Jr. died on July 29, 2000 while his employment contract was still valid and existing;

27. That based on the foregoing Department Orders issued by the Department of Labor and Employment in the Philippines and Memorandum Circulars issued by the Philippine Overseas Employment Administration in the Philippines, the Employment Contract executed by Juan M. Gonzales, Jr. and Desiree P. Tenorio representing Bright Maritime Corporation and Eternity Shipping Limited on January 14, 2000 was covered by Department Order

8

No. 33, Series of 1996 and POEA Memorandum Circular No. 55, Series of 1996 which do not provide for the following:

*"G. The seafarer or his successor in interest, acknowledges that payment for injury, illness, incapacity, disability or death of the seafarer under this contract shall cover all claims arising from or in relation with or in the course of the seafarer's employment, including but not limited to damages arising from the contract, tort, fault or negligence under the laws of the Philippines or any other country."*

28. That I am personally aware of the civil action filed by Josefina Gonzales with the United States District Court for the District of Maryland, Northern Division based on tort and in connection with the pending case in United States, I was asked by her counsel, R. Blake Brunkenhoefer to comment on the "SECOND SUPPLEMENTAL AFFIDAVIT" executed by Ruben T. del Rosario on December 16, 2005 with the attached certified true copy of Annex "A" to POEA Memorandum Circular No. 55 Series of 1996;

29. That I confirm that the Annex "A" to POEA Memorandum Circular No. 55 Series of 1996 that was attached by Ruben T. del Rosario in his supplemental affidavit appears to be the true and faithful reproduction of the original copy which I also read based on the materials provided to me by the Philippine Department of Labor and Employment;

30. That I was also asked to provide information with regard to the extent of the jurisdiction of the National Labor Relations Commission in the Philippines and the information I wish to provide would address provisions of the Philippine labor law, as follows:

30.1. Article 217 of the Labor Code of the Philippines provides:
"*ARTICLE 217. Jurisdiction of Labor Arbiters and the Commission.* — (a) Except as otherwise provided under this Code, the Labor Arbiters shall have the original and exclusive jurisdiction to hear and decide, within thirty (30) calendar days

9

> *after the submission of the case by the parties for decision without extension, even in the absence of stenographic notes, the following cases involving all workers, whether agricultural or non-agricultural:*
>
> *(1) Unfair labor practice cases;*
> *(2) Termination disputes;*
> *(3) If accompanied with a claim for reinstatement, those cases that workers may file involving wages, rates of pay, hours of work and other terms and conditions of employment;*
> *(4) Claims for actual, moral, exemplary and other forms of damages arising from the employer-employee relations;*
> *(5) Cases arising from any violation of Article 264 of this Code, including questions involving the legality of strikes and lockouts; and*
> *(6) Except claims for employees compensation, social security, medicare and maternity benefits, all other claims arising from employer-employee relations, including those of persons in domestic or household service involving an amount exceeding five thousand pesos (P5,000), whether or not accompanied with a claim for reinstatement.*
> *(b) The Commission shall have exclusive appellate jurisdiction over all cases decided by Labor Arbiters.*
> *(c) Cases arising from the interpretation or implementation of collective bargaining agreements and those arising from the interpretation or enforcement of company personnel policies shall be disposed by the Labor Arbiter by referring the same to the grievance machinery and voluntary arbitration as may be provided in said agreements."*



30.2. Section 28 of the Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels provides:

"*SECTION 28. JURISDICTION*

*The Philippine Overseas Employment Administration (POEA) or the National Labor Relation Commission (NLRC) shall have original and exclusive jurisdiction over any all disputes controversies arising out of or by virtue of this Contract.*

*Recognizing the peculiar nature of overseas shipboard employment, the employer and the seafarer agree that all*

*claims arising from this contract shall be made within one (1) year from the date of seafarer's return to the point of hire."*

30.3. Section 10 of Republic Act No. 8042, known as the "Migrant Workers and Overseas Filipinos Act of 1995" approved on June 7, 1995 provides:

*"Money Claims. – Notwithstanding any provision of law to the contrary, the Labor Arbiters of the National Labor Relations Commission (NLRC) shall have the original and exclusive jurisdiction to hear and decide within ninety (90) calendar days after the filing of the complaint, the claims arising out of an employer-employee relationship or by virtue of any law or contract involving Filipino workers for overseas deployment including claims for actual, moral, exemplary and other forms of damages."*



30.4. Under the prevailing law, jurisdiction over claims arising out of any law or contract involving overseas Filipino workers, whether land-based or sea-based, is now vested in the NLRC, pursuant to Section 10 of Republic Act No. 8042, otherwise known as the "Migrant Workers and Overseas Filipinos Act of 1995," which took effect on July 15, 1995. *(Norma Hermogenes vs. Osco Shipping Services, Inc., G.R. 141505, Aug. 18, 2005)*

