

Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

M. Hamilton Whitman, Jr.
mhwhitman@ober.com
410-347-7354

Offices In
Maryland
Washington, D.C.
Virginia

August 22, 2006

BY ELECTRONIC FILING
The Honorable Benson E. Legg
United States District Court
for the District of Maryland
Third Floor, Room 340
101 W. Lombard Street
Baltimore, MD 21201

  Re: In the Matter of the Complaint of Eternity Shipping Ltd., et al.
     for Exoneration from or Limitation of Liability
     Civil Action No.: L-01-CV-0250

Dear Judge Legg:

  We have received Mr. Asperger's letter of August 17, 2006. On behalf of the Limitation Plaintiffs, we disagree with the assertion that there is any "finding of fact" in the Court's August 3 Memorandum to be corrected.

  Mr. Asperger's letter on behalf of Tate & Lyle erroneously contends that the Court made "a finding of fact" that is inconsistent with the record. A court deciding a summary judgment motion, however, does not resolve factual disputes or make a determination of any specific facts. "[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (U.S. 1986); *see also* Fed. R. Civ. P. 52(a) ("findings of fact and conclusions of law are unnecessary on decisions of motions under Rule. . . 56").

  Consistent with this understanding of the Court's role at the summary judgment stage, page 16 of the Court's August 3 Memorandum (to which Tate & Lyle's letter refers) is part of the section entitled Factual Background relating to the motion by ABS. No part of that section, or of the Memorandum as a whole, is in any manner denominated as a finding of fact. The Memorandum recites at page 16 that the events which led to the casualty "are not altogether clear from the record," and the discussion of the limit switch is prefaced by the Court's comment that "the parties disagree" as to how the Bosun was



The Honorable Benson E. Legg
August 22, 2006
Page 2

able to raise the jib beyond 78 degrees. This background discussion, self-evidently, does not constitute any finding of fact.

No part of the August 3 Memorandum will be part of the record at any trial of the case, and Tate & Lyle's letter concedes that the supposed finding of fact of which Tate & Lyle complains does not affect the Court's summary judgment rulings. There is simply no need, therefore, for the Court to "correct" anything in the August 3 Memorandum. Should the Court desire to hear further from the parties as to the actual state of the record on summary judgment, however, we will of course respond accordingly.

                                       Respectfully yours,

                                       M. Hamilton Whitman, Jr.

MHWJr/pkp
cc:     All Counsel (by electronic filing)

1839211