UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

August 29, 2006

MEMORANDUM TO COUNSEL RE:   In the Matter of the Complaint of Eternity Shipping, Ltd., *et al.*, for Exoneration from or Limitation of Liability
Civil #L-01-250

Dear Counsel:

I have received Mr. Asperger's August 17th letter. Mr. Asperger states that the Court's August 3rd Memorandum contains a "finding of fact" that "is inconsistent with the uncontradicted evidence" in the case. Specifically, he points to the Court's statement that Bosun Bolita had a key that enabled him to neutralize both the upper and lower limit switches. He claims that this statement is inconsistent with deposition testimony from the ship's electrician (Eugeniusz Warlinski), who apparently testified that the crane operator was not able to bypass the upper limit switch with the key. Although recognizing that this factual dispute does not affect the Court's summary judgment ruling, Mr. Asperger contends that it will likely be an area of contention at trial. He, therefore, asks that "the record be corrected." For the following reasons, the Court disagrees that it made an error or that its Memorandum otherwise needs correcting.

First, in ruling on a summary judgment motion, the Court relies upon the summary judgment record. In its Memorandum, the Court discussed Limitation Plaintiffs' theory that Bosun Bolita used a key to disengage the upper limit switch. In its discussion, the Court cited to deposition testimony, included in the summary judgment record, stating that the ship's bosun has a key that turns off both the upper and lower switches. (See Transcript of Deposition of Stoyan Terziev, Docket No. 76, Ex. I, at 36-38.) The record before the Court did not include the deposition testimony from the ship's electrician to which Mr. Asperger now refers. The Court, therefore, was unaware of the electrician's testimony and notes that Mr. Asperger has yet to provide the Court a copy of that deposition transcript.

Second, the Court does not make "findings of fact" in ruling on a summary judgment motion. Rather, the Court discusses the factual background of the case, based on the deposition testimony and other exhibits submitted by the parties, and determines, based on the record before it, whether a reasonable jury could rule in favor of the claimant. In discussing the cause of the July 29, 2000 accident, the Court explained that the events leading up to the failure of the wire rope and the collapse of the jib were not altogether clear from the record and that the parties disagree regarding how Bosun Bolita was able to raise the jib higher than the upper limit switch allowed. The Court, therefore, made no findings of fact, and the parties are

free to present evidence regarding the cause of the accident at trial.

  Accordingly, the Court DENIES Mr. Asperger's request to "correct" its August 3rd Memorandum.

  Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

           Very truly yours,

             /s/

           Benson Everett Legg

c:  Court file