# BRUNKENHOEFER & NIELSEN, P.C.
*– A Professional Law Corporation –*

---

**R. Blake Brunkenhoefer**
(bbrunk@gulfattorneys.com)
Mobile (361) 563-6655

1770 Tower II
555 N. Carancahua
Corpus Christi, Texas 78478
(361) 888-6655
Fax (361) 888-5855

December 11, 2006

Honorable Benson Everett Legg, *Chief Judge*          **VIA ELECTRONIC FILING**
UNITED STATES DISTRICT COURT
District of Maryland
101 West Lombard Street
Baltimore, MD 21201

  RE: Civil Action No. L–01-CV-0250; *In the Matter of the Complaint of Eternity Shipping, LTD and Eurocarriers, S.A.*; In the United States District Court for the District of Maryland, Northern Division

Dear Judge Legg:

  In connection with the above-referenced cause, and in light of the fact that Court-assisted dispute resolution is set to occur in the near future, Josefina Gonzales and her attorneys respectfully request clarification of the Court's intentions with respect to the pending claims of Josefina Gonzales against the Vessel, not the Employer.

  In its Orders granting the various summary judgment motions against Mrs. Gonzales, the Court determined that Josefina Gonzales could not maintain her cause of action against her son's employer. This was in response to the Limitation Plaintiff's (and, I believe, ABS') suggestion that the POEA contract precluded Claimant's ability to recover wrongful death damages against the Filipino seaman's employer in this Court. While Claimant respectfully disagrees with this interpretation of the relevant maritime law, such is not the point or purpose of this letter. Rather, Claimant simply wishes to point out that her claims against the Vessel and its owner were <u>both</u> *in personam* (i.e., "Jones Act" and general maritime law claims against the employer) and *in rem* (i.e., general maritime law claims against the vessel).

  Mrs. Gonzales' damages claim against the vessel was not adjudicated since the Vessel never filed a motion for summary judgment under Fed. R. Civ. P. 56. (<u>See, e.g.</u>, Wright, Miller & Kane, Federal Practice and Procedure Civil 3d §2719 (1998) ("The appropriate procedure for seeking summary judgment is by making a motion under Rule 56.")) Since the relevant POEA contract (and the subject adjudicated by the Summary Judgment Motions) pertain solely to the terms and conditions of employment, and do not concern the Claimant's rights or remedies against the vessel, Claimant simply wishes to know whether she should participate in the scheduled settlement conference or whether she should wait for a resolution of the limitation action before proceeding with her stayed (but yet pending) suit for damages against the Vessel (i.e., Cause No. L-01-327).

Hon. Benson E. Legg
RE: *Gonzales vs. M/V LEON I (L-01-CV-327)*
December 11, 2006
Page Two

---

                                    Very truly yours,

                                    s/R. Blake Brunkenhoefer

                                    R. Blake Brunkenhoefer

RBB/jdd

cc:
M. Hamilton Whitman, Jr.
OBER, KALER, GRIMES
& SHRIVER, P.C.
120 E. Baltimore Street
Baltimore, MD 21202
**(VIA E-MAIL)**

James D. Skeen
SKEEN & KAUFFMAN
& SKEEN, L.L.P.
800 N. Charles Street
Baltimore, MD 21201
**(VIA E-MAIL)**

Jeffrey J. Asperger
Erin Walz
ASPERGER CARAHER, L.L.C.
Three Illinois Center
303 East Wacker Drive, Suite 1000
Chicago, Illinois 60601
**(VIA E-MAIL)**

Bernard J. Sevel
ARNOLD, SEVEL & GAY, P.A.
Two N. Charles Street, Suite 560
Baltimore, MD 21201
**(VIA E-MAIL)**

Robert G. Clyne
HILL, RIVKINS & HAYDEN, L.L.P.
45 Broadway, Suite 1500
New York, NY 10006-3739
**(VIA E-MAIL)**

James W. Bartlett, III
SEMMES, BOWEN & SEMMES
250 W. Pratt Street, 16th Floor
Baltimore, MD 21201-2423
**(VIA E-MAIL)**

Francis J. Gorman
GORMAN & WILLIAMS
Two N. Charles Street, Suite 750
Baltimore, MD 21201
**(VIA E-MAIL)**

W. Charles Bailey, Jr.
SIMMS SHOWERS, L.L.P.
20 S. Charles St., Suite 702
Baltimore, MD 21201-3291
**(VIA E-MAIL)**