**OBER│KALER**
A Professional Corporation

Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

M. Hamilton Whitman, Jr.
mhwhitman@ober.com
410-347-7354

Offices In
Maryland
Washington, D.C.
Virginia

September 21, 2007

VIA ELECTRONIC FILING

The Honorable Benson Everett Legg
United States District Court
for the District of Maryland
Third Floor, Room 340
101 W. Lombard Street
Baltimore, Maryland  21201

    Re:    Related Actions re: M/V LEON I

        In the Matter of the Complaint of Eternity Shipping Ltd. and
        Eurocarriers, S.A. for Exoneration from or Limitation of Liability
        Civil Action No.: L-01-CV-0250 (the "Limitation Action")

        Tate & Lyle North American Sugars, Inc. v.
        M/V LEON I, etc., *in rem*, *et al.*
        Civil Action No.: L-00-CV-2348 (the "Arrest Action")

        Josefina Gonzales, Individually, and as Personal Representative of
        the Estate and Beneficiaries of Juan Gonzales, Jr., Deceased v.
        Tate & Lyle North American Sugars, Inc., *et al.*
        Civil Action No.: L-01-CV-327 (the "Gonzales Action")

Dear Judge Legg:

    This follows up on my letter of September 14, 2007, in which I advised the Court that the Tate & Lyle claims had been settled. Although the settlement eliminated the need for trial, certain other steps must be taken before these three related (but not consolidated) cases will be finally at an end. With that in mind, the parties propose the following:

    1.    The parties request that the Court enter a 30-day settlement order as to the Tate & Lyle claims in the Limitation Action, and a separate 60-day settlement order as to



The Honorable Benson E. Legg
September 21, 2007
Page 2

the ABS cross-claim against the Limitation Plaintiffs. Proposed forms for those two Local Rule 111 Settlement Orders are filed herewith.

      2.     Your Honor will recall that certain other claims in the Limitation Action had already been settled, as reflected in the Court's Settlement Order dated February 19, 2007. Still other claims in the case were disposed of earlier by the Court's Memorandum and Order dated August 3, 2006, which granted the motion for summary judgment filed by the American Bureau of Shipping (on the claims asserted against it by Tate & Lyle and by Mrs. Gonzales) and granted the motions for summary judgment filed by the Limitation Plaintiffs and by Tate & Lyle (with regard to the claims asserted against them by Mrs. Gonzales). The Court's Order of August 3, 2006 did not adjudicate all of the claims in the case, and the Court did not direct the entry of a final judgment as to any claims at that time. It will now be appropriate for the Court to direct the entry of final judgments as to the claims disposed of by the motions for summary judgment.

      3.     At the commencement of the Limitation Action, the Court entered a Restraining Order (Docket No. 4) pursuant to which Tate & Lyle and Mrs. Gonzales were restrained from pursuing the separate actions which they filed against the vessel interests. The claims asserted by Tate & Lyle in its Complaint in the separate Arrest Action (L-00-CV-2348) are co-extensive with the claims asserted by Tate & Lyle in the Limitation Action. As those claims have been fully settled, it will be appropriate for the Complaint in the Arrest Action to be dismissed. The parties would be content if the Court were to enter a 30-day Settlement Order in that case, as well, unless there is some other administrative mechanism which would be preferable for the formal dismissal of that case on the docket. A proposed form of Local Rule 111 Settlement Order for the Arrest Action is filed herewith.

      4.     The claims asserted by Mrs. Gonzales in her Complaint in the separate Gonzales Action (L-01-CV-327) are co-extensive with the claims asserted by Mrs. Gonzales in the Limitation Action. The summary judgments ordered against Mrs. Gonzales by the Court's Memorandum and Order dated August 3, 2006, constitute *res judicata* as to the claims asserted in the Gonzales Action, so that Action can also be dismissed and a final judgment entered.

      5.     Once the appropriate time periods have run, we will ask the Court to direct that the original *Ad Interim* Stipulation for Value which was filed with the Court on January 29, 2001 be returned to counsel for the Limitation Plaintiffs, for cancellation.



The Honorable Benson E. Legg
September 21, 2007
Page 3

      All Counsel appreciate your Honor's continued attention and consideration in this matter. We are, of course, available should your Honor desire the opportunity to discuss any of the points raised in this letter.

                      Respectfully yours,

                      M. Hamilton Whitman, Jr.

MHWJr:jh
Enclosures

cc:    Jeffrey J. Asperger, Esquire
       James D. Skeen, Esquire
       Robert G. Klein, Esquire
       James A. Seville, Esquire
       James W. Bartlett, III, Esquire
       R. Blake Brunkenhoefer, Esquire
       W. Charles Bailey, Jr., Esquire
       Bernard J. Sevel, Esquire
       Francis J. Gorman, Esquire
       (All via electronic filing)