31. That no express provisions of the Labor Code of the Philippines, Migrant Workers and Overseas Filipinos Act of 1995 and Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels exclusively confine upon the Labor Arbiter and the NLRC original jurisdiction to hear and decide *tort cases*;

32. That *tort cases* are litigated, heard and decided by the regular courts in the Philippines, applying the Philippine Rules of Court;

33. That I have been in the practice of law in the Philippines since June, 1987, was appointed Presidential Consultant on Labor Affairs by the President of the Republic of the Philippines on November 13, 1998, was a professor of labor law since 1989, and

11

was exposed to many labor cases involving both Philippine based workers and overseas contract workers;

34. That in my entire experience in the practice of law, I have not encountered or come to know any case filed before the NLRC or any of its arbitration branches with tort as the main cause of action and that I have no knowledge of any case heard and decided by the Labor Arbiter or the NLRC with tort as a cause of action;

35. That there is no law in the Philippines that prohibits any Filipino seafarer or his successor in interest to initiate and file an action based on tort in any of the foreign courts or jurisdiction, most especially when the incident upon which the tort case was filed occurred outside the Philippine territory;

36. That there have been many cases that were filed, litigated and decided by the foreign courts involving the money claims of Filipino overseas workers or their successors in interest based on tort;

37. That I execute this affidavit to attest to the truth of the foregoing allegations and to prove the existence and authenticity of the Department Orders issued by the Philippine Department of Labor and Employment and Philippine POEA Memorandum Circulars herein mentioned and specified for reference.

IN WITNESS WHEREOF, I have hereunto set my hand this 13th day of January 2006 at Iloilo City, Philippines.

VON LOVEL D. BEDONA
Affiant

12

SUBSCRIBED AND SWORN to before me this 13th day of January 2006 at Iloilo City, Philippines, affiant exhibiting to me his Community Tax Certificate No. 19245767 issued at Iloilo City on January 11, 2006.

*Aila Rae B. Endonila*
**AILA RAE B. ENDONILA**
Notary Public
Until December 31, 2006
PTR 1980301
Issued at Iloilo City, Philippines
Issued on January 10, 2006

Doc. No. 274;
Page No. 56;
Book No. X;
Series of 2006.

Received Fax : Jan 13 2006 9:36 Fax Station : HP LASERJET FAX p. 9
Case 1:01-cv-00250-BEL   Document 168-2   Filed 01/14/2006   Page 12 of 16

FROM : FEM BEDONA         PHONE NO. : 212 5323768        DEC. 12 2005 04:06PM P8

FAX NO. : 7268953        Jan. 10 2006 03:01PM P1

ANNEX "A"
AFFIDAVIT

REPUBLIC OF THE PHILIPPINES
DEPARTMENT OF LABOR AND EMPLOYMENT
MANILA

Attn: Mari

Fax: (033) - 3208026

P.O.E.A.
RECEIVED
BY: ___
DATE: DEC 18 19__
TIME: 3:20 PM

DEPARTMENT ORDER NO. 33
Series of 1996

In view of recent changes in international policies for the recruitment and employment of Filipino seafarers on board ocean-going vessels, and following a series of consultation meetings among representatives of shipmanning associations, seamen's organizations, NGO's and other government agencies, the existing Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels is hereby revised.

The POEA shall formulate guidelines for the implementation of the new contract which shall form part of this Order and which shall be effective by 01 January 1997.

All Orders and issuances which are inconsistent herewith are hereby repealed and superseded.

LEONARDO A. QUISUMBING
Secretary

CERTIFIED TRUE MACHINE COPY

FILOMENO S. SONZA
CHIEF LEO

12 December 1996

DISSEMI____

ANNEX "B"



**Philippine Overseas Employment Administration**

Republic of the Philippines
Department of Labor & Employment AFFIDAVIT

POEA Bldg., Ortigas Avenue cor. EDSA, Mandaluyong City, 1501
P.O. Box 4061/Telex: 42472 POEA PM
Tel.: 722-1142 to 99



MEMORANDUM CIRCULAR NO. 55
Series of 1996

TO : ALL LICENSED MANNING AGENCIES AND FILIPINO SEAFARERS

SUBJECT: REVISED STANDARD EMPLOYMENT TERMS AND CONDITIONS GOVERNING THE EMPLOYMENT OF FILIPINO SEAFARERS ON BOARD OCEAN-GOING VESSELS

---

Pursuant to Department Order No. 33, Series of 1996, and upon the recommendations of the Seabased Tripartite Technical and Consultative Committee, the following guidelines on the revised Standard Employment Contract Governing the Employment of Filipino Seafarers on Board Ocean-Going Vessels is hereby issued:

1. The attached revised employment terms and conditions governing the overseas employment of Filipino seafarers (Annex A) shall be effective on 01 January 1997 and after publication in a newspaper of general circulation.

It is reiterated that the terms and conditions provided in this revised employment contract are the minimum requirements acceptable to POEA for the overseas employment of a Filipino seafarer. The parties to an employment of a seafarer may therefore improve on these minimum terms and conditions provided such improvements shall be made in writing and appended to this contract and submitted to POEA for processing and approval. Moreover, such improvements should have prospective application.

CERTIFIED TRUE COPY:

RHEA GLYNDA D. CALANTAS
OIC, POEA REU 6, Iloilo City

2. The new schedule of benefits shall apply to any Filipino seafarer that will be deployed on or after the effectivity of this Circular.

3. All manning agencies are directed to advise all their principals in all vessels on the revised employment terms and conditions and to enjoin the highest Filipino officer to have a copy of the revised contract and discuss with his crew.

4. Discussions on the new employment terms and conditions should be incorporated in the Pre-Departure Orientation Seminars being conducted by the manning agencies.

For strict compliance.

FELICISIMO O. JOSON, JR.
Administrator

16 December 1996

CERTIFIED TRUE COPY
RHEA OLYNDA D. CALANTAS
OIC, POEA/REU 6, Iloilo City

FROM : FEM BEDONA    PHONE NO. : 212 5323768    DEC. 12 2005 04:08PM P11
FROM : ROCO    FAX NO. : 7268953    Jan. 10 2006 03:01PM P2

ANNEX "C"
AFFIDAVIT

**Republic of the Philippines**
**DEPARTMENT OF LABOR AND EMPLOYMENT**
Intramuros, Manila

DEPARTMENT ORDER NO. 4
Series of 2000

In view of recent developments in the international maritime industry affecting the recruitment and employment of Filipino seafarers on ocean-going vessels and cognizant of the Department's objective of ensuring the continued employment of our seafarers and maintaining the Philippine global comparative advantage in shipmanning, the Standard Terms and Conditions Governing the Employment of Filipino Seafarers On Board Ocean-Going Vessels is hereby amended reflecting the consensus of all the stakeholders as determined through the several tripartite consultations conducted by the Philippine Overseas Employment Administration.

The Philippine Overseas Employment Administration (POEA) shall formulate the guidelines for the implementation of the amended contract, a copy of which is hereto attached.

The amended rules shall take effect fifteen (15) days from date of publication in a newspaper of general circulation.

All Orders and issuances inconsistent herewith are hereby repealed and superseded accordingly.

For strict compliance.

BIENVENIDO E. LAGUESMA
Secretary

CERTIFIED TRUE MACHINE COPY

FILOMENO S. SONZA
CHIEF LEO

Manila, 31 May 2000

FROM : FEM BEDONA    PHONE NO. : 212 5323768    DEC. 12 2005 04:08PM P12
FAX NO. :



**Philippine Overseas Employment Administration**

Republic of the Philippines
Department of Labor & Employment

POEA Bldg., Ortigas Avenue Cor. EDSA, Mandaluyong City 1501
P.O. Box 175 Greenhills, San Juan, Metro Manila
Tel. 722-1142 to 99 · Fax # 724-3724

MEMORANDUM CIRCULAR No. __44__
Series of 2000

ANNEX "D"
AFFIDAVIT

To           :  ALL CONCERNED

Subject      :  Temporary Restraining Order on Certain Amendments of the Revised Terms and Conditions Governing the Employment of Filipino Seafarers on board Ocean-Going Vessels

Date         :  12 September 2000

In view of the Temporary Restraining Order issued by the Supreme Court in a Resolution dated 11 September 2000 on the implementation of certain amendments of the Revised Terms and Conditions Governing the Employment of Filipino Seafarers on board Ocean-Going Vessels as contained in DOLE Department Order No. 04 and POEA Memorandum Circular No. 09, both Series of 2000, please be advised of the following:

1. Section 20, Paragraphs (A), (B) and (D) of the former Standard Terms and Conditions Governing the Employment of Filipino Seafarers on board Ocean-Going Vessels, as provided in DOLE Department Order No. 33, and POEA Memorandum Circular No. 55, both Series of 1996 shall apply in lieu of Section 20 (A), (B) and (D) of the Revised version ;

2. The implementation of Section 20 (E) and (G) of the Revised Terms and Conditions is hereby suspended.

This Memorandum Circular shall take effect immediately.

CERTIFIED TRUE COPY:

_(signed)_                                    _(signed)_
RHEA GLYNDA D. CALANTAS          REYNALDO A. REGALADO
OIC, POEA REU 6, Iloilo City         Administrator